**Baker Isaacs Capital Group**

477 Madison Ave
Suite #1600
New York, NY 10022
+1 212 257 0737
JDI@bakerisaacs.com

*January 15, 2012*

> Dr. Jeffrey David Isaacs MD, MBA
>     **PLAINTIFF**
> v.
> Dartmouth Hitchcock Medical Center; Dartmouth Medical School; Mary Hitchcock Memorial Hospital; and the Trustees of Dartmouth College
>     **DEFENDANTS**
>
> **United States District Court for the State of Vermont**

I hereby inform you of my intention to seek injunctive relief and other redress in the United States District Court. I am employed as a Resident Physician at DHMC, and also serve as CEO of the Baker Isaacs Capital Group, Inc. Please be advised of the following:

- The pending USDC Complaint will document what I describe as a most twisted scenario devised by Dartmouth Medical School psychiatry professors & DHMC attending physicians. Most egregiously, the evidence will show that Psychiatry professors taunted and manipulated a known traumatic brain injury victim (myself).

- Pursuant to the American Recovery and Reinvestment Act of 2009, Division A, Title XIII, Subtitle D, Section 13405(c) and without delay, I hereby request a certified copy of my eD-H patient audit trail. During my DHMC ED hospitalization on Friday, January 13th 2011, a Department of Psychiatry employee transmitted an email indicating a likely HIPAA breach.

- Based upon reasonable belief that I am unsafe while on Dartmouth premises, I hereby request that General Counsel assume all correspondence from this point forward between myself and the respective entities to whom I request initiate prompt case investigations. These entities include, without limitation, the ADA Disability offices (College/DMS & DHMC), GME Office, Ethics Committee, and JAHCO compliance designees. I feel unsafe on Dartmouth/DHMC

Exhibit I - Intent to File Suit

property after reading Dr. Ebert's "ED Provider Note dated January 13th at 11:03AM." The note contains a seemingly retaliatory *persona non grata* request issued by Dr. William Torrey, Associate Professor of Psychiatry at DMS. In the event I were to require emergency treatment at DHMC, it is clear that care would, at best, be delayed. It should also be noted that Dr. Ebert & Dr. Nordstrom's ED notes contain numerous omissions and inaccuracies.

- I learned of the full context of this pathological scheme at approximately 9:30AM Friday, in a meeting with Associate Professor of Psychiatry Christine Finn. At the conclusion of the meeting, at approximately 9:45AM, Christine Finn made a verbal reference to the DHMC Administrative Leave process; I was never given any formal written notice of action. Finn also stated that "when she was trying to help me [succeed as a resident at DHMC]," she discovered that I had been a surgery resident for six weeks in Arizona. This statement seemed suspicious: in April, I sent a FedEx to DHMC HR with documentation of my brief surgery endeavor. Furthermore, I arranged for and paid processing fees for the expedited transfer of my Arizona Board of Medicine records to the New Hampshire Board of Medicine.

- Per Dr. Nordstrom's ED discharge recommendation, I am arranging intensive outpatient medical care for worsening symptoms. Please allow ample time for response to any queries.

- In order to mitigate damages, I shall be requesting expedited discovery. Pursuant to Rule 34 of the Federal Rules of Civil Procedure, I hereby request that all electronic records relevant to my employment (including GIM/Psych Program Director email/phone logs, Department of Psychiatry internal communications) be immediately audited and preserved.

Please contact me at the telephone number and email address as stated above. My fax is +1 310 564 0432. Please direct all physical correspondence to the following mailbox:

> 3553 West Chester Pike PMB #177
> Newtown Square, PA 19073

*Jeffrey D. Isaacs*

Jeffrey D. Isaacs                    January 15, 2012

Exhibit I - Intent to File Suit