UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

*******************************************
Dr. Jeffrey Isaacs,                        *
                                           *
            Plaintiff,                     *
                                           *
      v.                                   *    Civil No. 1:17-CV-00040
                                           *
Trustees of Dartmouth College,             *
NH Board of Medicine, and                  *
Dartmouth Hitchcock Medical Center.        *
                                           *
            Defendants.                    *
                                           *
*******************************************

**DEFENDANT NEW HAMPSHIRE BOARD OF MEDICINE'S MOTION TO DISMISS**

Defendant New Hampshire Board of Medicine (the "Board"), by and through its counsel, the Office of the Attorney General, hereby moves to dismiss (a) Counts I, II, IV, and VIII of Plaintiff's Complaint on the grounds that they are barred by the Eleventh Amendment, (b) Counts I, II, IV, VI and VIII for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6); and (c) Counts I, II, IV, VI and VIII for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).  In support of its motion, the Board states as follows:

**ALLEGATIONS OF THE COMPLAINT AND RELEVANT BACKGROUND[1]**

1.      Plaintiff is a former medical resident at Dartmouth Hitchcock Medical Center ("DHMC").  The Board is a state agency that issues licenses to persons qualified to practice medicine in New Hampshire, regulates the minimum standards for professional conduct in the field of medicine, and takes disciplinary action against licensees who fail to meet these

---

[1] This is not the first time Plaintiff has pursued litigation arising out of events at issue in his instant complaint.  Additional background is set forth in the decisions and orders dismissing Plaintiff's prior suits.  *See Isaacs v. Dartmouth-Hitchcock Med. Ctr.*, No. 12-cv-040-LM, 2014 U.S. Dist. LEXIS 54183 (D.N.H. Apr. 18, 2014); *Isaacs v. Trs. of Dartmouth Coll.*, No. 13-5708, 2014 U.S. Dist. LEXIS 118046 (E.D. Pa. Aug. 25, 2014), *aff'd*, 608 F. App'x 70 (3d Cir. 2015).

standards.  *See* N.H. Rev. Stat. Ann §§ 329:2, :9, :17.  Plaintiff brings this lawsuit against three defendants and asserts eight claims.  Five of the eight claims are asserted against the Board, and each of those arises out of an adjudicatory and disciplinary proceeding before the Board, which culminated in a reprimand and the revocation of Plaintiff's license.

2.   Plaintiff received his medical degree in 2010 from the American University of the Caribbean.  Compl. ¶ 15.  In May 2011, the Board granted Plaintiff a Resident Training license for the adult psychiatry training program at DHMC.[2]  Compl. ¶¶ 17, 108.  Less than one year later, however, in March 2012, DHMC terminated Plaintiff because he "had not disclosed important items" on his application for admission to the program.  Compl. ¶¶ 55-56, 59, 95-96.  In particular, Plaintiff had failed to disclose that he had been dismissed as a student from the medical school at the University of Southern California.  Compl. ¶ 61.

3.   In March 2012, the Board commenced an investigation to determine whether Plaintiff had engaged in professional misconduct by failing to disclose material facts in his New Hampshire Application for Training License for Residents and Graduate Fellows.  Compl. ¶ 109, Ex. A.  Based on the findings of the investigation, the Board issued to Plaintiff a formal notice that a disciplinary hearing to determine whether Plaintiff had engaged in professional misconduct was scheduled for February 5, 2014.  Compl. ¶ 110.

4.   Approximately one week before the scheduled disciplinary hearing, on January 29, 2014, Plaintiff sent the Board an email, with the subject line "Motion to Stay Hearing or Appear by Teleconference."  Compl. ¶ 111.  The email indicated that Plaintiff had filed a lawsuit against the Board in Pennsylvania and requested a postponement of the hearing.  Compl. ¶ 111; *see also supra* note 1.  Plaintiff also requested that he be allowed to appear at the hearing

---

[2] Resident Training licenses are issued by the Board to persons pursuing post-graduate training in approved health facilities.  N.H. Code Admin. R. Ann. Med 305.04.

telephonically due to "medical reasons." Compl. ¶ 111. According to the complaint, the Board (a) denied the request for postponement, "reasoning that the [Pennsylvania] litigation was not a proper reason to stay the case"; and (b) advised Plaintiff that he "had not provided details of his medical issues and further would not allow him to appear by telephone or videoconference." Compl. ¶ 112.

5. On the morning of the hearing, Plaintiff sent the Board another email, this time indicating that "inclement weather" and a rental car that was "particularly unequipped to drive in poor weather" would prevent him from attending the hearing. Compl. ¶ 113. The hearing went forward as scheduled without Plaintiff in attendance. Compl. ¶ 114. Following the hearing, the Board issued a Final Decision and Order,[3] which included a "severe reprimand" that "damaged [Plaintiff's] career and reputation." Compl. ¶ 123. Plaintiff now takes issue with the Final Decision and Order because he claims that the Board entered it without Plaintiff's "input, presence, or defense, based on misapplication of the facts and a misuse and withholding of the evidence."[4] Compl. ¶ 118.

6. Plaintiff's instant complaint against the Board challenges the above-described adjudicatory/disciplinary proceedings and the Final Decision and Order that followed by asserting the following claims: (a) the Board deprived him of a protected liberty interest in violation of 42 U.S.C. §1983 (Count I); (b) the Board deprived him of due process rights under

---

[3] Plaintiff incorporates by reference into his complaint the Board's Final Decision and Order. *See, e.g.*, Compl. ¶¶ 118, 122-23, 214, 224. A copy of the Board's Final Decision and Order, dated March 11, 2014, is attached hereto as **Exhibit 1**.

[4] Plaintiff appears to contend that it was somehow improper for the Board to consider a "court-approved settlement agreement" between Plaintiff and the Keck School of Medicine of the University of Southern California (*i.e.*, the medical school from which Plaintiff was dismissed) and related disciplinary records that Plaintiff asserts were "sealed" at the time of the Board hearing. Compl. ¶¶ 116-122.

the Fifth and Fourteenth Amendments in violation of 42 U.S.C. § 1983 (Count II)[5]; (c) the Board conspired with DHMC to deprive him of his equal protection rights in violation of 42 U.S.C. § 1985 (Count IV); (d) the Board violated an unspecified provision of the ADA (Count VI); and (e) the Court should grant injunctive relief in the form of "precluding the continued publication of the Board's Final Decision and Order" (Count VIII). Based on these claims, Plaintiff seeks monetary damages against the Board and the injunctive relief described in the preceding sentence.

## ARGUMENT

### I.  STANDARD OF REVIEW

7. To survive a motion to dismiss under Rule 12(b)(6), the plaintiff's complaint must contain sufficient factual matter "'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "In ruling on such a motion, the court must accept as true all well-pleaded facts set forth in the complaint and must draw all reasonable inferences in the plaintiff's favor." *Moore v. Mortgage Elec. Registration Sys.*, 848 F. Supp. 2d 107, 115 (D.N.H. 2012). "The court may consider not only the complaint but also facts extractable from documentation annexed to or incorporated by reference in the complaint and matters susceptible to judicial notice." *Id.* (internal quotations and citations omitted). A complaint that contains only "threadbare recitals of the elements of a cause of action" or that consists of "allegations that merely parrot the elements of the cause of action" may be dismissed. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011).

---

[5] Plaintiff styled Count II as a claim for "Fifth Amendment Due Process Violations," and he appears to seek monetary damages in connection with therewith. *See* Compl. § 150. Presumably Plaintiff intends to bring this claim pursuant to 42 U.S.C. § 1983.

8. Similarly, in deciding a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the court must "accept as true all well-pleaded factual averments in the plaintiff's complaint and indulge all reasonable inferences therefrom in his favor." *Katz v. Pershing, LLC*, 672 F.3d 64, 70 (1st Cir. 2012) (internal quotation marks and citation omitted). Once subject matter jurisdiction is challenged, the burden shifts to the plaintiff to establish that the court's jurisdiction extends to his claims. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

9. For the reasons set forth below, all claims in Plaintiff's Complaint asserted against the Board should be dismissed in their entireties. Counts I, II, IV, and VIII should be dismissed for three independent reasons: (a) on the grounds that they are barred by Eleventh Amendment immunity; (b) for failure to state a claim pursuant to Rule 12(b)(6); and (c) for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). Count VI should be dismissed for two independent reasons: (a) for failure to state a claim pursuant to Rule 12(b)(6); and (b) for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

## II. COUNTS I, II, IV, AND VIII AS AGAINST THE BOARD SHOULD BE DISMISSED BECAUSE THEY ARE BARRED BY THE ELEVENTH AMENDMENT.

10. "The Supreme Court has clearly said that the Eleventh Amendment bars federal suits by citizens against the state or state agencies and that this 'jurisdictional bar applies regardless of the nature of the relief sought.'" *O'Neill v. Baker*, 210 F.3d 41, 47 (1st Cir. 2000) (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)); *see Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Wallace v. State*, Civil No. 09-cv-173-SM, 2009 U.S. Dist. LEXIS 101113, at *7-8 (D.N.H. Sept. 29, 2009) (dismissing section 1983 claim against the New Hampshire Board of Nursing as barred by the

Eleventh Amendment regardless of whether relief sought was equitable or legal); *Bettencourt v. Bd. of Registration in Med.*, 721 F. Supp. 382, 384 (D. Mass. 1989) (dismissing section 1983 and section 1985 claims seeking monetary and injunctive relief against the Massachusetts Board of Registration in Medicine).

11. Here, the Board is a state agency. N.H. Rev. Stat. Ann § 329:2. And New Hampshire has not waived its Eleventh Amendment immunity for actions brought pursuant to 42 U.S.C. § 1983 or 42 U.S.C. § 1985. *See, e.g.*, *Barrett v. Coplan*, 292 F. Supp. 2d 281, 287 (D.N.H. 2003). Accordingly, Plaintiff's claims under section 1983 seeking damages (Counts I and II), Plaintiff's claim under section 1985 seeking damages (Count IV), and Plaintiff's claim under section 1983 and/or section 1985 seeking injunctive relief (Count VIII) are barred by the Eleventh Amendment and should be dismissed.

### III. COUNTS I, II, IV, AND VIII SHOULD BE DISMISSED BECAUSE THE BOARD IS NOT A "PERSON" UNDER 42 U.S.C. § 1983 OR 42 U.S.C. § 1985.

12. Section 1983 states, in pertinent part, that "[e]very *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42. U.S.C. § 1983 (emphasis added). Section 1985(3), the section under which Plaintiff purports to bring his section 1985 claim, provides a cause of action where there is a conspiracy by "two or more *persons*" to deprive another of the equal protection of the laws. 42 U.S.C. § 1985(3) (emphasis added).

13. It is well settled that, because neither states nor state agencies are "persons" within the meaning of section 1983 or section 1985, they may not be sued in actions brought thereunder. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Wang v. New*

*Hampshire Bd. of Registration in Med.*, 55 F.3d 698, 700-01 (1st Cir. 1995); *Johnson v. Rodriguez*, 943 F.2d 104, 108 (1st Cir. 1991); *see also Davis v. Missouri*, 198 F.3d 249 (8th Cir. 1999) (holding that the district court properly dismissed the complaint because the State of Missouri and its agencies are not "persons" under section 1983 and section 1985(3)). Given that Counts I, II, IV, and VIII of Plaintiff's Complaint are claims asserted against the Board, which is a state agency and therefore not a "person" within the meaning of sections 1983 and 1985(3), these claims should be dismissed for failure to state a claim.

### IV. PLAINTIFF FAILS TO ALLEGE ANY SPECIFIC FACTS TO SUPPORT A CLAIM UNDER THE ADA (COUNT VI).

14. In support of his Americans with Disabilities Act (ADA) claim (Count VI), Plaintiff alleges that the Board's actions in requiring "a disabled individual to drive through 8" of snow from Philadelphia [to the disciplinary hearing in New Hampshire] constituted a violation of the ADA," and that the Board should have accommodated Plaintiff by allowing him to appear at the hearing by videoconference. Compl. ¶¶ 199-200. Plaintiff further claims that the Board's alleged failure to "include evidence the Plaintiff had emailed prior to the hearing," as well as its alleged failure to "timely notify Plaintiff of the adverse ruling against him," constitute ADA retaliation. Compl. ¶ 201. Plaintiff does not specify under which title of the ADA he intends as the basis of his claim. It appears, however, that his claims are most appropriately construed as claims under Titles II and V. Even so construed, Plaintiff has failed to state a plausible claim for relief against the Board.

15. Title II of the ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. "To state a claim for a violation of Title II, a plaintiff must allege

(1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities or was otherwise discriminated against; and (3) that such exclusion, denial of benefits, or discrimination was by reason of his disability." *Toledo v. Sanchez*, 454 F.3d 24, 31 (1st Cir. 2006).

16. "In cases where the alleged violation involves the denial of a reasonable modification/accommodation, the ADA's reasonable accommodation requirement usually does not apply unless triggered by a request." *Kiman v. N.H. Dep't of Corrs.*, 451 F.3d 274, 283 (1st Cir. 2006) (internal citations and quotations omitted). Moreover, "[r]equests for accommodation must be express and specific, must provide an agency with notice of the need for an accommodation, and must link the need to a disability." *Phillips v. Toumpas*, Civil No. 10-cv-588-JL, 2011 U.S. Dist. LEXIS 93805, at *9 (D.N.H. June 30, 2011) (citing *Orta-Castro v. Merck, Sharp & Dohme Quimica P.R., Inc.*, 447 F.3d 105, 113 (1st Cir. 2006)).

17. Plaintiff has failed to allege facts sufficient to support a Title II claim. To begin with, Plaintiff has not alleged any specific facts that he has a disability. He alleges merely that he is a "disabled individual." Compl. ¶ 199. Such a threadbare recital of the first element of a Title II claim is insufficient to support the claim. *See Ocasio-Hernandez*, 640 F.3d at 12. As to the third element, Plaintiff makes no plausible factual allegations indicating that disability discrimination factored into the Board's decision to deny Plaintiff's requests to stay the hearing or appear at the hearing by videoconference or telephone. As the Board stated in its Final Decision and Order:

> The Board finds that timely notice had been provided to the [Plaintiff] with regard to the hearing. Here, where [Plaintiff] had over four months to prepare and attend or timely ask for a continuance, his eleventh hour request to stay the proceeding was

> without merit. Had there been some legitimate medical reason that had been articulated by the [Plaintiff], the Board would have given that issue consideration. [Plaintiff], however, simply indicated that he had medical reasons that precluded him from driving to New Hampshire, which he then did not reassert on February 5, 2014 when he provided notice that he would not attend the hearing, citing instead to weather conditions and automobile issues. [Plaintiff] provided no reasonable grounds for continuing the hearing, nor did he ask for reconsideration, indicating that weather—given the forecast—would prevent him from attending.

Ex. 1 (attached hereto) at 5. Thus, the Board's Final Decision and Order makes plain that the denial of Plaintiff's requests was due not to disability discrimination but rather Plaintiff's inconsistent requests and ultimate failure to provide any reasonable grounds for continuing the hearing.

18. Plaintiff also fails to allege any specific facts, as he must, indicating that he made an express and specific request for accommodation, that he provided the Board with notice of his need for an accommodation, or that he linked the need for an accommodation with his disability. As Plaintiff acknowledges in his complaint, Plaintiff vaguely referred to "medical reasons" as purported support for his request to postpone the hearing. Compl. ¶ 111. There are no allegations indicating that Plaintiff provided any explanation to the Board as to his need for an accommodation. And, as the Board pointed out in its Final Decision and Order, Plaintiff's last-minute request to postpone the hearing made no reference at all to any medical issue or disability, but rather was based on "inclement weather." Compl. ¶ 113. Under these circumstances, Plaintiff has failed to state a claim to relief that is plausible on its face, and the ADA Title II claim should be dismissed.

19. Plaintiff has also failed to allege facts to support a claim for ADA retaliation under Title V. "The ADA's retaliation provision states that '[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful

by'" the ADA. *Freadman v. Metro. Prop. & Cas. Ins. Co.*, 484 F.3d 91, 106 (1st Cir. 2007) (quoting 42 U.S.C. § 12203(a)). Put another way, the ADA retaliation provision prohibits retaliation against any person for "opposing disability-based discrimination made unlawful by" the ADA. *D.B. v. Esposito*, 675 F.3d 26, 40 (1st Cir. 2012). To state a claim for ADA retaliation, a plaintiff must show that: "(1) he or she engaged in protected conduct, (2) he or she was subjected to adverse action by the defendant, and (3) there was a causal connection between the protected conduct and the adverse action." *Id.* at 41.

20.     Here, as to the first element, Plaintiff's complaint alleges no specific facts that he engaged in protected activity by opposing disability-based discrimination. To the extent that Plaintiff contends that his request to stay the Board's disciplinary hearing or to appear telephonically constituted a request for a reasonable accommodation protected by the ADA, those allegations are insufficient to show "protected conduct" because, as explained above, those allegations do not support a claim that Plaintiff made a sufficient request for a reasonable accommodation under the ADA. As to the third element, Plaintiff's allegations in paragraph 201 of the complaint that the Board retaliated against him by failing to "include evidence the Plaintiff had emailed prior to the hearing" and by failing to "timely notify Plaintiff of the adverse ruling against him" are pure conjecture and utterly implausible. Indeed, Plaintiff fails to allege any facts to support a claim that the Board's findings in its Final Decision and Order were intended to retaliate against Plaintiff for requesting a stay of the hearing. In the end, the Board was simply adjudicating Plaintiff's case based on the facts before it and the applicable law. Plaintiff's ADA retaliation claim should be dismissed.

## V. THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER ALL CLAIMS AGAINST THE BOARD BECAUSE THEY CONSTITUTE AN IMPROPER ATTEMPT TO APPEAL THE BOARD'S FINAL DECISION AND ORDER.

21. As explained above, Plaintiff's claims against the Board are based on supposed procedural deficiencies, evidentiary errors, and misapplication of facts at the disciplinary hearing before the Board and in the Board's Final Decision and Order. Thus, while Plaintiff frames his claims against the Board in terms of statutory constitutional violations and violations of the ADA, Plaintiff's complaint, distilled to its essence, is actually designed to seek review and reversal of the Board's Final Decision and Order. *See* Compl. at 29 (seeking relief in the form of "precluding the continued publication of the Board's Final Decision and Order").

22. The New Hampshire legislature, however, has restricted appellate jurisdiction of Board decisions to the New Hampshire Supreme Court. N.H. Rev. Stat. Ann. § 329:17, VIII. "A federal court has no jurisdiction to review a decision of a state administrative agency that is judicial in nature." *Bettencourt*, 721 F. Supp. at 384 (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)). Given that Plaintiff is using this section 1983/ADA action to circumvent the procedure for appellate review under New Hampshire law and effectively seek appellate review of the Board's decision in federal court, this Court should conclude that it lacks subject matter jurisdiction over Plaintiff's claims. *See id.* (citing *Malachowski v. City of Keene*, 787 F.2d 704, 708 (1st Cir. 1986)).[6]

---

[6] Moreover, this Court's consideration of Plaintiff's claims "would serve to interfere with efforts by the [State of New Hampshire] to regulate the practice of medicine, a matter of important public concern." *Bettencourt*, 721 F. Supp. at 384. Thus, this Court should also abstain from adjudicating Plaintiff's claims based on principles of comity and judicial economy. *See id.* (citing *Younger v. Harris*, 401 U.S. 37 (1971)).

## VI. STATEMENT PURSUANT TO LOCAL CIVIL RULE 7.1(a)(2)

23. No separate memorandum of law in support of this motion to dismiss is necessary because all the facts and argument necessary for the sought-after relief are contained herein.

## CONCLUSION

24. Based on the foregoing, the Board respectfully submits that all claims asserted against the Board in Plaintiff's Complaint should be dismissed.

WHEREFORE the Board respectfully requests that this Honorable Court:

A. Grant this motion to dismiss;

B. Dismiss Counts I, II, IV, VI, and VIII as against the Board with prejudice; and

C. Grant such further relief as this Court deems just and proper.

Respectfully submitted,

NEW HAMPSHIRE BOARD OF MEDICINE

By its attorney,

JOSEPH A. FOSTER
Attorney General

Date: March 22, 2017

/s/ Seth M. Zoracki
Seth M. Zoracki, Bar No. 267887
Assistant Attorney General
New Hampshire Office of the Attorney General
Civil Bureau
33 Capitol Street
Concord, New Hampshire 03301-6397
(603) 271-3650
seth.zoracki@doj.nh.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served this 22nd day of March 2017 via the Court's ECF system.

/s/ Seth M. Zoracki