UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Dr. Jeffrey Isaacs,

       Plaintiff

       v.         Docket No. 1:17-cv-00040-LM

Trustees of Dartmouth College,
NH Board of Medicine and,
Dartmouth-Hitchcock Medical Center

       Defendants

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION TO DISMISS ALL CLAIMS AGAINST THE TRUSTEES OF DARTMOUTH COLLEGE

The Trustees of Dartmouth College hereby move, pursuant to Federal Rule of Civil Procedure 12(b)(6), for dismissal of all of Dr. Isaacs' claims against them in the above-captioned lawsuit. Dr. Isaacs' claims are barred by res judicata, are untimely, and additionally fail to state a claim against the Trustees of Dartmouth College, which, contrary to Dr. Isaacs' conclusory allegations, was not converted into a government actor subject to suit under 42 U.S.C. § 1983 merely by accepting federal funds. Dr. Isaacs' claims are frivolous, and should be dismissed for the reasons set forth below, as well as those expressed in the annexed Memorandum of Law.

1.      Dr. Isaacs initially filed suit against the Trustees of Dartmouth College[1] in early February, 2012; this matter, No. 1:12-cv-00040-JL, was ultimately consolidated with a second lawsuit filed by Dr. Isaacs, No. 1:12-cv-413-SM, which also included claims against the Trustees of Dartmouth College.  The case was ultimate transferred to this Court, and redesignated as 1:12-cv-00040-LM.

2.      As explained in more length in the annexed Memorandum of Law, all of Dr. Isaacs' claims in these 2012 lawsuits arose out of a single transaction or occurrence—namely the events surrounding Dr. Isaacs' brief, failed residency in the Psychiatry program at Mary Hitchcock Memorial Hospital, and his termination from same.

3.      Dr. Isaacs' 2012 lawsuits were amended after consolidation into a single complaint; following this amendment, discovery was taken and both the Trustees of Dartmouth College and Dartmouth-Hitchcock Medical Center/Mary Hitchcock moved for summary judgment.  Dr. Isaacs failed to object to the summary judgment motion, and this Court, following a thorough legal analysis, dismissed all of Dr. Isaacs' claims against both defendants.

4.      Dr. Isaacs appealed a discovery ruling of this Court to the First Circuit Court of Appeals, and then filed a petition for a writ of certiorari to the Supreme Court of the United States when his appeal was dismissed.  Dr. Isaacs also challenged this Court's ruling on

---

[1] The Trustees of Dartmouth College will use the entire legal name for their organization throughout this Motion and accompanying Memorandum; this uneconomical choice is deliberate, to counter the intentionally confusing use, by Dr. Isaacs in his Complaint, of the term "Dartmouth" to refer to either Dartmouth-Hitchcock Medical Center, or the Trustees of Dartmouth College.  The Trustees of Dartmouth College oversee the operations of Dartmouth College, including the Geisel School of Medicine.  Dartmouth-Hitchcock Medical Center (or its related entity, Mary Hitchcock Memorial Hospital) oversees the medical residency program in which Dr. Isaacs was enrolled.  The distinction between the two was important in Dr. Isaacs' initial lawsuit, where Dr. Isaacs was employed by Mary Hitchcock Memorial Hospital, not the Trustees of Dartmouth College.

Defendants' Summary Judgment motion, and again sought a writ of certiorari when his appeal was unsuccessful. The Supreme Court declined to hear either of Dr. Isaacs' appeals.

5. Suffice it to say that the Trustees of Dartmouth College obtained a final judgment, on the merits, in Dr. Isaacs' earlier lawsuit.

6. Because Dr. Isaacs' present claims also arise from the termination of his residency, they are barred by the doctrine of res judicata. See Memorandum of Law at § A.

7. Furthermore, where the events giving rise to Dr. Isaacs' claims all occurred approximately five years prior to his filing the present lawsuit, and where the longest statute of limitations for any of his claims is three years, his claims are all time-barred. These claims could not be saved by the "discovery rule," either, where Dr. Isaacs *actually filed suit* for redress of the same injuries at issue here in early February, 2012. See Memorandum of Law at § B.

8. Finally, Dr. Isaacs' present claims against the Trustees of Dartmouth College are largely couched as claims for deprivations of his constitutional rights, and hinge upon the authority of Bricker v. Sceva Speare Memorial Hospital, 339 F. Supp. 234 (D.N.H. 1972). Where the First Circuit Court of Appeals has subsequently overruled this holding in Rockwell v. Cape Cod Hospital, 26 F.3d 254, 258 (1st Cir. 1994), however, Dr. Isaacs' claims under the United States Constitution and 42 U.S.C. §§ 1983 & 1985 must also fail. See Memorandum of Law at § C.

9. This is a dispositive motion and so Dr. Isaacs' consent was not sought. See L.R. 7.1(c).

10. This Motion is supported by the allegations in Dr. Isaacs' present complaint, as well as the allegations in the two 2012 complaints, in addition to the public records generated during those lawsuits, which are on file at the Court. Additionally, the Trustees of Dartmouth

College have attached, as Exhibit A to this Motion, a Memorandum of Law pursuant to L.R. 7.1(a)(2).

WHEREFORE, the Trustees of Dartmouth College respectfully request that the Court:

A—DISMISS Dr. Isaacs' claims against the Trustees of Dartmouth College with prejudice;

B—GRANT such other relief as is just and proper.

                                          Respectfully submitted,

                                          TRUSTEES OF DARTMOUTH COLLEGE

                                          By their attorneys,

                                          WADLEIGH, STARR & PETERS, P.L.L.C.

Dated: April 17, 2017                       By /s/ Pierre A. Chabot
                                                    Kathleen C. Peahl – Bar No. 6880
                                                    Pierre A. Chabot – Bar No. 17606
                                                    95 Market Street
                                                    Manchester, NH  03101
                                                    (603)669-4140
                                                    kpeahl@wadleighlaw.com
                                                    pchabot@wadleighlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of April, 2017, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and Notice of Electronic Filing on all counsel of record.

                                          /s/ Pierre A. Chabot
                                          Pierre A. Chabot