UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| DR. JEFFREY ISAACS<br>　　　　　　　Plaintiff,<br><br>vs.<br><br>DARTMOUTH HITCHCOCK MEDICAL CENTER<br>TRUSTEES OF DARTMOUTH COLLEGE<br>&<br>NH BOARD OF MEDICINE,<br><br>　　　　　　　Defendants. | Case No. 1:17-CV-00040-LM |

**PLAINTIFF'S OBJECTION TO NH BOARD OF MEDICINE'S MOTION TO DISMISS**

NOW COMES THE PLAINTIFF, by and through counsel, and hereby Objects to "Defendant New Hampshire Board of Medicine's Motion to Dismiss" [Document 7]. In further support of his Objection, Plaintiff states as follows:

**Introduction**

1. In this action, the plaintiff has brought forth new and untried claims against the NH Board of Medicine (the "Board") for the deprivation of his Constitutional right to Due Process, and for violating the Americans with Disabilities Act by failing to accommodate his requests for reasonable accommodation, and retaliating against him for such requests, while publicly and wrongfully disseminating false, slanderous, or otherwise sealed, confidential, false, or misleading unproven allegations.

2. Without substantively addressing the Plaintiff's complaint, the Board brings the following arguments seeking dismissal of all counts of the Complaint against them as follows:

    A. All Counts against the Board- I, II, IV, VI, and VIII are sought to be dismissed for

        i. Failure to State a Claim under Fed. R. Civ. P. 12(b)(6);

        ii. Lack of Subject Matter Jurisdiction under Fed R. Civ. P. 12(b)(1)

    B. Counts I, II, IV, and VIII are sought to be dismissed for two additional reasons:

        i. <u>11th Amendment Immunity;</u>

        ii. <u>Non "person" hood of the Board</u>

3. For the following reasons, and as further shown by the contemporaneously filed proposed Amended Complaint, the Board's Motion to Dismiss should be denied and leave to Amend should be granted to the Plaintiff.

**Eleventh Amendment Immunity and 42 U.S.C. §§1983 & 1985 "person" Defense is Futile as the Plaintiff would instead seek to name Attorney Jeff Cahill, hearing counsel, and the Board members individually.**

4. While the Board correctly points out that the Board is not a "person" under current case-law available to be sued under 42 USC §§1983 & 1985, the individual people the plaintiff believes were involved in a conspiracy with Dartmouth to deprive him of his rights to Due Process, and who went way outside the scope of any normal investigation to obtain and disseminate private, confidential, outdated, disputed, and possibly sealed out of state Federal Court documents in an effort to discredit Dr. Isaacs, and destroy his career- certainly are "persons" acting under "color of State law" and do not enjoy such immunity nor the protections of the 11th Amendment to the United States Constitution.

5. This is the crux of the Plaintiff's case and should be near, dear, and important to this Court and to all who practice law- a CONFIDENTIAL settlement of a denied and disputed claim, from out of state, was used to railroad Dr. Isaacs out of medical school, out of a job, and out of his chosen profession. To the plaintiff, his time at the Keck school was a legal nullity and protected by Federal Court Ordered contractually obligated confidentiality.[1]

6. It was the individuals involved in this overreach that caused the plaintiff the harm, no doubt, as no corporation or "board" can act without the aide of a human individual, but Plaintiff

---

[1] Indeed the Association of American Medical Colleges agreed as has been or will be shown in this case.

merely thought it more polite and appropriate to name the Board. In any event, he will Amend to name the individuals.

7. Leave to Amend should be freely given and liberally applied. Fed.R.Civ.P. 15(a).

8. Thus, since the Board's argument in this vein amounts to no more a fatal flaw than "misnomer of party." It would be incongruous to dismiss these Counts and possibly the Plaintiff's case in its entirety when the Plaintiff ought to be afforded his right to redress of grievance in a Court of law, and can cure by naming *individuals* as defendants as opposed to the "board" if that is the Defendant's preference.

**This Court maintains subject matter jurisdiction over all claims against the Board as they are properly pled as Federal Questions- not an appeal.**

9. The Board attempts to dismiss the plaintiff's claims by re-drafting his Complaint as a stale appeal. If litigants are allowed to defeat their opponents by re-naming and re-pleading their cases, then the adversarial system of justice cannot function.

10. The Plaintiff pled Counts under Federal Statutes and the United States Constitution, thus, the Federal Court has subject matter jurisdiction over these claims.

11. Even if this Court were inclined to accept this tentative argument from the Board, the appropriate action would be to certify the question to the New Hampshire Supreme Court, or perhaps to re-file the case in State Court- it would not defeat the claims entirely.

12. In any event, since there is no "appeal" pending before *this* Court, it would be imprudent to rule on one, and indeed, such a ruling in favor of the Board's theory here, would open up a Pandora's Box of issues by allowing one party to re-cast their opponents entire case in the light most favorable to them- which, as we know, is the exact opposite of the standard on a motion to dismiss.

13. Therefore, the plaintiff's claims must not be dismissed for a lack of subject matter jurisdiction.

**The Board's final general 12(b)(6) argument in attempting to dismiss all Counts against it should fail because it is now inapplicable or otherwise Mooted by the Amended Complaint.**

14. Essentially, the only Count solely addressed to 12(b)(6) concerns appears to be Count VI under the ADA. The Motion seeks to Dismiss the other Counts, largely under the auspices of the perceived infirmities discussed above (11th Amendment, Immunity, etc.). But, since Title II explicitly applies to the Board, no 11th Amendment Immunity can stand.

15. As to Count VI, the Amended Complaint makes it clear that the Plaintiff seeks relief under Title II for a denial of equal access to justice and the administration of Justice; as well as under Title IV for retaliation. Since the Motion to Dismiss is directed at other assumptions, it is no longer applicable.

16. As to the other Counts, without a clear 12(b)(6) Defense laid out, it is difficult to address this claim. Thus, the plaintiff would add that any claims that the pleading in the original complaint "failed to state a claim" are mooted by the contemporaneously filed Amended Complaint.

17. For all these reasons, and those discussed above and in the Amended Complaint, the Motion to Dismiss all counts under Rule 12(b)(6), should be Denied.

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

    A. DENY the NH Board of Medicine Motion to Dismiss; and

    B. ALLOW leave to Amend the Complaint; or

    C. GRANT such other and further relief as is meet and just.

Dated: May 1, 2017

Respectfully Submitted,
Jeffery Isaacs,
By and through his counsel

/s/ Keith A. Mathews

Keith A. Mathews, Esq.<br>
NH Bar No. 20997<br>
587 Union Street<br>
Manchester, NH 03104<br>
(603) 622-8100<br>
(888) 912-1497 fax<br>
Keith@aaone.law

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Dated: May 1, 2017                                       /s/ Keith A. Mathews