UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| DR. JEFFREY ISAACS<br>          Plaintiff,<br><br>vs.<br><br>DARTMOUTH HITCHCOCK MEDICAL CENTER<br>TRUSTEES OF DARTMOUTH COLLEGE<br>&<br>NH BOARD OF MEDICINE,<br>          Defendants. | Case No. 1:17-CV-00040-LM |

## PLAINTIFF'S OBJECTION TO

## TRUSTEES OF DARTMOUTH COLLEGE MOTION TO DISMISS

NOW COMES THE PLAINTIFF, by and through counsel, and hereby Objects to Defendant's "Motion to Dismiss All Claims Against the Trustees of Dartmouth College" Defendant New Hampshire Board of Medicine's Motion to Dismiss" [Documents 13, 13-1]. In further support of his Objection, Plaintiff states as follows:

**Introduction**

1. The Trustees have confused the factual *background* information in the instant action with the relevant and operative facts which support the new claims presented. In this action, the plaintiff has brought forth new and untried claims which arise out of the NH Board of Medicine (the "Board") February 2014 hearing and March 2014 Order. Thus, they are timely, and incapable of having been brought, tried or adjudicated in anyway in the prior case relied upon by the Trustees in the request for dismissal.

2. The Trustees falsely claim, several times, in their Motion that the instant claims arise out of the treatment (or mistreatment) Dr. Isaacs received while employed in his medical residency in 2011 and 2012, and the termination from that residency program- that is simply untrue.

3. Although the plaintiff's desire to "set the record straight" by providing extraneous background information in his original complaint may have obscured this fact, the truth remains that all the present claims, as will be more clearly shown in the Amended Complaint, arise out of the NH Board of Medicine's investigation, hearing, and Order of March 11, 2014.

4. Thus, they are timely, not barred by *Res Judicata*, nor Collateral Estoppel, and certainly not sanctionable.

**The Complaint must not be dismissed on *Res Judicata* or Collateral Estoppel grounds as the claims all arise out of a subsequent investigation and proceeding of the NH Board of Medicine and could not possibly have been brought in the prior case.**

5. As cited by the Defense, the plaintiff did bring an action against the Trustees in 2012, TWO YEARS before the events giving rise to this suit.

6. There is simply no possible way the claims pled in the instant action, arising out of the 2014 Board investigation and Order could have been brought in the prior case and therefore they simply cannot be barred by principals of *Res Judicata* or collateral estoppel.

7. It is unfortunate that the Trustees were confused by the background information pled in the original complaint, but if one focuses on the relevant facts supporting the legal claims at issue presently, it is clear that they have very little to do with Dr. Isaacs residency and everything to do with the NH Board of Medicine's investigation and Order in which Dartmouth defendants had a heavy hand.

8. To foreclose these claims which could not have accrued at the time Summary Judgment was being issued in the prior case, would be error.

**The Complaint is not time barred- as Explained above, the Trustees misunderstood the Claims and therefore analyzed the wrong time frame.**

9. To reiterate, this case is NOT about Dr. Isaacs residency or termination in 2011/2012. It arises out of the NH Board of Medicine's March 11, 2014 Order, and the hearing and

investigation relating thereto, into which Dartmouth colluded and conspired to deprive Dr. Isaacs of his rights.

10. Naturally, Dartmouth has proven that they had a right to terminate him.  That's unfortunate, but accepted.  What they did not have to do, is to obtain confidential, sealed, out of state documents to prejudice the Board and Dr. Isaacs and ensure that he would be denied due process, and never attend a medical residency program anywhere in the Country ever again.

11. Those claims against the Dartmouth Defendants could not have possibly accrued until the Board's decision and Order on March 11, 2014,[1] and thus, even using the Defense citations and SOL table- these claims are timely brought.[2]

12. Thus, the Case cannot be dismissed on statute of limitations grounds.

**The Complex Issue of State Action is unresolved area of law and such a fact based inquiry that it often cannot be disposed of on Summary Judgment and should not be dismissed at this early juncture.**

13. "The Supreme Court has set forth three tests to determine whether the challenged conduct may be fairly attributable to the state in order to hold the defendants liable under section 1983. These tests are: (1) the public function test, *West v. Atkins*, 487 U.S. 42, 49-50 (1988); *Flagg Bros. v. Brooks*, 436 U.S. 149, 157 (1978); (2) the state compulsion test, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 170 (1970); and (3) the symbiotic relationship or nexus test, *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721-26 (1961). These tests are reiterated in *Brentwood Academy v. Tennessee Secondary Schools Athletic Association*, 180 F.3d 758, 763 (6th Cir. 1999); *Ellison v. Garbarino*, 48 F.3d 192, 195 (6th Cir. 1995)." <u>Kerr v. William W. Hurd, et al</u>, USDC D. Ohio Western Div. Case: 3:07-cv-00297-MRM, Doc.

---

[1] The earliest possible date of accrual for claims against the Board was February 5, 2014, the day of the Board hearing, but in either event, this case timely filed on February 03, 2017.

[2] ADA Title II requires no administrative exhaustion and the general 3 year personal injury SOL applies.  Defense erroneously cited to the Title VI SOL for the inapplicable 300 day SOL.

117, 3/15/2010, page 23.

14. Although Plaintiff would also argue that Dartmouth meets the public function test, and reserves and does not waive that argument, the more relevant inquiry here is the "symbiotic relationship or nexus test."

15. The Trustees, or Dartmouth, are embroiled and ensconced in the State of New Hampshire.

16. While it may be true that Federal Funding *alone*, and extensive government regulation *alone*, may not bring the Dartmouth Defendants into the fold as State Actors, there can be no denying that they do receive Federal Funding, and they are extensively regulated. When you add to that the fact that Dartmouth Defendants' agents are very frequently, and in this case in particular as it relates to the NH Board of Medicine's persecution of the Plaintiff, "willful participants in a joint activity with the State or its Agents" then there can be no escape from liability for acting under color of State law. See United States v. Price, 383 US 787, 794 (1966) (holding "under color of law" the same as "state action" and stating that willful participation in joint activity with the State or its agents is sufficient.).

17. Here, it is alleged that the Dartmouth Defendants[3] were not only willing participants with the State Board of Medicine and the State "prosecutor" Jeff Cahill, but also that they either provided confidential or sealed records to the State to "aide" in their investigation, or that the encouraged the individual state officials to go outside the normal scope of their job to obtain otherwise sealed or confidential information and to deny Dr. Isaacs the due process which would have (and should have) been afforded to any other subject.

18. Here, as in Kerr cited above, there remain genuine issues of material fact on the question whether Dartmouth agents were acting under color of State law, and thus they are not entitled to judgment as a matter of law on this issue.

---

[3] The Trustees vs. Dartmouth-Hitchcock distinction is confusing and hopefully though discovery and stipulation we can narrow this down to name the appropriate party or parties with more precision and clarity.

19. Thus, the Complaint cannot be dismissed for failure to state a claim.

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

    A. DENY the Trustees of Dartmouth College's Motion to Dismiss; and

    B. ALLOW leave to Amend the Complaint; or

    C. GRANT such other and further relief as is meet and just.

Dated: May 1, 2017

Respectfully Submitted,
Dr. Jeffery Isaacs, Plaintiff
By and through his counsel
ASSOCIATED ATTORNEYS of N.E.

/s/ Keith A. Mathews
Keith A. Mathews, Esq.
NH Bar No. 20997
587 Union Street
Manchester, NH 03104
(603) 622-8100
(888) 912-1497 fax
Keith@aaone.law

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Dated: May 1, 2017                    /s/ Keith A. Mathews