# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| Dr. Jeffrey Isaacs, | \* |
| Plaintiff, | \* |
| v. | \*   Civil No. 1:17-CV-00040 |
| Trustees of Dartmouth College, NH Board of Medicine, and Dartmouth Hitchcock Medical Center. | \* |
| Defendants. | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DEFENDANT NEW HAMPSHIRE BOARD OF MEDICINE'S OBJECTION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT AS A MATTER OF COURSE

Defendant New Hampshire Board of Medicine (the "Board"), by and through its counsel, the Office of the Attorney General, hereby objects to Plaintiff's Motion to Amend Complaint as a Matter of Course (Document 14), stating as follows:

1. Plaintiff initially filed this lawsuit against three defendants, asserting eight claims. Five of the eight claims are asserted against the Board, and each of those arises out of an adjudicatory and disciplinary proceeding before the Board, which culminated in a reprimand and the revocation of Plaintiff's license to practice medicine.

2. The Board filed a motion to dismiss on March 22, 2017, arguing that (1) Counts I, II, IV, and VIII as against the Board should be dismissed because they are barred by the Eleventh Amendment; (2) Counts I, II, IV, and VIII should be dismissed because the Board is not a "person" under 42 U.S.C. § 1983 or 42 U.S.C. § 1985; (3) Count VI should be dismissed because Plaintiff fails to allege any specific facts to support a claim under the ADA; and (4) the Court

lacks subject matter jurisdiction over all claims against the Board because they constitute an improper attempt to appeal the Board's final decision and order.  *See* Document 7.

3. On April 17, 2017, the Trustees of Dartmouth College filed a motion to dismiss all claims against them.  *See* Document 13.

4. On May 1, 2017, Plaintiff filed an objection to the Board's motion to dismiss (Document 15), an objection to the Trustees' motion to dismiss (Document 16), and a motion to amend the complaint (Document 14).

5. The right to amend once as a matter of course terminates 21 days after service of a motion under Federal Rule of Civil Procedure 12(b).  *See* Fed. R. Civ. P. 15(a)(1)(B).  Here, the Board filed its motion to dismiss on March 22, 2017; therefore, Plaintiff's right to amend his complaint as a matter of course expired on April 12, 2017.  The fact that the Trustees of Dartmouth College subsequently filed a motion to dismiss on April 17, 2017, did not restart the period of time during which Plaintiff may amend his complaint as a matter of course.  *See* Fed. R. Civ. P. 15(a)(1).

6. Because Plaintiff did not file his motion to amend until May 1, 2017, he may amend his pleading "only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  For the reasons stated below, justice does not require that the amendment be granted in this case, and Plaintiff's request should be denied.

7. When "a motion to amend is entered before formal entry of judgment, the district court should evaluate the motion under the liberal standard of Fed. R. Civ. P. 15(a)."  *Torres-Alamo v. Puerto Rico*, 502 F.3d 20, 25 (1st Cir. 2007).  "Under this standard, [a]mendments may be permitted pre-judgment, even after a dismissal for failure to state a claim, and leave to amend is freely given when justice so requires."  *Id.* (citations and quotation marks omitted).  Reasons

for denying a pre-judgment motion to amend include "undue delay, bad faith, futility and the absence of due diligence on the movant's part." *Id.* (citation omitted).

8. Here, Plaintiff's motion to amend should be denied as it would be futile. Plaintiff admits that "[t]here are very little, or no new factual allegations or legal claims in the proposed Amended Complaint." Document 14, ¶ 9. Allowing the amendment would be futile, as the proposed amended complaint continues to fail for all of the reasons set forth in the Board's previously filed motion to dismiss, which is incorporated herein by reference. *See* Document 7.

9. With regard to the Board, Plaintiff argues that the amendment would not be futile because "[a]ny 11th Amendment concerns are addressed by naming the individual actors associated." Even if true, such amendment should not be permitted because Plaintiff's claims against those individual defendants were time-barred before the filing of Plaintiff's amended complaint, and Plaintiff fails to meet the requirements of Federal Rule of Civil Procedure 15(c)(1)(C) for relation back of amendments.

10. Specifically, Plaintiff seeks to add as defendants (1) Jeff Cahill, Esq., who served as investigator and prosecutor for the Board during the 2014 disciplinary proceeding; (2) Penny Taylor, the administrator and authorized representative for the Board who signed the March 11, 2014 Order revoking Plaintiff's license; and (3) "other Board members" who Plaintiff may seek to name "as their participation comes to light." Document 14-1, ¶ 11.

11. Plaintiff asserts claims under 42 U.S.C. § 1983 and 42 U.S.C. § 1985 against the new defendants. These claims all arose, at the latest, on or about March 11, 2014, when the Board issued its final order disciplining Plaintiff. *See* Document 14, ¶ 8(a) (acknowledging that "the claims all arise out of the New Hampshire Board of Medicine's February 05, 2014 hearing and subsequent March 11, 2014 Order"). The limitations period for claims brought in New

Hampshire under section 1983 and section 1985 is three years. *See Gorelik v. Costin*, 605 F.3d 118, 121 (1st Cir. 2010); *Rodriguez-Garcia v. Municipality of Caguas*, 354 F.3d 91, 96 (1st Cir. 2004); N.H. Rev. Stat. Ann. § 508:4. Where the applicable statute of limitations is three years, and where Plaintiff's causes of action against these individuals all accrued more than three years before the filing of his amended complaint, Plaintiff's claims against the new defendants are time-barred unless the amendment relates back to the date of the original filing.

12. Rule 15(c)(1)(C) permits relation back of an amendment adding new parties when the claim asserted arose out of the conduct set forth in the original complaint, as required by Rule 15(c)(1)(B), and within 120 days of the filing of the complaint the party to be brought in by amendment "(i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, ***but for a mistake concerning the proper party's identity***." Fed. R. Civ. P. 15(c)(1)(C) (emphasis added).

13. There is nothing in the record to suggest that Plaintiff made some mistake regarding the proper parties to be sued, rather than merely deciding at a later time to add additional parties in response to legal arguments raised by the Board in its motion to dismiss. In fact, Plaintiff admits in his motion to amend that the new defendants "were added in their individual capacity in response to the Board's claims of immunity." Document 14, ¶ 9. Therefore, Plaintiff fails to meet the requirements of Rule 15(c)(1)(C) for relation back of the amendment adding the new parties. *See Edwards v. First Am. Title Ins. Co*, 1994 U.S. App. LEXIS 5872, at *14-15 (1st Cir. 1994) (unpublished decision) (requirements not met for relation back of amendment adding new parties where nothing suggested that the plaintiff made some mistake regarding the proper party, rather than merely deciding at a later time to sue additional

parties). Accordingly, the claims against the new defendants are time-barred, making the amendment futile to the extent it seeks to add Jeff Cahill, Penny Taylor, and "other Board members" as new defendants in an attempt to overcome the arguments raised in Paragraphs 10-13 of the Board's motion to dismiss. *See* Document 7.

14. Plaintiff's amendment is likewise futile to the extent it seeks to correct the deficiencies in Plaintiff's claim under the Americans with Disabilities Act ("ADA") (Count VI of Plaintiff's original complaint). As discussed in Paragraphs 14-20 of the Board's motion to dismiss, Plaintiff's initial complaint fails to state a claim under either Title II or Title V of the ADA. *See* Document 7, ¶¶ 14-20. The complaint fails to state a claim under Title II of the ADA because (1) Plaintiff has not alleged any specific facts that he has a disability; (2) Plaintiff makes no plausible factual allegations indicating that disability discrimination factored into the Board's decision to deny Plaintiff's requests to stay the hearing or appear by videoconference; (3) Plaintiff fails to allege any specific facts indicating that that he made an express and specific request for accommodation, that he provided the Board with notice of his need for accommodation, or that he linked the need for an accommodation with his disability. *See* Document 7, ¶¶ 15-18. The complaint also fails to state a claim under Title V because (1) Plaintiff alleges no specific facts that he engaged in protected activity by opposing disability-based discrimination; and (2) Plaintiff fails to allege any facts to support a claim that the Board's findings in its Final Decision and Order were intended to retaliate against Plaintiff for requesting a stay of the hearing. *See* Document 7, ¶¶ 19-20.

15. Plaintiff's amended complaint does not correct any of the deficiencies stated above. For all of the reasons set forth in the Board's previously filed motion to dismiss, the

amended complaint still fails to state a claim under the ADA.  The amendment is therefore futile, and should be denied.

16.     Finally, even if the amended complaint sufficiently addresses any immunity concerns and states a claim under Section 1983, Section 1985, or the ADA, the amendment is still futile because the court lacks subject matter jurisdiction over all of the claims brought against the Board.  As discussed in Paragraphs 21-22 of the Board's motion to dismiss (Document 7), Plaintiff's complaint seeks review and reversal of the Board's Final Decision and Order, and this court "has no jurisdiction to review a decision of a state administrative agency that is judicial in nature."  *Bettencourt v. Bd. of Registration in Med.*, 721 F. Supp. 382, 384 (D. Mass. 1989).

17.     Because the amendment would be futile, this Court should deny Plaintiff's request to amend his complaint.

18.     No memorandum is required as the supporting authorities are cited herein.  LR 7.1(a)(2).

WHEREFORE, the Board respectfully requests that this Honorable Court:

A.      Deny Plaintiff's Motion to Amend Complaint as a Matter of Course (Document 14); and

B.      Grant such further relief as this Court deems just and proper.

Respectfully submitted,

NEW HAMPSHIRE BOARD OF MEDICINE

By its attorney,

GORDON J. MACDONALD
Attorney General

Date: May 12, 2017

/s/ Seth M. Zoracki
Seth M. Zoracki, Bar No. 267887
Assistant Attorney General
New Hampshire Office of the Attorney General
Civil Bureau
33 Capitol Street
Concord, New Hampshire 03301-6397
(603) 271-3650
seth.zoracki@doj.nh.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served this 12th day of May 2017 via the Court's ECF system.

/s/ Seth M. Zoracki