UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| DR. JEFFREY ISAACS<br>                Plaintiff,<br><br>vs.<br><br>DARTMOUTH HITCHCOCK MEDICAL CENTER<br>TRUSTEES OF DARTMOUTH COLLEGE<br>&<br>NH BOARD OF MEDICINE,<br>                Defendants. | Case No. 1:17-CV-00040-LM |

**PLAINTIFF'S REPLY TO
"DEFENDANT NEW HAMPSHIRE BOARD OF MEDICINE'S OBJECTION TO
PLAINTIFF'S 'MOTION TO AMEND COMPLAINT AS A MATTER OF COURSE' "**

NOW COMES THE PLAINTIFF, by and through counsel, and hereby files the following Reply to "Defendant New Hampshire Board of Medicine's Objection To Plaintiff's Motion To Amend Complaint As A Matter Of Course" [Document 17].[1] In further support of his Motion to Amend [Doc. 14], Plaintiff states the following in Reply to the Board's Objection.

**The Board's Objection is moot, since it agreed to extend the deadline to respond to their Motion to Dismiss and thus the Amendment is allowed as a matter of course pursuant to Fed. R. Civ. P. 15, and the Objection should be stricken.**

1. As preliminary matter, the parties had agreed to an extension of time to coordinate the logistics of filing to avoid scheduling and timing that would be at odds with judicial economy and logic. The dates were not extended to provide a tactical litigation advantage, but instead, as a rather routine professional courtesy to try to bring the litigation into a more uniform

---

[1] Although this reply exceeds the 5 page limit for non-dispositive Motion practice, it is within the 10 page limit for dispositive motion practice. As has been consistently argued, the pending motion practice seeks to DISPOSE of the plaintiff case in its entirety, and is thus dispositive. Furthermore, the Defendants have essentially filed Motions to Dismiss disguised as Objections to our Motion to Amend. Thus, the ten page limit is appropriate to address the Defensive arguments so long as this Motion practice is ongoing. In any event, the Objections are frivolous as the Motion itself is a mere formality required by the custom of this Court since the Amendment is allowed as by right under the Federal Rules of Civil Procedure.

track.

2. Thus, it is inappropriate to now employ a hyper-technical reading of the Federal Rules in a attempt to obtain a litigation advantage. The Plaintiff extended time for the Defendants to respond, and they did with Motions to Dismiss. The Defendant Board extended time for the Plaintiff to respond, and he did with a Motion to Amend.

3. The time to file as by right under Rule 15 was extended by Agreement, and resulting Court Order, and so the entire Objection to the Motion should be stricken as Moot. The Defendants can re-file a renewed Motion to Dismiss to the Amended Complaint if they so choose.

**Even if this Court were inclined to allow the Board to rescind their assent to extend the deadline, the Board fails to cite any case law to support their interpretation of Fed. R. Civ. P. 15 which might prevent the timely Amendment as by right.**

4. As stated above, the time to respond was extended by agreement to aide in the coordination of deadlines and to avoid creating additional, duplicative, work for the Court and litigants.

5. Trustees of Dartmouth College filed a Motion to Dismiss under Rule 12(b)(6) on April 17, 2017. Therefore, plaintiff had until May 08, 2017, to file an Amended Complaint as by right under Rule 15(a)(1)(B).

6. Thus, the filing of the Amended Complaint, by agreement on or before May 1, 2017, was timely filed within the Amendment deadline, as by right, under Rule 15(a)(1)(B).

7. The plaintiff has the right, once, to Amend their Complaint so long as it is filed within the 21 days of service of a motion under Rule 12(b). US ex rel. D'Agostino v. ev3, Inc., 802 F. 3d 188, 193 (1st Cir. 2015) ("Nothing else in either the text of Rule 15 or in the advisory committee's notes evinces an intent to confine amendments as a matter of course under Rule 15(a)(1)(B) to a narrow window following service of an answer or responsive motion. Nor do these materials evince any intent to rescind the historic limitation of amendment as a matter of course to one such amendment per plaintiff per case.").

8. It is of no moment which defendant filed the operative Motion and when, so long as no prior

Amendments have been filed, and the Amendment is filed within twenty-one days. A contrary interpretation would create chaos.

9. Moreover, at the time the Board agreed to extend the deadline to respond, April 7, 2017, the Plaintiff still had 5 days to Amend as a matter of course in response to their March 22, 2017, Motion to Dismiss, therefore, the time to file was undoubtedly extended.

10. For all the reasons stated above, the Amended Complaint must be allowed as by right under Rule 15(a)(1)(B) since it was timely filed with 21 days after service of a motion under Rule 12(b); or otherwise within the time period extended by agreement.

**The Amended Complaint is not futile because the Relation-Back Doctrine Applies.[2]**

11. Defendant claims futility in naming individual defendants as the actions would be time barred having been filed February 03, 2017, on a claim which may have accrued on March 11, 2017, where the Amended Complaint was filed May 01, 2017.  This argument fails for the following reasons:

**The Amendment Relates back in accordance with  Rule 15(c)(1)(C).**

12. "[R]elation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading." Krupski v. Costa Crociere SpA, 130 S. Ct. 2485, 2490 (2010).[3]

13. Naturally, the contemplated added parties- Penny Taylor and Jeff Cahill would have been known about this lawsuit and that they were likely to be named in this suit. It would have been difficult, if not impossible for the Board's attorney to answer the lawsuit without consulting with Penny Taylor and Jeff Cahill.  Viewing the situation in the light most

---

[2] As discussed herein, the Amendment was filed as by right, and thus none of these substantive arguments set forth by the Defendants should be considered at this stage.   They need to be reframed and if re-filed, done so as a renewed Motion to Dismiss.   Plaintiff reserves all rights, and waives none by exercising caution in engaging in counterargument.

[3] Defendants erroneously cite to a 1994, unpublished, 1st Cir. decision, with the wrong standard, suggesting the Plaintiff, not the defendants knowledge is applicable.

favorable to the plaintiff, as the Court must at this stage, it is reasonable to assume those parties had actual or constructive timely knowledge oft he lawsuit.

14. This interpretation is supported by the rules. "This reading is consistent with the purpose of relation back: to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits." Id. at 2494.  Dr. Isaacs timely brought suit, and Atty. Cahill and Ms. Taylor timely received notice of the suit.

15. It is not seriously questioned that the amendment "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Rule 15(c)(1)(B).

16. The proposed individual defendants have either heretofore received Notice of this action, or have received such notice now, that they will not be prejudiced in defending on the merits, especially since the third of three original defendants has yet to file a responsive pleading. Rule 15(c)(1)(C)(i).

17. And, finally, as discussed these particular individuals (and if not them, others to be identified by the Board's counsel) knew or should have know that the action would be brought against them following the Plaintiff's mistake in attempting to be civil and not name individuals as defendants. If there are other individuals instead who had Notice of the suit, the Board should be Ordered to identify them now, so they can be named as individual Defendants, so as to not thwart Justice by technical procedural gamesmanship, and potentially prejudice the Plaintiff's claims, or the relevant individuals' defenses.

18. Thus, the requirements of the Federal Rules of Civil Procedure are satisfied, the Amendment

relates back and the statute of limitations period is met.[4]

### The Notice requirements of Rule 15(c) for relation-back are otherwise satisfied by service on the Board.

19. "When the United States or a United States officer or agency is added as a defendant by amendment, the notice requirements of Rule 15(c)(1)(C)(i) and (ii) are satisfied if, during the stated period, process was delivered or mailed to the United States attorney or the United States attorney's designee, to the Attorney General of the United States, or to the officer or agency." Fed. R. Civ. P. 15(c)(2).

20. This situation is analogous in that *State* agents, Penny Tailor and Jeff Cahill were added, (much like United States Agents), and during the relevant SOL period process was accepted by the *State* agency (much like the United States agency).

21. The corresponding notes to that section discuss the underlying principals of that section of the Rule which also apply to this situation where the government and government agents have been duly notified.[5]

---

[4] Stature of Limitation is an affirmative defense which must be raised by those defendants. Although plaintiff argues the Amendment relates back and therefore is timely filed; Plaintiff does not concede that March 11, 2017 is the operative latest date that the limitations period may have run. Other tolling factors may have extended that date well into 2017. The instant pleadings filed surrounding the filing of an Amendment, as by right, are not the appropriate place to frame and fully brief such arguments.

[5] "Much the same question arises in other types of actions against the government (see Byse, supra, at 45 n. 15). In actions between private parties, the problem of relation back of amendments changing defendants has generally been better handled by the courts, but incorrect criteria have sometimes been applied, leading sporadically to doubtful results. See 1A Barron & Holtzoff, Federal Practice & Procedure §451 (Wright ed. 1960); 1 id. §186 (1960); 2 id. §543 (1961); 3 Moore's Federal Practice, par. 15.15 (Cum.Supp. 1962); Annot., Change in Party After Statute of Limitations Has Run, 8 A.L.R.2d 6 (1949). Rule 15(c) has been amplified to provide a general solution. An amendment changing the party against whom a claim is asserted relates back if the amendment satisfies the usual condition of Rule 15(c) of "arising out of the conduct * * * set forth * * * in the original pleading," and if, within the applicable limitations period, the party brought in by amendment, first, received such notice of the institution of the action—the notice need not be formal—that he would not be prejudiced in defending the action, and, second, knew or should have known that the action would have been brought against him initially had there not been a mistake concerning the identity of the proper party. Revised Rule 15(c) goes on to provide specifically in the government cases that the first and second requirements are satisfied when the government has been notified in the manner there described (see Rule 4(d)(4) and (5). As applied to the government cases, revised Rule 15(c) further advances the objectives of the 1961 amendment of Rule 25(d) (substitution of public officers)." Fed. R. Civ. P. 15 NOTES OF ADVISORY COMMITTEE ON RULES—1966 AMENDMENT

22. Therefore, the spirit and purpose of the Rule has been satisfied. The Notice requirements of Rule 15(c) are otherwise satisfied.

**The legal principal of equitable tolling would operate in regards to the relation-back doctrine to extend the statute of limitations in this instance where the Complaint was timely filed.**

23. As discussed herein, the amendment "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Rule 15(c)(1)(B).

24. Any modest delay in the filing was occasioned by the attempted cooperation in scheduling by the litigants' counsel.

25. Thus, even if the relation back principal did not apply (it does) the applicable limitations period would have been tolled by the cooperation and extensions of time granted by the currently pending waiver of service of summons, and the extension agreements filed by counsel.

**The Amended Complaint is not futile because the ADA based defenses on which the Board seeks to rely do not apply to the ADA claims presented.**

26. Defendant wish to skip Answering the Complaint and proceed directly to winning their case. The Plaintiff has a right to due process in a Court of law. It is what makes society civil and prevents litigants form taking the law into their own hands. If the Board has legal Defenses, they can be raised in due course. At this juncture, the Amended complaint states a claim and must be allowed to proceed. This is simply not the appropriate juncture to try the merits of Plaintiff's claims. Thus, the argument should be rejected and the Amended Complaint accepted for filing.

27. The Plaintiff asserts two ADA claims against the Board in his Amended Complaint, mainly:

    A. Denial of Access to Justice under Title II

    B. Retaliation under Title IV

28. The Defendants arguments here miss the mark by focusing on the elements required for an ADA *employment* claim under Title I- the defenses are inapplicable because no claim is pled under Title I.

29. Title II claim about denial of ACCESS TO JUSTICE and Denial of a qualified individual with regard to licensing or certification. As such the *employment* related defenses of requesting accommodations are inapposite, and the remaining defenses are contrary to the evidence, or otherwise present genuine issues of material facts wholly inappropriate for the Courts consideration in an Objection to a Motion to Amend.[6]

30. "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity..." 42 USC § 12132. That is what we have alleged, Defendants cite to no law or case showing why the Complaint is deficient- only their own self-serving Memorandum which is no longer applicable given the reformations of the Amended Complaint.

31. Further, the Defendant cites to its own Motion to Dismiss the *original* Complaint, to provide support for the erroneous proposition that the plaintiff failed to alleged that he engaged in protected activity by opposing disability discrimination!? Such self-serving and overly inapplicable argument ought to be stricken from the record if not simply ignored by the Court.

32. Plaintiff states a plausible claim on its face in the *Amended* Complaint and at this juncture the facts and inferences must be viewed in the light most favorable to the Plaintiff.

33. For all these reasons, and more, the Defendants Motion Objection to the Amended Complaint

---

[6] Truly the Defenses presented by the Defendants in these early motions have very little to no basis in fact or law and border on sanctionable as frivolous defenses under Rule 11.

should be Denied and the Amended Complaint accepted.

**The Amended Complaint is not futile because this case is NOT an impermissible appeal.**

34. Once again, the Defendants do not get to plead the Plaintiff's case. There is NO appeal present in this action which is lawfully filed under applicable Federal Statutes. Wishing that the plaintiff had filed an impermissible appeal will not make it so. Neither will repeating to the Court in several pleadings in contravention of the Plaintiff's own pleadings.

35. This argument misleads the Court as to the nature of the Plaintiff's case, and should be rejected.

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

    A. ACCEPT the First Amended Complaint; and/or

    B. GRANT such other and further relief as is meet and just.

Dated: May 22, 2017

Respectfully Submitted,
Jeffery Isaacs,
By and through his counsel

/s/ John F. Skinner, III
Atty. John F. Skinner, III
NH Bar No. 19886
587 Union Street
Manchester, NH 03104
(603) 622-8100
(888) 912-1497 fax
Jake@AAONE.Law

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Dated: May 22, 2017                                                                       /s/ John F. Skinner, III