UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| DR. JEFFREY ISAACS<br>             Plaintiff,<br><br>vs.<br><br>DARTMOUTH HITCHCOCK MEDICAL CENTER<br>TRUSTEES OF DARTMOUTH COLLEGE<br>&<br>NH BOARD OF MEDICINE,<br>             Defendants. | Case No. 1:17-CV-00040-LM |

**MOTION FOR PRELIMINARY INJUNCTION REMOVING NH BOARD OF MEDICINE ORDER AGAINST DR. ISAACS FROM THE PUBLIC RECORD**

NOW COMES the Plaintiff by and through counsel and hereby requests that this Honorable Court enter a preliminary injunction removing the New Hampshire Board of Medicine decision from the public record. In support thereof he states as follows:

### I.   Introduction

1. As more completely put forth on the record as incorporated herein the continued publication of the New Hampshire Board of Medicine decision against Dr. Isaacs (as well as its publication throughout this suit) continues to cause him very real and severe distress.

2. A Federal District Court needs to consider "four factors when deciding whether to grant a preliminary injunction: whether the plaintiff will be irreparably harmed if the injunction does not issue; whether the public interest will be served by the injunction and whether the plaintiff is likely to prevail on the merits." University of Texas v. Camenisch, 451 US 390, 392 (1981)

3. Here the Plaintiff would be irreparably harmed if the injunction does not issue, as more clearly set forth below, his health is failing as a direct result of this order's publication.

4. The public interest would be served by the issuing of a preliminary injunction here; freedom of contract would be progressed by the issuing of the requested injunction.

5. The Plaintiff is likely to succeed on the merits here; as is clear from the documentary evidence. The Board of Medicine ignored evidence that would support Dr. Isaacs' position and made a ruling based upon sealed documents.

6. As all of the elements that this Court must consider in issuing a preliminary injunction are present here, the Plaintiff requests that a preliminary injunction be entered removing the NH Board of Medicine Decision from the public record.

## II. The Plaintiff's Rapidly Failing Health Is An Emergency And Dangerous Situation Requiring That This Court Enter A Preliminary Injunction Removing The New Hampshire Board Of Medicine Decision From The Public Record

7. Recently the Plaintiff suffered a cardiovascular event that had symptoms consistent with ventricular tachycardia. Dr. Isaacs has never suffered such an event while awake.

8. He has suffered from this condition once previously while asleep, that he is suffering from it now while he is awake would indicate that this condition is worsening.

9. Ventricular Tachycardia carries with it the ominous likelihood of fatal injury.

10. Dr. Isaacs found the recent event to be an uncommon heart symptom; he had a sudden heart rate burst at a rate that could not have been obtained by anxiety and or physical exertion alone.

11. Dr. Isaacs has been told by his doctors that the stress he is under is extremely dangerous and this incident serves to solidify this concern.

12. Having these claims published online is serving to exacerbate the Plaintiff's anxiety and stress leading to an increasingly dangerous deterioration of the Plaintiff's health.

13. The longer this order remains published the more likely it becomes that Dr. Isaacs' declining health will become irreversible.

14. The events described in the complaint including the twelve years of retaliation by Dartmouth agents have caused the Plaintiff multiple stress related disorders including this most recent one, the continuation of the behavior causing this distress while this action is pending is dangerous given the Plaintiff's rapidly failing health.

15. The Defendants have admitted that there is not a medical program in the country that would take Dr. Isaacs on as a resident. *See.* Document 13-1 p. 11.

16. Most residency programs will not let doctors who are over 5 years out of medical school apply, Dr. Isaacs is now 7 years out of medical school.

17. The Dartmouth defendants have highlighted the order from the Board of Medicine as the primary reason why the Plaintiff would not be accepted to any medical program.

18. The continuing publication of the Board of Medicine order that is the center of this dispute is causing the Plaintiff extreme and irreversible harm, he is unable to pursue a career in medicine while it remains published.

**III.   The Plaintiff's Claims Are Likely To Succeed On The Merits And Therefore The Court Should Enter a Preliminary Injunction.**

19. The Original and Amended Compliant more completely sets forth the arguments upon which the Plaintiff is likely to succeed on the merits.

20. A federal settlement agreement seals the academic records of Plaintiff that have been disclosed by the New Hampshire Board of Medicine by this order.

21. The New Hampshire Board of Medicine completely and willfully ignored the second settlement agreement which clearly and fully sealed the Plaintiff's disciplinary records.

22. The settlement agreement in question prevents such an order from the board in three different ways: 1. All of the administrative charges that the board uses to support its decision were discharged by the agreement, 2. The Plaintiff's disciplinary records were sealed by the agreement and 3. The agreements have a confidentiality clause intended to prevent the very information the Board decision discloses from being used against the Plaintiff. The Board indicates that it reviewed these facts in making its decision in a footnote but the order is not based on any review of that document or any further investigation related to it.

23. Dartmouth Defendants have made substantial efforts to hide how they learned about and passed on the information that was sealed by settlement agreement.

24. The competent authority in these matters the AAMC has found that the settlement agreement allows the Plaintiff to choose not to disclose his time at Keck on his medical school applications.

25. The Defendant NH Board of Medicine has been made aware, through this litigation, of the errors contained within their order.

26. They have also been made aware as that the Plaintiff continues to be severely injured as a result of the continued publication of this order.

27. Despite being so informed the Defendant has continued to keep the order published.

28. The Board found that: "Whether Respondent entered into a settlement agreement does not negate the fact that he attended a medical educational institution which ultimately

dismissed him and will never allow him to return." *See* Board of Medicine Docket Number 13-07 p. 7

29. This decision runs directly afoul of the opinion of the AAMC which indicated that the sealed records need not be disclosed on the Plaintiff's application.

30. The Board's decision gives no reason they would be able to ignore the finding of the AAMC or why they should be able to access information sealed by settlement agreement.

### IV. The New Hampshire Board Of Medicine Will Not Be Injured By The Relief Sought By This Motion

31. There will be limited consequences to the Board of Medicine if the requested relief is granted.

32. If this order is not removed from the public record it could have severe and potentially fatal consequences for the Plaintiff whose health has deteriorated to a point near, or past the point of no return.

33. The Plaintiff has shown that the Order's publication is causing him continuing and consistent damage, and that he has a likelihood of success on the merits of this action.

34. The information published by the Board of Medicine was sealed by a negotiated settlement agreement, and in controversy, the Board of Medicine was aware of this and published this information as though it were uncontested.

35. The continued publication of this information has and will continue to cause the Plaintiff severe and potentially fatal harm, and will cause the Board of Medicine no injury if it were to be preliminarily enjoined from discussion and publication.

36. Dr. Isaacs began his suit against Keck school to set the record straight regarding his time there, in the interest of justice and judicial economy he chose to settle that case in order to

clear his name. Now, years later the Board of Medicine discloses these claims to the world, as if they were facts beyond controversy.

37. The balance of harm weighs in favor of the Plaintiff here as the Defendants would suffer limited harm if this relief is granted whereby the Plaintiff will suffer severe and irrevocable damage if it is not.

## V. The Public Interest Would Be Served By The Issuing Of This Injunction

38. Here, the Plaintiff is requesting that information that had been previously sealed by contract be removed from the public record while this controversy is resolved.

39. The public would be well served in the issuing of this injunction, the freedom of contract, especially in order to resolve a legal dispute is one of the pillars on which our legal system rests.

40. The continued publication of this document runs afoul of the Plaintiff's right to contract, causing him serious and potentially fatal injury through the publication of claims that he had previously sealed by contract.

## VI. Conclusion

41. The majority of residency programs will not allow a resident to apply who has been out of medical school 5 years.

42. Dr. Isaacs has been out of school now 7 years, without immediate court intervention he will be unable to resume his medical career.

43. Given the nature of the harms here the Court should order that the Board of Medicine decision be removed from public record while this case is pending.

WHEREFORE, The Plaintiff request this Court enter a preliminary injunction requiring that the Board of Medicine decision be removed from the public record, including the sealing of all copies of that decision currently filed with the court, during the time this action is pending; and any further relief that may be meet and just.

|  |  |
|---|---|
| Dated: June 13, 2017 | Respectfully Submitted,<br>Jeffery Isaacs,<br>By and through his counsel<br><br>/s/ Keith A. Mathews<br>Keith A. Mathews, Esq.<br>NH Bar No. 20997<br>587 Union Street<br>Manchester, NH 03104<br>(603) 622-8100<br>(888) 912-1497 fax<br>Keith@aaone.law |

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Dated: June 13, 2017                                                         /s/ Keith A. Mathews