# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

*********************************************

Dr. Jeffrey Isaacs,               *

                        *

         Plaintiff,        *

                        *

     v.                *     Civil No. 1:17-CV-00040

                        *

Trustees of Dartmouth College,   *

NH Board of Medicine, and      *

Dartmouth Hitchcock Medical Center.  *

                        *

         Defendants.     *

                        *

*********************************************

### DEFENDANT NEW HAMPSHIRE BOARD OF MEDICINE'S OBJECTION
### TO MOTION FOR PRELIMINARY INJUNCTION REMOVING NH BOARD
### OF MEDICINE ORDER AGAINST DR. ISAACS FROM THE PUBLIC RECORD

Defendant New Hampshire Board of Medicine (the "Board"), by and through its counsel,

the Office of the Attorney General, hereby objects to Plaintiff's Motion for Preliminary

Injunction Removing NH Board of Medicine Order Against Dr. Isaacs From the Public Record

(ECF No. 27) (the "PI Motion"), dated June 13, 2017, stating as follows:

### RELEVANT BACKGROUND

1.     Plaintiff is a former medical resident at Dartmouth Hitchcock Medical Center

("DHMC"). The Board is a state agency that issues licenses to persons qualified to practice

medicine in New Hampshire, regulates the minimum standards for professional conduct in the

field of medicine, and takes disciplinary action against licensees who fail to meet these

standards. *See* N.H. Rev. Stat. Ann §§ 329:2, :9, :17.

2.     Plaintiff filed this lawsuit in February 2017, asserting various claims against the

Board arising out of an adjudicatory and disciplinary proceeding, which culminated in a March

2014 Board order reprimanding Plaintiff and revoking his license.[1]  On March 22, 2017, the

Board moved to dismiss all claims asserted against it in Plaintiff's complaint.  ECF No. 7.  In

response to the Board's motion to dismiss, Plaintiff filed a motion to amend his complaint in an

attempt to cure the deficiencies in the original complaint.  ECF No. 14.  On May 12, 2017, the

Board objected to the motion to amend on the grounds that Plaintiff's proposed amended

complaint was barred by the applicable statute of limitations and, like Plaintiff's original

complaint, failed to state any claim against the Board.  ECF No. 17.

3.      Plaintiff now "requests that a preliminary injunction be entered removing the NH

Board of Medicine Decision from the public record."  PI Motion ¶ 6.  To support this request,

Plaintiff argues that he is likely to succeed on the merits of his claims because the Board

purportedly "ignored evidence that would support Dr. Isaacs' position and made a ruling based

upon sealed documents."  PI Motion ¶ 5.  Plaintiff further contends that the preliminary

injunction should be issued because "[t]he continuing publication of the Board of Medicine order

that is the center of this dispute is causing the Plaintiff extreme and irreversible harm [and] he is

unable to pursue a career in medicine while it remains published."  PI Motion ¶ 18.

## ARGUMENT

4.      A preliminary injunction is an extraordinary remedy that is used to preserve the

status quo pending a full adjudication of the parties' claims.  *See Chambers v. Gerry*, 562 F.

Supp. 2d 197, 199 (D.N.H. 2007).  "To obtain a preliminary injunction, a plaintiff 'must

establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in

the absence of preliminary relief, that the balance of equities tips in his favor, and that an

injunction is in the public interest.'"  *Bruns v. Mayhew*, 750 F.3d 61, 65 (1st Cir. 2014) (quoting

---

[1]      A copy of the Board's Final Decision and Order, dated March 11, 2014, is attached as Exhibit 1
to the Board's Motion to Dismiss, dated March 22, 2017.  ECF No. 7-1.

*Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "[L]ikelihood of success on the merits is the 'sine qua non' of the four-part inquiry a district court must undertake in adjudicating a preliminary injunction request." *Am. Freedom Def. Initiative v. Mass Bay Transp. Auth.*, 781 F.3d 571, 578 n.4 (1st Cir. 2015).

5.      For the reasons explained in the Board's motion to dismiss (ECF No. 7) and in the Board's objection to Plaintiff's motion to amend his complaint (ECF No. 17), Plaintiff has failed to state any claim in this action.[2]  Therefore, Plaintiff is not likely to succeed on the merits and his motion for a preliminary injunction should be denied.[3]

6.      It bears emphasis that, under the Rooker-Feldman doctrine, "[l]ower federal courts are without subject matter jurisdiction to sit in direct review of state court decisions" and they are also without jurisdiction to consider claims that are inextricably intertwined with a review of state proceedings. *Wang v. New Hampshire Bd. of Registration in Medicine*, 55 F.3d 698, 703 (1st Cir. 1995).  Federal claims are inextricably intertwined with a state proceeding if the party "had an opportunity to raise those claims" in the state proceeding, and if the resolution of the claims in federal court would "effectively provide a form of federal appellate review" of the state proceeding.  *Miller v. NationStar Mortgage, LLC*, Case No. 12-cv-180-SM, 2012 U.S. Dist. LEXIS 115781, at *7 (D.N.H. Aug. 14, 2012) (citations and internal quotation marks omitted).  Thus, a losing party in a state proceeding is precluded from "dressing his claims in federal clothing in order to gain federal review of the disappointing state result." *Id.* (citation and internal quotation marks omitted).

---

[2]      The section 1983 and section 1985 claims asserted by Plaintiff in his proposed First Amended Complaint against the individual defendants fail for the additional reason that Board members, Board professional staff, and state officials performing prosecutorial functions are absolutely immune from suit in their individual capacities. *Wang v. New Hampshire Bd. of Registration in Medicine*, 55 F.3d 698, 701-02 (1st Cir. 1995).

[3]      Because the Board's Final Decision and Order was issued over three years ago, denying the preliminary relief requested by Plaintiff would also properly preserve the status quo.

7.      That Plaintiff seeks an injunction "removing the [March 2014] NH Board of Medicine Decision from the public record," PI Motion ¶ 6, makes plain that he is using this federal action to try to obtain federal review and reversal of a disappointing state result.  As such, this Court lacks subject matter jurisdiction over Plaintiff's lawsuit, and his request for a preliminary injunction should be denied.

<strong><u>CONCLUSION</u></strong>

8.      Based on the foregoing, the Board respectfully submits that Plaintiff's motion for a preliminary injunction should be denied in its entirety.

Respectfully submitted,

NEW HAMPSHIRE BOARD OF MEDICINE

By its attorney,

GORDON J. MACDONALD
Attorney General

Date:   June 23, 2017          /s/ Seth M. Zoracki
                                Seth M. Zoracki, Bar No. 267887
                                Assistant Attorney General
                                New Hampshire Office of the Attorney General
                                Civil Bureau
                                33 Capitol Street
                                Concord, New Hampshire 03301-6397
                                (603) 271-3650
                                seth.zoracki@doj.nh.gov

<strong><u>CERTIFICATE OF SERVICE</u></strong>

I hereby certify that a copy of the foregoing was served this 23rd day of June 2017 via the Court's ECF system.

/s/ Seth M. Zoracki