UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| DR. JEFFREY ISAACS<br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>DARTMOUTH HITCHCOCK MEDICAL CENTER<br>TRUSTEES OF DARTMOUTH COLLEGE<br>&<br>NH BOARD OF MEDICINE,<br>　　　　　　　　　Defendants. | Case No. 1:17-CV-00040-LM |

**PLAINTIFF'S REPLY TO DEFENDANT NEW HAMPSHIRE BOARD OF MEDICINE'S OBJECTION TO MOTION FOR PRELIMINARY INJUNCTION REMOVING NH BOARD OF MEDICINE ORDER AGAINST DR. ISAACS FROM THE PRIVATE RECORD**

NOW COMES the Plaintiff Dr. Jeffrey Isaacs by and through his counsel, Associated Attorneys of New England, and hereby replies to the Defendant's Objection to Plaintiff's Motion for Preliminary Injunction. In support of that motion he states as follows:

ARGUMENT

1. The Defendant primarily relies on the arguments that have previously been presented, The Plaintiff's reply to these arguments are contained in Doc. No. 15, 24 the Plaintiff has properly preserved and brought claims against the New Hampshire Board of Medicine on which he is likely to succeed on the merits.

2. Given that the Defendant has not added anything to their arguments in this motion, there is no need to rehash the Plaintiff's arguments against dismissal and for amendment in this motion.

I. **The Roooker-Feldman Doctrine**

3. The Plaintiff is likely to succeed on the merits of this action, the Defendant's reliance on the Rooker-Feldman doctrine is again misplaced and the result of a misreading of the current state of the doctrine and the claims presented in the Plaintiff's complaint.

4. The Defendant has properly defined the early stages of the doctrine and defines the current state of jurisprudence on this issue in this court in stating "Federal claims are inextricably intertwined with a state proceeding if the party "had an opportunity to raise those claims" in the state proceeding, and if the resolution of the claims in federal court would "effectively provide a form of federal appellate review" of the state proceeding.

5. The Rooker-Feldman doctrine has been limited by the court since its inception, and this court should not expand it here.

6. The 7th circuit interpreting Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 US 280 (2005) clarifies: "If the state court just failed to remedy an injury that predated litigation (or is independent of it the federal district judge should apply principals of issue and claim preclusion under 28 U.S.C. 1738 rather than dismiss for want of jurisdiction…" Harold v. Steel, 733 F.3d 884, 886 (7th Cir 2014).

7. The continuing and consistent injuries to the Plaintiff as a result of the failures of the Defendants predated the Board of Medicine matter, and the Plaintiff complains that the Board of Medicine failed to remedy these injuries.

8. When the court applies issue and claim preclusion here, the case should proceed on the merits. This issue has been discussed in several motions by the Plaintiff and the Plaintiff's claims here have not been adjudicated nor are they reliant on any issue already decided in State administrative hearing or federal decision.

**II. Factual Allegations**

9. Given the Defendants' failure to discuss the factual allegations in the Plaintiff's original complaint, amended complaint or the present motion this Court should consider those averments as correct.

10. Here the Plaintiff has alleged that the Board of Medicine and Board of Medicine employees worked with Dartmouth to retaliate against the Plaintiff.

11. The record further supports the collusion of the Defendants to prevent the Plaintiff from seeking employment in any field, but particularly the field of medicine.

12. The Defendants in violation of the Plaintiff's constitutional rights and the protections of the ADA held a hearing without the Plaintiff being able to appear.

13. The Defendants based their decision on confidential and sealed records, records that the AAMC has previously decided were not necessary for the Plaintiff to disclose.

14. The AAMC is a competent authority on the issue and the interpretation on which the Defendants made their decision primarily on the exact interpretation of the settlement agreements that the AAMC determined was inaccurate.

15. The Plaintiff has shown a likelihood of success for the constitutional and statutory violations of the Defendants.

16. The facts here show a likelihood of success on the merits for the Plaintiff.

**III. Conclusion**

17. As the Defendants' procedural arguments fail as a matter of law and the Plaintiff's factual claims have gone unopposed the Plaintiff has shown a likelihood of success on the merits.

18. The Defendants improperly rely primarily on the Rooker-Feldman doctrine to oppose this motion, as the injury complained of predates the Board of Medicine decision and the Board failed to remedy this injury the doctrine does not apply here.

19. It is important to note that although the injury predates the decision, the fact of the Board's failure to remedy it could not have been determined until after the decision was published.

20. The applicable doctrines of issue and claim preclusion do not serve to protect the Defendants from liability.

21. Claiming that the Plaintiff "makes plan that he is using this federal action to try to obtain federal review and reversal of a disappointing state result" does not make it true.

22. The Defendants continue to improperly dictate what they believe the Plaintiffs' motives or goals are, these imputed motives and goals have not been presented by the Plaintiff nor are they accurate.

23. The publication of a document alluding to the Plaintiff being a stalker despite a settlement agreement preventing the publication of that information is not impossibly entwined with the state decision nor is the Plaintiff's current request due to his current emergency health issues a request to re-litigate that decision.

24. With the Defendants' procedural argument defeated by the current state of jurisprudence and the Defendant offering no additional factual arguments the Plaintiff has presented a likelihood of success on the merits that would support the entry of a preliminary injunction here.

WHEREFORE, The Plaintiff requests this Honorable Court grant his motion for preliminary injunction.

|  |  |
|---|---|
| Dated: June 30, 2017 | Respectfully Submitted,<br>Jeffery Isaacs,<br>By and through his counsel<br><br>/s/ Keith A. Mathews<br>Keith A. Mathews, Esq.<br>NH Bar No. 20997<br>587 Union Street<br>Manchester, NH 03104<br>(603) 622-8100<br>(888) 912-1497 fax<br>Keith@aaone.law |

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Dated: June 30, 2017                                                             /s/ Keith A. Mathews