# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

Dr. Jeffrey Isaacs

    v.

Trustees of Dartmouth College, NH Board of Medicine, and Dartmouth Hitchcock Medical Center

Case No. 17-cv-40-LM
Opinion No. 2017 DNH 132

**O R D E R**

Dr. Jeffrey Isaacs is a former resident in psychiatry in the Graduate Medical Education program at Dartmouth Hitchcock Medical Center ("DHMC"). Asserting claims that arise from a disciplinary action taken against him by the New Hampshire Board of Medicine ("Board"), Dr. Isaacs is suing the Board, DHMC, and the Trustees of Dartmouth College ("Trustees"). After the Board and the Trustees each filed a motion to dismiss, plaintiff filed a pleading captioned "Motion to Amend Complaint as a Matter of Course," to which he attached his first amended complaint ("FAC"). That motion is currently before the court. The Board and the Trustees object; DHMC does not. For the reasons that follow, plaintiff's FAC was properly filed pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure ("Federal Rules"). As a consequence, the FAC is the operative complaint

in this case, but, for reasons explained more fully below, plaintiff's motion to amend is denied as moot.

## I. Discussion

In his motion, plaintiff relies upon both Rule 15(a)(1), which governs amendment as of right, and Rule 15(a)(2), which governs permissive amendment. More specifically, he asserts that he is entitled to amend his complaint without leave of the court, under Rule 15(a)(1), but he also asserts in the alternative, and out of an abundance of caution, that even if Rule 15(a)(1) does not apply, the court should grant him leave to amend his complaint under the standard set out in Rule 15(a)(2). Because plaintiff's FAC was properly filed pursuant to Rule 15(a)(1), the court need not reach his argument that he would be entitled to permissive amendment under Rule 15(a)(2).

With regard to amendment as of right, which requires no motion, the Federal Rules provide as follows:

> A party may amend its pleading once as a matter of course within:
>
> **(A)** 21 days after serving it, or
>
> **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1).  Where, as here, "a plaintiff seeks to amend his or her complaint against multiple defendants, each defendant is treated separately under Rule 15 for purposes of amending as of right."  Cowan v. Miller, No. 2:15-cv-12428, 2016 WL 4362868, at *2 (E.D. Mich. Aug. 16, 2016) (citing Dewald v. Clinton, No. 05-71492, 2010 WL 778057, at *1 (E.D. Mich. Mar. 4, 2010); Williams v. Bd. of Regents, 477 F.3d 1282, 1291 (11th Cir. 2007); Scott-Blanton v. Universal City Studios Prods., LLLP, 244 F.R.D. 67, 69 (D.D.C. 2007)); see also Culver v. Lithia Motors, Inc., Civ. No. 15-669 MCA/SCY, 2016 WL 7426587, at *7 (D.N.M. May 12, 2016).  In the discussion that follows, the court treats each defendant separately.

   A.  The NH Board of Medicine

   In his original eight-count complaint, plaintiff asserted five claims against the Board.  On March 22, the Board filed a motion to dismiss: (1) all five of plaintiff's claims under Rules 12(b)(1) and 12(b)(6); and (2) four of the five claims on grounds that they are barred by the Eleventh Amendment.  Before the deadline for objecting to the Board's motion, see LR 7.1(b), plaintiff filed a motion, assented to by the Board, asking the court to extend the deadline for responding to the Board's motion to dismiss until May 1.  The court granted plaintiff's

3

motion. On May 1, he filed both an objection to the Board's motion to dismiss and the motion to amend that is currently before the court.

Plaintiff asserts that he is entitled to amend his complaint as a matter of course under Rule 15(a)(1). The Board disagrees, arguing that under Rule 15(a)(1)(B), the window for such an amendment closed on April 12, 21 days after the Board served its motion to dismiss. While a strict reading of Rule 15(a)(1)(B) might support the Board's position, that position fails to account for the Board's own assent to plaintiff's motion to extend the deadline for responding to the motion to dismiss. If plaintiff's objection to the Board's motion to dismiss was timely filed, and the Board makes no argument to the contrary, it would defy common sense for the court to rule that plaintiff's contemporaneously filed FAC, which is also a response to the motion to dismiss, was untimely. Thus, as to the Board, plaintiff's FAC was properly filed under Rule 15(a)(1).

Because the FAC is now the operative complaint against the Board, the Board's pending motion to dismiss the original complaint is moot. That said, the court notes that in the Board's objection to plaintiff's motion to amend, it responds to

plaintiff's assertion that even if Rule 15(a)(1) does not apply, he should be granted leave to amend his complaint under Rule 15(a)(2). In so doing, the Board argues that plaintiff's proposed amendment would be futile, and incorporates by reference the arguments it advanced in its motion to dismiss the original complaint. Because futility is assessed under the same standard that applies to motions to dismiss filed under Rule 12(b)(6), see Privitera v. Curran (In re Curran), 855 F.3d 19, 28 (1st Cir. 2017), it appears that the Board's objection to plaintiff's motion to amend, in conjunction with its previously filed motion to dismiss, would provide the court with everything necessary to determine whether plaintiff's FAC states a claim upon which relief can be granted. The only thing lacking is a motion to dismiss the FAC. Given the state of the record, and in the interest of economy, the Board may, if it chooses to do so, file a motion to dismiss the FAC that simply incorporates, by reference, the arguments it made in its first motion to dismiss and its objection to plaintiff's motion to amend.

B. The Trustees of Dartmouth College

In his original complaint, plaintiff asserted six claims against the Trustees. On April 17, the Trustees moved to dismiss, arguing that: (1) plaintiff's claims are barred by res

judicata; (2) those claims are untimely; and (3) they are not a state actor subject to suit through 42 U.S.C. § 1983. Plaintiff filed his motion to amend and his FAC on May 1, which is less than 21 days after the Trustees served their motion to dismiss.

The Trustees argue that "[a]s the New Hampshire Board of Medicine has correctly pointed out, Dr. Isaacs' time to amend his Complaint as of right expired 21 days after that Defendant's March 22, 2017 Rule 12(b)(6) motion was filed." Def.'s Opposition to Mot. to Amend (doc. no. 20) 7. That argument, however, ignores the rule that "each defendant is treated separately under Rule 15 for purposes of amending as of right." Cowan, 2016 WL 4362868, at *2. Based upon Cowan, plaintiff had 21 days from April 17 to amend his complaint as a matter of course with respect to the Trustees. Because plaintiff filed his FAC less than 21 days after April 17, he satisfied Rule 15(a)(1)(B) as to the Trustees. That makes the FAC the operative complaint against the Trustees, and because the FAC is the operative complaint, the Trustees' motion to dismiss the original complaint is moot.

The Trustees also argue that by filing a motion to amend, rather than filing his FAC without a motion, plaintiff waived his right to amend his complaint as a matter of course. For

judicata; (2) those claims are untimely; and (3) they are not a state actor subject to suit through 42 U.S.C. § 1983. Plaintiff filed his motion to amend and his FAC on May 1, which is less than 21 days after the Trustees served their motion to dismiss.

The Trustees argue that "[a]s the New Hampshire Board of Medicine has correctly pointed out, Dr. Isaacs' time to amend his Complaint as of right expired 21 days after that Defendant's March 22, 2017 Rule 12(b)(6) motion was filed." Def.'s Opposition to Mot. to Amend (doc. no. 20) 7. That argument, however, ignores the rule that "each defendant is treated separately under Rule 15 for purposes of amending as of right." Cowan, 2016 WL 4362868, at *2. Based upon Cowan, plaintiff had 21 days from April 17 to amend his complaint as a matter of course with respect to the Trustees. Because plaintiff filed his FAC less than 21 days after April 17, he satisfied Rule 15(a)(1)(B) as to the Trustees. That makes the FAC the operative complaint against the Trustees, and because the FAC is the operative complaint, the Trustees' motion to dismiss the original complaint is moot.

The Trustees also argue that by filing a motion to amend, rather than filing his FAC without a motion, plaintiff waived his right to amend his complaint as a matter of course. For

judicata; (2) those claims are untimely; and (3) they are not a state actor subject to suit through 42 U.S.C. § 1983. Plaintiff filed his motion to amend and his FAC on May 1, which is less than 21 days after the Trustees served their motion to dismiss.

The Trustees argue that "[a]s the New Hampshire Board of Medicine has correctly pointed out, Dr. Isaacs' time to amend his Complaint as of right expired 21 days after that Defendant's March 22, 2017 Rule 12(b)(6) motion was filed." Def.'s Opposition to Mot. to Amend (doc. no. 20) 7. That argument, however, ignores the rule that "each defendant is treated separately under Rule 15 for purposes of amending as of right." Cowan, 2016 WL 4362868, at *2. Based upon Cowan, plaintiff had 21 days from April 17 to amend his complaint as a matter of course with respect to the Trustees. Because plaintiff filed his FAC less than 21 days after April 17, he satisfied Rule 15(a)(1)(B) as to the Trustees. That makes the FAC the operative complaint against the Trustees, and because the FAC is the operative complaint, the Trustees' motion to dismiss the original complaint is moot.

The Trustees also argue that by filing a motion to amend, rather than filing his FAC without a motion, plaintiff waived his right to amend his complaint as a matter of course. For

that proposition, they rely upon Coventry First, LLC v. McCarty, 605 F.3d 865 (11th Cir. 2010) (per curiam). In that case, the plaintiff "could have amended its complaint as a matter of course [but] [i]nstead, it filed an unnecessary motion to amend, with the proposed amendments attached." Id. at 869. The trial court denied the motion to amend, and the question before the court of appeals was "whether, under Rule 15(a) of the Federal Rules of Civil Procedure, the District Court had the discretion to deny the motion to amend as futile, given that Coventry could have filed an amended complaint as a matter of course." Id.

The court of appeals held that the District Court did not err by reaching the question of futility, explaining that by filing a motion to amend, the plaintiff had "waived the right to amend as a matter of course and . . . invited the District Court to review its proposed amendments." Coventry, 605 F.3d at 870. According to the appellate court, after the plaintiff "invited the District Court to review its proposed amendments," id., it could not "complain that the District Court accepted [its] invitation," id.

Even if the rule from Coventry were the law of this circuit, and the Trustees acknowledge both that the Coventry rule has not been universally accepted and that it has not been

7

considered by the First Circuit, this case is materially distinguishable from Coventry.  While Dr. Isaacs did invite the court to review his FAC, he did so in the alternative, and only after asserting that he was entitled to amend his complaint as a matter of course, under Rule 15(a)(1).  Indeed, even in light of Coventry, the court can see no basis for construing a pleading captioned "Motion to Amend Complaint as a Matter of Course" as a waiver of plaintiff's right to amend his complaint as a matter of course.  In short, even if the Coventry rule were the law of this circuit, it would not be an impediment to recognizing plaintiff's FAC as having been properly filed, as a matter of course, pursuant to Rule 15(a)(1).

Finally, the Trustees have responded to plaintiff's alternative assertion that he would be entitled to amend his complaint under Rule 15(a)(2).  They argue that amendment would be futile because the FAC fails to state a claim upon which relief can be granted.  As with the Board, the Trustees may, if they chose to do so, file a motion to dismiss the FAC that simply incorporates, by reference, the arguments they have already advanced in their first motion to dismiss and their objection to plaintiff's motion to amend.

C.  Dartmouth Hitchcock Medical Center

In his original complaint, plaintiff asserted six claims against DHMC.  He filed his motion to amend and his FAC approximately three weeks before DHMC was obligated to respond to the original complaint.  DHMC does not challenge plaintiff's right to amend his complaint as a matter of course.  Thus, as to DHMC, the FAC is the operative complaint.  Moreover, as DHMC's pending motion to dismiss was filed after plaintiff filed his FAC, and expressly applies to the FAC, the court will rule on DHMC's motion to dismiss in due course.

## II.  Conclusion

For the reasons detailed above, plaintiff's FAC is now the operative complaint in this case as to all three defendants.  Because an amended complaint filed pursuant to Rule 15(a)(1) requires no motion, plaintiff's motion to amend, document no. 14, is denied as moot.  In addition, the Board's motion to dismiss, document no. 7, and the Trustees' motion to dismiss, document no. 13, are both denied as moot, but without prejudice to each defendant filing a motion to dismiss that incorporates by reference the relevant arguments they have made in filings that are already a part of the record.

9

**SO ORDERED.**

_____
Landya McCafferty
United States District Judge

July 6, 2017

cc: John F. Skinner, III, Esq.
 Keith A. Mathews, Esq.
 Pierre A. Chabot, Esq.
 Seth M. Zoracki, Esq.
 William D. Pandolph, Esq.