## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Dr. Jeffrey Isaacs,                \*

                         \*

          Plaintiff,        \*

                         \*

     v.                   \*       Civil No. 1:17-CV-00040

                         \*

Trustees of Dartmouth College,    \*

NH Board of Medicine, and        \*

Dartmouth Hitchcock Medical Center.  \*

                         \*

          Defendants.      \*

                         \*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### DEFENDANT NEW HAMPSHIRE BOARD OF MEDICINE'S
### MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

Defendant New Hampshire Board of Medicine (the "Board"), by and through its counsel,

the Office of the Attorney General, hereby moves to dismiss Counts III, IV, and V of Plaintiff's

First Amended Complaint ("FAC"), dated May 1, 2017, for lack of subject matter jurisdiction

pursuant to Fed. R. Civ. P. 12(b)(1) and for failure to state a claim pursuant to Fed. R. Civ. P.

12(b)(6).  In support of its motion, the Board states as follows:

## I.     ALLEGATIONS OF THE FAC AND RELEVANT BACKGROUND

1.     The background and procedural history of this case are outlined in this Court's

July 12, 2017 order, which granted a motion to dismiss filed by Dartmouth Hitchcock Medical

Center ("DHMC") and dismissed, *sua sponte*, certain other claims.  *See* Order (July 12, 2017) at

3-7 (ECF No. 34).  For ease of reference, the background and allegations relevant to Plaintiff's

claims against the Board are summarized below.

2.     Plaintiff is a former resident in psychiatry in the Graduate Medical Education

program at DHMC.  The Board is a state agency that issues licenses to persons qualified to

practice medicine in New Hampshire, regulates the minimum standards for professional conduct in the field of medicine, and takes disciplinary action against licensees, like Plaintiff, who fail to meet these standards. *See* N.H. Rev. Stat. Ann §§ 329:2, :9, :17. The Board's mission is to protect the public from the unprofessional, incompetent, or impaired practice of medicine. FAC ¶ 11.

3.      Plaintiff filed his original complaint in this action on or about February 3, 2017, asserting various claims—against the Board, DHMC, and the Trustees of Dartmouth College—arising out of a disciplinary action taken by the Board in 2014, which culminated in a Board order reprimanding Plaintiff and revoking his license.[1]  On March 22, 2017, the Board moved to dismiss all claims asserted against it in Plaintiff's original complaint. ECF No. 7. In response to the motion to dismiss, Plaintiff filed a motion to amend his complaint, together with the FAC, in an apparent effort to cure the deficiencies in the original complaint. ECF No. 14. The FAC is now the operative complaint in this case as to all defendants. Order (July 6, 2017) at 9 (ECF No. 33).

4.      As alleged in the FAC, Plaintiff received his medical degree in 2010 from the American University of the Caribbean. FAC ¶ 10. In May 2011, the Board granted Plaintiff a Resident Training license for the adult psychiatry training program at DHMC.[2] FAC ¶¶ 14, 21. Less than one year later, however, in March 2012, DHMC terminated Plaintiff because he "had not disclosed important items" on his application for admission to the program. OC ¶¶ 55-56,

---

[1]      A copy of the Board's Final Decision and Order, dated March 11, 2014, is attached as Exhibit 1 to the Board's prior motion to dismiss, dated March 22, 2017. ECF No. 7-1.

[2]      Resident Training licenses are issued by the Board to persons pursuing post-graduate training in approved health facilities. N.H. Code Admin. R. Ann. Med 305.04.

59, 95-96.[3]  In particular, Plaintiff had failed to disclose that he had been dismissed as a student from the medical school at the University of Southern California (USC) and also that he had resigned from a residency in general surgery at the University of Arizona.  OC ¶ 61; Order (July 12, 2017) at 3-4 (ECF No. 34).  As Plaintiff explains in the FAC, he was expelled from the medical school at USC for violating a "stay-away" order that was put in place after Plaintiff had a "dispute" with a classmate.  FAC ¶ 63 n.4.

5.     In March 2012, the Board commenced an investigation to determine whether Plaintiff had engaged in professional misconduct by also failing to disclose the above facts in his New Hampshire Application for Training License for Residents and Graduate Fellows.  FAC ¶ 22; OC ¶¶ 16, 109, & Ex. A.  Based on the findings of the investigation, on or about October 7, 2013, the Board provided Plaintiff with formal notice that a disciplinary hearing had been scheduled for February 5, 2014 to determine whether Plaintiff had engaged in professional misconduct.  FAC ¶¶ 28-29; OC ¶ 110; Board's Mot. to Dismiss, Ex. 1 at 2 (ECF No. 7-1).  The notice informed Plaintiff that his failure to appear at the hearing "may result in the hearing being held *in absentia* with disciplinary sanctions imposed without further notice or opportunity to be heard."  Board's Mot. to Dismiss, Ex. 1 at 2 (ECF No. 7-1).

6.     Approximately one week before the scheduled disciplinary hearing, on January 29, 2014, Plaintiff sent the Board an email, with the subject line "Motion to Stay Hearing or Appear by Teleconference."  FAC ¶ 25; OC ¶ 111.  The email indicated that Plaintiff had filed a lawsuit against the Board in Pennsylvania and requested a postponement of the hearing.  FAC ¶ 25; OC ¶ 111.  Plaintiff also requested that he be allowed to appear at the hearing telephonically due to "medical reasons."  FAC ¶ 25; OC ¶ 111.  As alleged in the FAC, the

---

[3]     References herein to the "OC" are to Plaintiff's original complaint, dated February 3, 2017.  The factual allegations in the OC and FAC are substantially the same and, as Plaintiff states in the FAC, the relevant background "may still be gleaned from a review of the Original Complaint."  FAC at 4 n.2.

Board denied the request for postponement, "reasoning that the [Pennsylvania] litigation was not a proper reason to stay the case"; and advised Plaintiff that he "had not provided details of his medical issues" and "would not allow him to appear by telephone or videoconference." FAC ¶ 26; OC ¶ 112.

7.      On the morning of February 5, 2014—hours before Plaintiff's disciplinary hearing was to begin—Plaintiff sent the Board another email, this time indicating that "inclement weather" and a rental car that was "particularly unequipped to drive in poor weather" would prevent him from attending the hearing. FAC ¶ 27; OC ¶ 113. The hearing went forward as scheduled without Plaintiff in attendance. FAC ¶¶ 28-29; OC ¶ 114. Following the hearing, the Board issued a Final Decision and Order, which included a reprimand that allegedly "damaged [Plaintiff's] career and reputation." FAC ¶¶ 37, 43-46, 59-64; OC ¶ 123. Plaintiff thereafter appealed the Board's decision to the New Hampshire Supreme Court, which declined to accept Plaintiff's appeal by unanimous vote of the Court.[4]

8.      In the FAC, Plaintiff takes issue with the Board's Final Decision and Order because he claims that the Board entered it without his "input, presence, or defense, based on misapplication of the facts and a misuse and withholding of the evidence."[5] FAC ¶ 37; OC ¶ 118. Plaintiff says that his purpose in filing the FAC is to "correct the record" of the Board disciplinary proceeding. FAC ¶ 19 n.3. To that end, Plaintiff "is not actively seeking monetary

---

[4]      A copy of the January 8, 2015 New Hampshire Supreme Court order dismissing Plaintiff's appeal from the Board's decision is attached hereto as **Exhibit 1**.

[5]      Plaintiff contends that the Board misconstrued certain evidence that was entered at the February 2014 hearing. FAC ¶¶ 34-36. Such evidence consisted of "out of State documents," namely a "court-approved settlement agreement" between Plaintiff and the Keck School of Medicine (*i.e.*, the medical school at USC from which Plaintiff was expelled) obtained from the public record. FAC ¶¶ 31-34; OC ¶¶ 116-122; Board's Mot. to Dismiss, Ex. 1 at 5 (ECF No. 7-1).

compensation, and instead seeks equitable relief to rescind and retract the Board Decision and be re-admitted to Dartmouth." FAC ¶ 19 n.3.

9.      To obtain such relief against the Board, the FAC asserts three claims: (a) a claim that the Board allegedly violated Title II of the ADA by requiring "a disabled individual [*i.e.*, Plaintiff] to drive through 8" of snow from Philadelphia" to his disciplinary hearing in New Hampshire (Count III); (b) a claim that the Board allegedly violated Title IV of the ADA by issuing a Final Decision and Order that was adverse to Plaintiff in retaliation for Plaintiff asserting unspecified "ADA rights with the Board" (Count IV); and (c) a claim for injunctive relief in the form of a Court order requiring the Board to "take down and/or retract" its March 11, 2014 decision in Plaintiff's disciplinary proceeding (Count V). For the reasons explained below, Plaintiff's claims against the Board are baseless and should be dismissed for lack of subject matter jurisdiction and for failure to state a claim.[6]

---

[6]      This Court stated in its July 6, 2017 order:

> [I]t appears that the Board's objection to plaintiff's motion to amend, in conjunction with its previously filed motion to dismiss, would provide the court with everything necessary to determine whether plaintiff's FAC states a claim upon which relief can be granted. The only thing lacking is a motion to dismiss the FAC. Given the state of the record, and in the interest of economy, the Board may, if it chooses to do so, file a motion to dismiss the FAC that simply incorporates, by reference, the arguments it made in its first motion to dismiss and its objection to plaintiff's motion to amend.

Order at 5 (ECF No. 33). In accordance with the Court's recent order, the Board incorporates by reference herein the arguments it made in its first motion to dismiss (ECF No. 7) and in its objection to Plaintiff's motion to amend (ECF No. 17). However, because Plaintiff has reorganized and renumbered the claims in his FAC, and because the FAC asserts only three claims against the Board in the FAC (compared to five in the original complaint), the Board's arguments supporting the dismissal of the FAC are set forth herein for ease of reference.

II.    **ARGUMENT**

  A.    **Standards of Review**

10.    In deciding a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the court must "accept as true all well-pleaded factual averments in the plaintiff's complaint and indulge all reasonable inferences therefrom in his favor." *Katz v. Pershing, LLC*, 672 F.3d 64, 70 (1st Cir. 2012) (internal quotation marks and citation omitted). Once subject matter jurisdiction is challenged, the burden shifts to the plaintiff to establish that the court's jurisdiction extends to his claims. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

11.    To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the plaintiff's complaint must contain sufficient factual matter "'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "In ruling on such a motion, the court must accept as true all well-pleaded facts set forth in the complaint and must draw all reasonable inferences in the plaintiff's favor." *Moore v. Mortgage Elec. Registration Sys.*, 848 F. Supp. 2d 107, 115 (D.N.H. 2012). "The court may consider not only the complaint but also facts extractable from documentation annexed to or incorporated by reference in the complaint and matters susceptible to judicial notice." *Id.* (internal quotations and citations omitted). A complaint that contains only "threadbare recitals of the elements of a cause of action" or that consists of "allegations that merely parrot the elements of the cause of action" may be dismissed. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). Moreover, for a claim to meet the plausibility requirement, the complaint's non-conclusory factual allegations and the reasonable inferences

drawn therefrom "must state a plausible, not a merely conceivable, case for relief." *Sepulveda-Villarini v. Dep't of Educ.*, 628 F.3d 25, 29 (1st Cir. 2010).

12.     For the reasons set forth below, all claims asserted against the Board should be dismissed in their entireties for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

**B.     This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claims Because They Improperly Seek Federal Review of the Board's Final Decision and Order.**

13.     As explained above, Plaintiff's claims against the Board are based on supposed procedural deficiencies, evidentiary errors, and misapplication of facts at the February 2014 disciplinary hearing and in the Board's March 2014 Final Decision and Order. *See, e.g.*, FAC ¶ 78 (alleging that Plaintiff was "excluded" from the hearing), ¶ 82 (alleging that the Board failed to "include evidence the Plaintiff had emailed prior to the hearing"), ¶ 86 (alleging that the Board used "confidential and sealed information as 'evidence'" and "ignor[ed] other information"). While Plaintiff frames his claims against the Board in terms of purported violations of the ADA, the FAC expressly is designed to seek review and reversal of the Board's Final Decision and Order. *See* FAC ¶ 19 n.3 (Plaintiff "is not actively seeking monetary compensation, and instead seeks equitable relief to rescind and retract the Board Decision and be re-admitted to Dartmouth."); FAC ¶ 100 (seeking an order "deleting, retracting, or otherwise removing the Board's decision from publication or dissemination"); FAC at 31 (seeking an order directing the Board to "remove and retract the March 11, 2014 Decision").

14.     Under the *Rooker-Feldman* doctrine, however, it is well-settled that "[l]ower federal courts are without subject matter jurisdiction to sit in direct review of state court decisions" and they are also without jurisdiction to consider claims that are inextricably

intertwined with a review of state proceedings. *Wang v. New Hampshire Bd. of Registration in Medicine*, 55 F.3d 698, 703 (1st Cir. 1995); *Bettencourt v. Bd. of Registration in Medicine*, 721 F. Supp. 382, 384 (D. Mass. 1989) ("A federal court has no jurisdiction to review a decision of a state administrative agency that is judicial in nature."), *aff'd*, 904 F.2d 772 (1st Cir. 1990); *see also Malachowski v. Keene*, 787 F.2d 704, 708 (1st Cir. 1986) (federal courts cannot review state proceedings where the relief sought in federal court "would be tantamount to reversal" of an order issued by a state tribunal). Federal claims are inextricably intertwined with a state proceeding if the party "had an opportunity to raise those claims" in the state proceeding, and if the resolution of the claims in federal court would "effectively provide a form of federal appellate review" of the state proceeding. *Miller v. NationStar Mortgage, LLC*, Case No. 12-cv-180-SM, 2012 U.S. Dist. LEXIS 115781, at *7 (D.N.H. Aug. 14, 2012) (citations and internal quotation marks omitted). Thus, an aggrieved party in a state proceeding is precluded from "dressing his claims in federal clothing in order to gain federal review of the disappointing state result." *Id.* (citation and internal quotation marks omitted).

15.     Here, as explained above, Plaintiff admits that his claims are expressly intended to seek review and reversal of the Board's March 2014 Final Decision and Order. For Plaintiff to seek the relief he now seeks from this Court, the proper procedure was for him to file an appeal with the New Hampshire Supreme Court in accordance with New Hampshire state law.[7] In fact, Plaintiff did file an appeal from the Board's March 2014 decision and, as indicated above, the New Hampshire Supreme Court declined to accept it. *See* Ex. 1. If this Court now were to grant

---

[7]     *See* N.H. Rev. Stat. Ann. § 329:17, VIII (providing that Board disciplinary actions may be appealed to the New Hampshire Supreme Court in accordance with N.H. Rev. Stat. Ann. § 541:6); N.H. Rev. Stat. Ann. § 541:6 ("Within thirty days after the application for a rehearing is denied, or, if the application is granted, then within thirty days after the decision on such rehearing, the applicant may appeal by petition to the supreme court.").

the relief sought by Plaintiff in this lawsuit, it would effectively reverse the Board's March 2014

decision *and* the New Hampshire Supreme Court's order declining to review that decision.

Given that Plaintiff is using this federal action to circumvent the procedure for appellate review

under New Hampshire law and to obtain federal review of the Board's decision, this Court lacks

subject matter jurisdiction over Plaintiff's claims.  For this reason alone, all of Plaintiff's claims

against the Board should be dismissed with prejudice.

      **C.**     **Plaintiff's Allegations Are Insufficient to State a Plausible Claim Under Title II of the ADA (Count III).**

      16.    In support of his claim under Title II of the Americans with Disabilities Act

(ADA), Plaintiff alleges that the Board's actions in requiring "a disabled individual to drive

through 8" of snow from Philadelphia [to the disciplinary hearing in New Hampshire]

constituted a violation of the ADA," and that the Board should have accommodated Plaintiff by

allowing him to appear at the hearing by videoconference.  FAC ¶ 80.  Plaintiff further contends

that "the very failure to recognize that [Plaintiff] needed a continuance for 'medical reasons' is

alone enough to show that it is plausible that the Board discriminated against the plaintiff

because of his disability."  FAC ¶ 81.  These allegations, however, are far from stating a

plausible claim for relief under Title II of the ADA.

      17.    Title II of the ADA states that "no qualified individual with a disability shall, by

reason of such disability, be excluded from participation in or be denied the benefits of the

services, programs, or activities of a public entity, or be subjected to discrimination by any such

entity."  42 U.S.C. § 12132.  "To state a claim for a violation of Title II, a plaintiff must allege

(1) that he is a qualified individual with a disability; (2) that he was either excluded from

participation in or denied the benefits of some public entity's services, programs, or activities or

was otherwise discriminated against; and (3) that such exclusion, denial of benefits, or

discrimination was by reason of his disability." *Toledo v. Sanchez*, 454 F.3d 24, 31 (1st Cir. 2006).

18.     "In cases where the alleged violation involves the denial of a reasonable modification/accommodation, the ADA's reasonable accommodation requirement usually does not apply unless triggered by a request." *Kiman v. N.H. Dep't of Corrs.*, 451 F.3d 274, 283 (1st Cir. 2006) (internal citations and quotations omitted). Moreover, "[r]equests for accommodation must be express and specific, must provide an agency with notice of the need for an accommodation, and must link the need to a disability." *Phillips v. Toumpas*, Civil No. 10-cv-588-JL, 2011 U.S. Dist. LEXIS 93805, at *9 (D.N.H. June 30, 2011) (citing *Orta-Castro v. Merck, Sharp & Dohme Quimica P.R., Inc.*, 447 F.3d 105, 113 (1st Cir. 2006)).

19.     Plaintiff has failed to allege facts sufficient to support a plausible Title II claim. To begin with, Plaintiff has not alleged any specific facts that he has a disability. He vaguely alleges that he is a "disabled individual" that needed a reasonable accommodation for "medical reasons." FAC ¶¶ 77, 80-81. Such a threadbare recital of the first element of a Title II claim is insufficient to support the claim. *See Ocasio-Hernandez*, 640 F.3d at 12. As to the third element, Plaintiff makes no plausible factual allegations indicating that disability discrimination factored into the Board's decision to deny Plaintiff's requests to stay the hearing or appear at the hearing by videoconference or telephone. As the Board stated in its Final Decision and Order:

> The Board finds that timely notice had been provided to the [Plaintiff] with regard to the hearing. Here, where [Plaintiff] had over four months to prepare and attend or timely ask for a continuance, his eleventh hour request to stay the proceeding was without merit. Had there been some legitimate medical reason that had been articulated by the [Plaintiff], the Board would have given that issue consideration. [Plaintiff], however, simply indicated that he had medical reasons that precluded him from driving to New Hampshire, which he then did not reassert on February 5, 2014 when he provided notice that he would not attend the hearing,

> citing instead to weather conditions and automobile issues. [Plaintiff] provided no reasonable grounds for continuing the hearing, nor did he ask for reconsideration, indicating that weather—given the forecast—would prevent him from attending.

Board's Mot. to Dismiss, Ex. 1 at 5 (ECF No. 7-1). Thus, the Board's Final Decision and Order makes plain that the denial of Plaintiff's requests was due not to disability discrimination but rather Plaintiff's inconsistent requests and ultimate failure to provide any reasonable grounds for continuing the hearing.

20.    Plaintiff also fails to allege any specific facts, as he must, indicating that he made an express and specific request for an accommodation, that he provided the Board with notice of his need for an accommodation, or that he linked the need for an accommodation with his disability. As Plaintiff acknowledges in the FAC, Plaintiff vaguely referred to "medical reasons" as purported support for his request to postpone the hearing. FAC ¶¶ 25, 81. There are no allegations indicating that Plaintiff provided any explanation to the Board as to his need for an accommodation. And, as the Board pointed out in its Final Decision and Order, Plaintiff's last-minute request to postpone the hearing made no reference at all to any medical issue or disability, but rather was based on "inclement weather." FAC ¶ 27. Under these circumstances, Plaintiff has failed to state a claim to relief that is plausible on its face, and the ADA Title II claim should be dismissed.

### D.    Plaintiff's Allegations Are Insufficient to State a Plausible Claim For ADA Retaliation (Count IV).

21.    Plaintiff has also failed to allege facts to support a claim for ADA retaliation. To begin with, this claim is barred for failure to allege exhaustion of administrative remedies. *See Rivera-Diaz v. Humana Ins. of P.R., Inc.*, 748 F.3d 387, 389-90 (1st Cir. 2014); *see also* Order (July 12, 2017) at 21-22 (ECF No. 34).

22.    In any event, the FAC fails to provide sufficient, non-conclusory facts to support a retaliation claim.  "The ADA's retaliation provision states that '[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by'" the ADA.  *Freadman v. Metro. Prop. & Cas. Ins. Co.*, 484 F.3d 91, 106 (1st Cir. 2007) (quoting 42 U.S.C. § 12203(a)).  Put another way, the ADA prohibits retaliation against any person for "opposing disability-based discrimination made unlawful by" the ADA.  *D.B. v. Esposito*, 675 F.3d 26, 40 (1st Cir. 2012).  To state a claim for ADA retaliation, a plaintiff must show that: "(1) he or she engaged in protected conduct, (2) he or she was subjected to adverse action by the defendant, and (3) there was a causal connection between the protected conduct and the adverse action."  *Id.* at 41.

23.    Here, as to the first element, the FAC alleges no specific facts that Plaintiff actually engaged in protected activity by opposing disability-based discrimination.  To the extent that Plaintiff contends that his request to stay or postpone the Board's disciplinary hearing or to appear telephonically constituted a request for a reasonable accommodation protected by the ADA, those allegations are insufficient to show the requisite "protected conduct" because, as explained above, those allegations do not support a claim that Plaintiff made a sufficient request for a reasonable accommodation under the ADA.  As to the third element, Plaintiff's allegations that the Board retaliated against him by "using confidential and sealed information as 'evidence'" and by "denying reasonable accommodations requests" are not supported by any specific facts, conclusory, and utterly implausible.  FAC ¶ 86.  The absence of any plausible factual allegations to support the ADA retaliation claim is laid bare in paragraph 87 of the FAC, where Plaintiff alleges, "[u]pon information and belief," that his ADA retaliation claim is based on another entirely implausible allegation: that "neither Dartmouth nor the Board of [M]edicine

want any disabled individuals to become Doctors." Thus, the FAC does not provide any specific and non-conclusory facts that there was a "causal connection" between any ADA-protected conduct by Plaintiff and any adverse action by the Board.

24.    Because Plaintiff fails to allege any facts to support a plausible claim that the Board's findings in its Final Decision and Order were intended to retaliate against Plaintiff for requesting a stay or postponement of the March 2014 disciplinary hearing, the ADA retaliation claim must be dismissed.[8]

## III.    STATEMENT PURSUANT TO LOCAL CIVIL RULE 7.1(a)(2)

25.    No separate memorandum of law in support of this motion to dismiss is necessary because all the facts and argument necessary for the sought-after relief are contained herein.

## IV.    CONCLUSION

26.    Based on the foregoing, the Board respectfully submits that Count III, Count IV, and Count V of the FAC should be dismissed.[9]

---

[8]    As Plaintiff has failed to state a claim in Counts III and IV under the ADA, his claim against the Board for a permanent injunction in Count V necessarily fails, and must also be dismissed. *See Aponte v. Calderon*, 284 F.3d 184, 191 (1st Cir. 2002) (to obtain a permanent injunction, plaintiff must prevail on the merits of his claims); *cf. Bercovitch v. Baldwin Sch.*, 133 F.3d 141, 151 (1st Cir. 1998).

[9]    Counts I and II of the FAC, which were asserted against the Board in the original complaint, were re-asserted in the FAC against Attorney Jeff Cahill (hearing counsel at the Board disciplinary hearing), Penny Taylor (Administrator of the Board), and unidentified "other Board members" in their individual capacities. FAC at 10, 14. Of those two claims, only Count I remains because Count II was dismissed, *sua sponte*, by this Court's prior order. Order (July, 12, 2017) at 25 (ECF No. 34). The case docket reflects that the Court has not issued summonses to any of these newly named individual defendants and Plaintiff has not effected service of the FAC upon them. Nevertheless, for purposes of efficiency, *sua sponte* dismissal of Count I is appropriate as it is patently meritless for three independent reasons. First, the claim is barred by the three-year statute of limitations. *See* Board's Obj. to Pl.'s Mot. to Am. Compl. ¶¶ 9-13 (ECF No. 17). Second, the claim is barred by the doctrine of absolute immunity. *See Wang v. New Hampshire Bd. of Registration in Medicine*, 55 F.3d 698, 701-02 (1st Cir. 1995) (Board members, Board professional staff, and state officials performing prosecutorial functions are absolutely immune from suit in their individual capacities under section 1983). Third, the claim seeks relief that is not available in a section 1983 action against state officials in their individual capacities. *See Greenawalt v. Ind. Dep't of Corr.*, 397 F.3d 587, 589 (7th Cir. 2005) (injunctive relief not available in section 1983 action against state officials in their individual capacities).

WHEREFORE, the Board respectfully requests that this Honorable Court:

A.    Grant this motion to dismiss;

B.    Dismiss Counts III, IV, and V of the FAC with prejudice;

C.    Dismiss, *sua sponte*, Count I of the FAC with prejudice; and

D.    Grant such further relief as this Court deems just and proper.

Respectfully submitted,

NEW HAMPSHIRE BOARD OF MEDICINE

By its attorney,

GORDON J. MACDONALD
Attorney General

Date:  July 13, 2017          /s/ Seth M. Zoracki
Seth M. Zoracki, Bar No. 267887
Assistant Attorney General
New Hampshire Office of the Attorney General
Civil Bureau
33 Capitol Street
Concord, New Hampshire 03301-6397
(603) 271-3650
seth.zoracki@doj.nh.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served this 13th day of July 2017 via the Court's ECF system.

/s/ Seth M. Zoracki