UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Dr. Jeffrey Isaacs,

        Plaintiff

        v.                Docket No. 1:17-cv-00040-LM

Trustees of Dartmouth College,
NH Board of Medicine and,
Dartmouth-Hitchcock Medical Center

        Defendants

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## TRUSTEES OF DARTMOUTH COLLEGE'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED

The Trustees of Dartmouth College hereby move to dismiss all claims against them set forth in Dr. Isaacs' First Amended Complaint (Doc. 14-1), which became operative by Order of this Court on July 6, 2017 (Doc. 33). In its latest form, Dr. Isaacs' complaint against the Trustees of Dartmouth College ("the College") makes no non-conclusory allegations that allow even the inference that he is entitled to any relief, particularly as against the College. The College states as follows in support of its Motion:

    1.    On July 12, 2017, this Court dismissed all but one of the claims as against the Trustees of Dartmouth College, and set a deadline for Dr. Isaacs to show cause why the sole remaining claim – Retaliation pursuant to the Americans with Disabilities Act, Count VIII, should not be dismissed. See Doc. 34. In light of that Order, the College tenders this truncated Motion to Dismiss, primarily to ensure that there is no argument it has defaulted following the

entry of Dr. Isaacs' First Amended Complaint, and to preserve additional arguments that support the dismissal of Dr. Isaacs' claims.

2. This Court noted, in allowing Dr. Isaac's First Amended Complaint, that the arguments of the College to the effect that Dr. Isaacs' Motion to Amend was futile, would be viable arguments in connection with a Rule 12(b)(6) motion as to the Amended Complaint, which the Court determined should be allowed as of right. Doc. 33 at 5, 8. In order to conserve judicial resources and in light of the tremendous volume of resources that have already been expended defending the College from Dr. Isaacs' claims, the College incorporates by reference the following briefs or sections of briefs filed previously in this matter in lieu of submitting a further memorandum of law:

- The College's "Opposition to Motion to Amend" Doc. 20, including attachments, exclusive of first paragraph of "Applicable Standards" section (pp. 7-8); and

- The College's Memorandum of Law in Support of its initial Motion to Dismiss, Doc. 13-1, at § C (p. 13).

3. Dr. Isaacs' First Amended Complaint fails to state a claim for relief for the reasons set forth in the memoranda of law described in paragraph 2. Dr. Isaacs' only factual allegation as to the supposed involvement of the College in his Board of Medicine proceeding in 2014, which is the primary transaction that gives rise to the present claim, is that Dr. Christine Finn, or some other unnamed agent of one of the Dartmouth Defendants, supplied the Board of Medicine with a publically-available settlement agreement between himself and the USC Keck School of Medicine relating to his harassment of a fellow student. As explained in Doc. 20 at § B, pp. 11-12, this allegation establishes statutory immunity on its face, and in any event, it fails to state a plausible claim for relief under any of the theories that Dr. Isaacs attempts to articulate.

Furthermore, as explained in § A, pp. 9-10 of the same pleading, this Court lacks subject matter jurisdiction to revisit the Board of Medicine proceedings that Dr. Isaacs concludes were improperly influenced.

4. To the extent that Dr. Isaacs asserts that the College can be held liable on a retaliation theory because a third party, DHMC, elected not to rehire him, Dr. Isaacs has failed to allege that he properly exhausted administrative remedies as required to make out a claim under subchapter I of the Americans with Disabilities Act, and has failed to demonstrate that the College is a public entity subject to the other potentially applicable subchapters of the ADA. Doc. 20 at § C, pp. 12-14.

5. Dr. Isaacs' First Amended Complaint additionally fails to state a claim for which relief can be granted for the same reasons articulated in the Court's July 12, 2017, Order on DHMC's Motion to Dismiss, Doc. 34. That Order, which dismissed Counts VI, VII and IX as against the College, and ordered Dr. Isaacs to show cause why Count VIII should not be dismissed, is correct in its reasoning and application of the law to the facts alleged in Dr. Isaacs' First Amended Complaint.

6. No further Memorandum of Law is being submitted herewith as the facts and law necessary to grant this Motion are all sufficiently set forth in the documents referenced herein.

7. The College did not seek Dr. Isaacs' assent for the relief requested herein because this is a dispositive motion.

WHEREFORE the Defendant, the Trustees of Dartmouth College, respectfully ask the Court to:

A. DISMISS Dr. Isaacs' First Amended Complaint with prejudice as against it; and

B GRANT such other and further relief as is just and equitable.

Respectfully submitted,

THE TRUSTEES OF DARTMOUTH COLLEGE

By its attorneys,

WADLEIGH, STARR & PETERS, P.L.L.C.

Dated: July 17, 2017

By /s/ Pierre A. Chabot
Kathleen C. Peahl – Bar No.6880
Pierre A. Chabot – Bar No. 17606
95 Market Street
Manchester, NH 03101
(603)669-4140
kpeahl@wadleighlaw.com
pchabot@wadleighlaw.com

CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of July, 2017, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and Notice of Electronic Filing on all counsel of record.

/s/ Pierre A. Chabot
Pierre A. Chabot