UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

DR. JEFFREY ISAACS )
                Plaintiff, )
)
vs. )
) Case No. 1:17-CV-00040-LM
DARTMOUTH HITCHCOCK MEDICAL CENTER )
TRUSTEES OF DARTMOUTH COLLEGE )
& )
NH BOARD OF MEDICINE, )
)
                Defendants. )

**PLAINTIFF'S OBJECTION TO DEFENDANT NEW HAMPSHIRE BOARD OF MEDICINE'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

NOW COMES THE PLAINTIFF, Dr. Jeffrey Isaacs by and through counsel, and hereby OBJECTS to the Defendant NH Board of Medicine's ("BOM") Motion to Dismiss the First Amended Complaint. [Doc. 35]. In support whereof, Plaintiff states as follows:

ARGUMENT BASED ON DEFENSE FACTS AND STANDARD OF REVIEW

**A.** **The Defendants attempt to divest this Court's Jurisdiction must fail as the Plaintiff has met his Burden at this stage and all facts and inferences must be drawn in Plaintiff's favor.**

1. Defendants erroneously attempt to shift the burden onto the Plainitff to establish jurisdiction by citing to Kokkonen v. Guardian Life Ins. Co. of Am., 511 US 375, 377 (1994). (Holding that the District Court lacked jurisdiction to enforce the terms of a settlement agreement entered into in conjunction with a Fed. R. Civ. P 41(a)(1)(ii) stipulation of dismissal where the parties failed to memorialize the Agreement as a Court Order or explicitly retain jurisdiction and finding that enforcement was a State Court matter.)

2. But the Supreme Court did not say what the Defendants argue. Instead the Court said:

    a. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, see *Willy v. Coastal Corp.*, 503 U. S. 131, 136-137 (1992); *Bender v. Williamsport Area School Dist.* , 475 U. S. 534, 541 (1986), which is not to be expanded by judicial decree, *American Fire & Casualty Co. v. Finn*, 341 U. S. 6 (1951). It is to be presumed that a cause lies outside this limited jurisdiction, *Turner v. Bank of North-America*, 4 Dall. 8, 11 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction, *McNutt v. General Motors Acceptance Corp.*, 298 U. S. 178, 182-183 (1936)." Id. at 377.

3. Here, the plaintiff seeks to enforce the provisions of the United State Constitution and Federal Statutory law. Thus, this Court is vested with Jurisdiction. To shift the burden, any such challenge to jurisdiction by the Defense must necessarily be based on more than what it is now- their own mere conjecture and speculation and inferences drawn in a light most favorable to *them*.

4. The facts and background laid out by the Defense in a light most favorable to the defense is not the proper measure of this action. Plaintiff's allegations of fact and every inference fairly deducible there from are accepted as true for purposes of a motion to dismiss. Erickson v. Pardus, 551 U.S. 89, 93–94 (2007). The instant motions to Dismiss are replete with defense counsel's own inferences drawn to support dismissal which is not the standard.

5. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable and 'that a recovery is very remote and unlikely.' " Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 (2007).

### FURTHER LEGAL ARGUMENT

6. At the outset, it should be observed that if a wheelchair-bound person lost their State Court case because they could not appear to defend themselves or present their side of the

case, and filed this suit, it would never be thought to be an impermissible Federal appeal of a State Court decision. This is an analogous situation. Dr. Isaacs is a disabled individual denied the ability to defend himself by the Board's wrongful acts. Generally, the Defendants arguments are all premised around *their* theory that this case is an impermissible appeal of the Boards decision. It is not an appeal but rather an enforcement action of Federal law, mainly the ADA, the ignorance of which by the NH Board deprived Dr. Isaacs of important rights.

B. **This Court Maintains Jurisdiction Over These Federal Claims Which Are Not Intended to "Review" The Board's Final Decision and Order, But Rather to Remedy Violations of Federal Law and thus "*Rooker-Feldman*" is not applicable.**

7. Defendant cites to the proposition that a Federal District Court is without subject matter jurisdiction to sit in direct review of state court decisions and cites to the "*Rooker-Feldman*" doctrine, as well as, Wang v. New Hampshire Bd. of Registration in Medicine, 55 F3d 698, 703 (1st Cir. 1995).

*Wang Case Distinguished*

8. This matter is distinct from Wang because it is mainly premised on violations of the ADA and *not* merely § 1983 as was Dr. Wang's Complaint.[1] Therefore the ruling in Wang has very little applicability, if any at all, to the Counts currently under review in the Motion and Opposition at bar testing Counts III, IV, and V dealing with the ADA, Retaliation, and Equitable relief.

---

[1] Here are the bases for the Wang Complaint as gleaned from the cited Decision: "Meanwhile, on November 22, 1991, before the New Hampshire Board's license revocation order ever issued, Wang had commenced the present action against the Board, its members and counsel, in the United States District Court for the District of New Hampshire. The federal complaint under 42 U.S.C. § 1983 asserted claims for monetary relief and for temporary and permanent injunctive relief enjoining further disciplinary action by the Board; a judicial declaration that the Board's actions were fundamentally unfair and violative of Wang's right to due process of law; and an award of attorney fees against Board members and its counsel in their individual capacities." Wang, 55 F.3d at 700. Dr. Isaacs' Complaint is far different.

9. As to Count I which *is* brought under § 1983, no Argument has been presented and instead the Board asks this Court to dismiss the Count *sue sponte*. Each case must stand or fall on its own merits. The preference and public policy of the Courts is to adjudicate disputes on the merits. Courts "universally" prefer "trial on the merits." <u>Keegel v. Key West & Caribbean Trading Co.</u>, Inc., 627 F.2d 372, 375 (D.C.Cir.1980) (internal quotations and citations omitted).

10. Thus, it would be unfair and unjust to summarily dismiss the Plaintiff's claim under § 1983 at this early stage when no salient argument for dismissal has been presented and the standard of review at this stage requires a light most favorable to the Plaintiff. Therefore, Count I should stand.

*Rooker-Feldman Inapplicable*

11. Furthermore, the strictures of the so-called "*Rooker-Feldman*" doctrine are not applicable because the Plaintiff here is not seeking to overturn the Board's decision or to have this Court review the Board's Order. Instead, the plaintiff seeks monetary damages to make him whole for the Board's violations of the ADA, and/or an Order minimizing the detrimental effects of the publication of the erroneous, extraneous and defamatory language needlessly contained in the Order. [See FAC generally, and pars. 84, 92, & 100, Doc. 14-1.]

12. Moreover, the Plaintiff certainly did not have an opportunity to raise such claims *in* the Board of Medicine hearing and therefore they cannot be said to be "inextricably intertwined" and thus, not precluded by the doctrine.

13. Indeed "*Rooker-Feldman*" states that federal district courts do not have subject matter jurisdiction over claims seeking review of state court judgments, claims actually raised

before the State court, or claims "inextricably intertwined." <u>Rooker v. Fidelity Trust Co</u>., 263 U.S. 413, (1923); <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 482 n. 16 (1983). *However*, the claims in this case were not, and could not have been presented to the Board of Medicine. Nor could they be said to be intertwined with the matter before the Board, as the hearing was restricted to the Plaintiff's license to practice medicine only. That is to say, that unlike a State *Court* of general jurisdiction, the Board's only purview was Dr. Isaacs' medical license and thus he could not possibly have presented discrimination or retaliation claims at the Board hearing.

14. Consequently, since these federal statutory claims were not and could not be presented to the Board at its administrative hearing, and cannot be said to be inextricably intertwined, the "*Rooker-Feldman*" doctrine does not apply.

15. Finally, as to the assertion of "dressing up" claims to review a disappointing result, this situation is again distinct from such efforts. Again the Boards purview was to review Dr. Isaacs medical training license only. The Order resulted in revocation. That result, however disappointing, is not under review nor can it be because one must be enrolled in a medical residence program to obtain such a license. Thus, this Court couldn't even review that decision if it wanted too. However, what *is* under review are the actions of the Board and its members and counsel in violating the protections of Federal law.

16. Simply put, a finding in favor of Dr. Isaacs on his ADA and § 1983 claims will *not* reverse the Boards decision, and therefore, this case simply cannot be what the Defendants are claiming it to be- an appeal of that decision. It's not, and so the "*Rooker-Feldman*" doctrine does not apply. If we were to preclude these claims under the "*Rooker-Feldman*" doctrine, it would essentially confer absolute immunity on State

actors to thwart Federal law and deprive their citizens of the protections of the Constitution and all Federal laws.

**C. Plaintiff has stated a claim under Title II of the ADA and therefore Count III should not be dismissed.**

17. In an attempt to defeat the Plaintiff's claims, the Defendant has confused the issue of the requirements of distinct sections of the ADA. After first pointing out the correct standard applicable here and citing to the elements in <u>Toledo v. Sanchez, 454 F.3d 24, 31 (1st Cir. 2006)</u>, the Defendant then goes on to improperly state that the Plaintiff had to make an express and specific request for an accommodation. Of course, plaintiff *did* request an accommodation as alleged in the FAC, Pars. 77-82, but that is *not* a required element of the claim as noted by the Defense in their citation to <u>Toledo</u>.

    a. "To state a claim for a violation of Title II, a plaintiff must allege: (1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities or was otherwise discriminated against; and (3) that such exclusion, denial of benefits or discrimination was by reason of his disability. Parker v. Universidad de Puerto Rico, 225 F.3d 1, 4 (1st Cir.2000); 42 U.S.C. § 12132." <u>Id</u>. at 31-32.

18. Accordingly, even though Dr. Isaacs *did* request a reasonable accommodations and was denied, the failure to do so does not absolve liability for discrimination under the relevant provisions of Title II. For instance, it would plainly be illegal for the Board of medicine to hold their Board meetings on top of a mountain accessible by hiking only.[2]

---

[2] The ada.gov website also provides a good example in its overview of requirements of Title II: " State and local governments --May not refuse to allow a person with a disability to participate in a service, program, or activity simply because the person has a disability. For example, a city may not refuse to allow a person with epilepsy to use

19. Furthermore the plaintiff has met the requirements of Fed. R. Civ. P. 8 and set forth a plausible claim for recovery as he was/is disabled and was excluded from participation in the Board's hearing and otherwise discriminated against by the Board. His exclusion from participation by video conference or by rescheduling can only be the result of a discriminatory or retaliatory animus. FAC, Pars. 77-83. Those are the allegations which the Plaintiff intends to prove through the litigation process.

20. Finally, any question as to the nature and extent of the Plaintiff's disability should be handled by an *in camera* review and not simply summarily dismissed under 12(b)(6). Such a dismissal in and of itself would appear to be a violation of Title II by depriving a disabled individual the ability to participate in the civil resolution of and adjudication of disputes absent a public flogging on the nature and extent of their disability. Not all disabilities manifest themselves in an obvious physical way. Medical records can and will be provided to the Court if requested under seal.

**DC. Plaintiff has stated a claim for retaliation under the ADA and therefore Count IV should not be dismissed.**

*Exhaustion of Administrative Remedies Inapplicable:*

21. Although there seems to have been some confusion as to under which "Title" the Plaintiff was claiming, with regard to the Board of Medicine, as it is a "public entity" as defined by the Regulations, Plaintiffs claim fall under "Title II." See II-1.2000[3] ("...Any department, agency, special purpose district, or other instrumentality of a State or local government...").

22. Title II does not require exhaustion of administrative remedies.

---

parks and recreational facilities." Whether or not a person with epilepsy has made an accommodation request, the policy or practice remains a violation of Federal law. https://www.ada.gov/t2hlt95.htm
[3] Title II Technical Assistance Manual available at: https://www.ada.gov/taman2.html#II-1.2000

    a. "The legislative history of the ADA establishes that Congress did not intend to require exhaustion where none had been required before under section 504, and so title II did not include an exhaustion requirement. "Again, consistent with section 504, it is not the Committee's intent that persons with disabilities need to exhaust Federal administrative remedies before exercising their private right of action." H.R. Rep. 101-485 (II) (House Education and Labor Committee), 101st Cong., 2d Sess. at 98."[4]

    b. "Must the complainant file a complaint with a Federal agency prior to filing an action in court? No. The ADA does not require complainants to exhaust administrative remedies prior to instituting litigation." See II-9.2000.[5]

23. Therefore, Count IV cannot be dismissed for failure to exhaust administrative remedies as that is not a requirement under the law.

*Plaintiff has pled sufficient facts to state a retaliation claim.*

24. Defendant references the requirements for the elements of retaliation by citing to Freadman v. Metropolitan Property And Cas., 484 F. 3d 91 (1st Cir. 2007) dealing with Title I. It is argued that those elements are not applicable under Title II. Never-the-less, plaintiff has alleged sufficient factual averments to meet those elements and survive this Motion to Dismiss.

25. The Court must look to the FAC, and pars. 85-92 therein as well as the Plaintiffs pleadings on this matter consistent with the standard of review at this stage to accept the facts and inferences in the light most favorable to the Plaintiff.

26. "Individuals who exercise their rights under the ADA, or assist others in exercising their rights, are protected from retaliation. The prohibition against retaliation or coercion applies broadly to any individual or entity that seeks to prevent an individual from

---

[4] " UNITED STATES' AMICUS MEMORANDUM IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT" Martin v. South Carolina Dept. of Transp., USDC SC Case No. 3:97-0740-19BD. Available here: https://www.ada.gov/briefs/martinbr.pdf

[5] Title II Technical Assistance Manual available at: https://www.ada.gov/taman2.html#II-1.2000

exercising his or her rights or to retaliate against him or her for having exercised those rights. Any form of retaliation or coercion, including threats, intimidation, or interference, is prohibited if it interferes with the exercise of rights under the Act." See II-3.11000.[6]

27. As stated in the FAC, Dr. Isaacs had asserted his ADA rights both prior to the hearing, during his time at Dartmouth, and immediately following his residency, both with the Board and Dartmouth.

28. The protections against retaliation apply broadly and it simply cannot be said, at this nascent stage, that we know for a fact that neither Jeff Cahill nor any member of the Board was retaliating against Dr. Isaacs in:
    a. refusing to allow him a continuance;
    b. refusing to allow him telephonic appearance;
    c. digging up erroneous and irrelevant defamatory information;
    d. ignoring positive factual documentation and supporting material;
    e. issuing their unduly harsh opinion replete with extraneous and erroneous defamatory statements.

29. The plaintiff has shown that he "engaged in protected conduct" and was "subject to adverse action by the defendant" as well as alleged the causal connection there between the protected conduct and the defendant. In order to *prove* the connection the case will have to proceed on its merits and if not proven, then the claim shall fail. It is simply unreasonable to expect that the Board would explicitly write in their Order that they do not like Dr. Isaacs, or people with traumatic head injuries, or disabilities, so they are

---

[6] Title II Technical Assistance Manual available at: https://www.ada.gov/taman2.html#II-1.2000

going the extra mile, so to speak, to defame him in their opinion rather than let his license lapse for no longer being a resident.  So, they cloaked their true motives and took great pains to do so in the Order.  But to dismiss the claim now is to render a retaliation claim moot wherever the retaliator has the sophistication to state they are retaliating for non-discriminatory reasons.  Such a policy would render the statute a dead letter in short order as government agencies would quickly develop policies to insulate themselves from liability.

30. Finally, as to any reservations this Court has regarding the plaintiff's disabilities, it is reiterated that an *in camera* review should be employed prior to any dismissal premised on such mistaken grounds. FAC Par. 79 FN5.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court DENY the Motions to Dismiss and allow this cause to proceed on its merits.

Dated: July 27, 2017

Respectfully Submitted,
Jeffery Isaacs,
By and through his counsel

/s/ John F. Skinner, III
Atty. John F. Skinner, III
NH Bar No. 19886
587 Union Street
Manchester, NH 03104
(603) 622-8100
(888) 912-1497 fax
Jake@aaone.law

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Dated: July 27, 2017                                                                 /s/ John F. Skinner, III