UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| DR. JEFFREY ISAACS <br>        Plaintiff, <br><br> vs. <br><br> DARTMOUTH HITCHCOCK MEDICAL CENTER <br> TRUSTEES OF DARTMOUTH COLLEGE <br> & <br> NH BOARD OF MEDICINE, <br><br>        Defendants. | Case No. 1:17-CV-00040-LM |

**PLAINTIFF'S MEMORANDUM SHOWING CAUSE AS REQUESTED BY COURT ORDER (DOC. 34)**

NOW COMES THE PLAINTIFF, Dr. Jeffrey Isaacs by and through counsel, and hereby offers the following response to this Honorable Court's July 12, 2017 order requesting that the Plaintiff show cause as to why Counts IV and VIII should not be dismissed. In support thereof he states as follows:

1. Dr. Isaacs, as stated previously, may have erroneously mislabeled the sections of the complaint relating to this retaliation, but that does not change the fact that those sections are properly pled for Title II and Title III retaliation, neither of which require administrative exhaustion and therefore should remain to be heard on their merits.

**A. Count IV should not be dismissed because the Plaintiff is not required to exhaust administrative remedies under the statute.**

2. As discussed further by the Plaintiff in Doc. 37 there appears to be some confusion as to which "Title" the Plaintiff was claiming here.

3. The New Hampshire Board of Medicine is a "public entity" as defined by the regulations and therefore, Plaintiff's claims fall under "Title II." See II-I. 2000 ("...Any department, agency, special purpose district, or other instrumentality of a State or local government...")

4. Title II does not require an exhaustion of administrative remedies.

    a. "The legislative history of the ADA establishes that Congress did not intend to require exhaustion where none had been required before under section 504, and so title II did not include an exhaustion requirement. "Again, consistent with section 504, it is not the Committee's intent that persons with disabilities need to exhaust Federal administrative remedies before exercising their private right of action." H.R. Rep. 101-485 (II) (House Education and Labor Committee), 101st Cong., 2d Sess. at 98."[1]

    b. "Must the complainant file a complaint with a Federal agency prior to filing an action in court? No. The ADA does not require complainants to exhaust administrative remedies prior to instituting litigation." See II-9.2000.[2]

5. The Plaintiff, in his Objection to Defendant New Hampshire Board of Medicine's Motion to Dismiss clarifies that he has plead facts sufficient to bring a cause of action under Title II of the ADA.

6. Therefore, this cause of action should not be dismissed for failure to exhaust administrative remedies.

7. Additional support for this cause of action is presented by the Plaintiff in his Objection to the Defendant New Hampshire Board of Medicine's Motion to Dismiss the First Amended Complaint. Doc. 37 p. 6-11.

**B. The Plaintiff was not required to exhaust administrative remedies under the statute for his claims under Title II.**

8. Just as the Plaintiff indicated above the Plaintiff makes a claim under ADA Title II which does not require an exhaustion of administrative remedies.

9. This claim is contained within the section titled "Retaliation With or Through or At The New Hampshire Board of Medicine."

10. In that Claim the Plaintiff states as follows: "... the Board as a result of pressure from Dartmouth excluded Dr. Isaacs from participation in his February 5, 2014 hearing.

---

[1] " UNITED STATES' AMICUS MEMORANDUM IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT" Martin v. South Carolina Dept. of Transp., USDC SC Case No. 3:97-0740-19BD. Available here: https://www.ada.gov/briefs/martinbr.pdf

[2] Title II Technical Assistance Manual available at: https://www.ada.gov/taman2.html#II-1.2000

Effectively denying the plaintiff of the benefits of the services, programs and activities of the Board at the hearing, and throughout the investigatory process."

11. This claim is left unaffected as the Plaintiff's claim against the Board of Medicine above.

12. The Plaintiff relies on a portion of the ADA that expressly does not require exhaustion of administrative remedies.

13. The statute does not require the exhaustion of Administrative remedies and the Court should not create such a requirement here.

C. **Count VIII should not be dismissed as Plaintiff Pled Title III Retaliation Against An Educational Institution and it Does *Not* Require Administrative Exhaustion.** [3]

14. Although the section heading for this cause of action states "Title IV Retaliation" the Plaintiff states in Paragraph 129 "Remedies and procedures The remedies and procedures available under sections 12117, 12133 and 12188 of this title shall be available to aggrieved persons for violations of subsections (a) and (b). With respect to subchapter I, subchapter II and subchapter III respectfully."

15. As this section and the allegations in this complaint clearly indicate, the Plaintiff intended to bring a claim under Title III which prohibits discrimination and retaliation against disabled individuals in educational programs.

16. The Plaintiff has applied to the Defendant's residency program over the last several years and yet has not received due consideration.

17. This program is educational in nature, and the Defendant's failure to consider his applications is retaliation in violation of Title III of the ADA.

---

[3] Plaintiff acknowledges that the claim *header* was mislabeled "Title IV retaliation" when the count itself complains of Title III retaliation. The Roman Numeral "IV" having been introduced through "*Subchapter* IV," 42 USC §§12201 to 12213.

18. That title expressly incorporates 42 USCA §2000a-3(a) which does not require an exhaustion of administrative remedies and therefore these claims are properly before this court.

19. The Defendants throughout this action have labeled themselves as employers when it is convenient for them and this argument is no exception.

20. Dartmouth does not contest that they offer a Graduate Medical Educational program.

21. Dartmouth does not contest that the attending physicians are also Professors of Geisel Medical School.

22. There is a Dean of Geisel Medical School and the School is largely funded by State and Federal education grants.

23. They also do not contest the Department of Education's jurisdiction over their training programs.

24. It is only when it is convenient for the Dartmouth Defendants that they make the claim that residents are employees.

25. It is a dangerous precedent to allow residency programs to ignore federal educational laws and policies as is alleged in this case.

26. Among these allegations, Plaintiff maintains that Dartmouth has continued to retaliate against him by not properly considering his applications due to his reputation having been falsely tainted by erroneous and confidential information from USC. It should be noted that, Plaintiff alleged, twelve years ago, corruption at the USC Dean's Office. Two Deans resigned within months of Isaacs' allegations. The replacement Dean was recently caught in a major scandal.[4] And yet, Defendants continue to use sealed and/or confidential records containing denied and disputed information from

---

[4] https://www.washingtonpost.com/news/grade-point/wp/2017/07/26/a-report-of-drugs-a-prostitute-a-med-school-dean-and-a-widening-scandal-for-usc/?utm_term=.6c85ab42e4a9.

the corrupt USC administration in their retaliation efforts against the Plaintiff - and still won't say how they obtained these records. This case must be brought to justice.

27. Expecting that the Dartmouth Defendants will raise the argument that resident's wages are subject to taxation, this argument improperly extends jurisprudence on this issue, asking the Court to ignore the fact that Dartmouth's residency program behaves and is organized as a school.

28. Finally, the Plaintiff apologizes to the court for the error in titling of this count and, if necessary, would request leave to amend in order to clarify.

**D. Conclusion**

29. Neither ADA claims made under Counts IV and VIII of the FAC require administrative exhaustion and thus should not be dismissed. Although the Plaintiff's mislabeling of Count VIII was unfortunate, the numbered averments plead a cause of action under Title III and thus the heading is nullity which should not result in the dismissal of the Plaintiff's claims.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court DENY the Motions to Dismiss and allow this cause to proceed on its merits.

Dated: August 1, 2017

Respectfully Submitted,
Dr. Jeffery Isaacs,
By and through his counsel

/s/ Keith A. Mathews, Esq.
Atty. Keith A. Mathews
NH Bar No. 20997
587 Union Street
Manchester, NH 03104
(603) 622-8100
(888) 912-1497 fax
Keith@aaone.law

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Dated: August 1, 2017                                                                        /s/ Keith A. Mathews