UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Dr. Jeffrey Isaacs,<br>　　　　*Plaintiff,*<br><br>　　v.<br><br>Dartmouth Hitchcock Medical Center,<br>Trustees of Dartmouth College &<br>NH Board of Medicine<br>　　　　*Defendants.* | §<br>§<br>§<br>§<br>§  Case No. 1:17-CV-00040-LM<br>§<br>§<br>§<br>§ |

**DEFENDANT DARTMOUTH HITCHCOCK MEDICAL CENTER'S
REPLY/RESPONSE TO "PLAINTIFF'S MEMORANDUM
SHOWING CAUSE AS REQUESTED BY COURT ORDER (DOC. 34)"**

As noted by the Court, plaintiff asserts in his amended complaint (ECF Doc. 14-1) that Dartmouth Hitchcock Medical Center ("DHMC") "retaliated against him, in violation of the Americans with Disabilities Act …. for his having brought an ADA claim against it in his 2012 lawsuit."[1]  Order (ECF Doc. 34 at 21).  In response to the Court's order for plaintiff to show cause why his remaining ADA retaliation claim (Count VIII) should not be dismissed for failure to exhaust, plaintiff *does not* claim that he "actually exhausted [his administrative remedies], but merely failed to so allege" or that he "has a valid reason for his failure to exhaust that would entitle him to the benefit of equitable tolling" (*see* Order at 22-23).  Rather, plaintiff now maintains that he has brought a "Title III retaliation" claim against DHMC and that Title III does not require an exhaustion of administrative remedies.  ECF Doc. 39 at 3-4.  He further argues

---

[1] Plaintiff filed complaints against DHMC in this Court in February 2012 and October 2012, related to his 2011 medical residency and his termination from the residency program in early 2012.  Following consolidation of these actions, plaintiff filed an amended complaint against DHMC in February 2013.  Therein, plaintiff asserted that DHMC was "an employer under [the ADA]" and made reference to his "employment at DHMC" and DHMC's alleged failure to accommodate his disability in connection with that employment. *See* February 6, 2013 Amended Complaint, Case 1:12-cv-00040-JL (ECF Doc. 54).

Law Offices of
Sulloway & Hollis, P.L.L.C.
Concord, N.H. 03301

{C1628287.1 }

that Title III applies to DHMC because its medical residency makes it an educational institution, which is covered by Title III, rather than an employer, which would be covered by Title I.  *Id.*

Even assuming Title III does not require the exhaustion of administrative remedies,[2] despite his contrary assertion, plaintiff actually has alleged a retaliation claim under Title V predicated upon alleged acts that fall under Title I, which is subject to an exhaustion requirement.  His contention that his claim is under Title III does not make sense and is merely an attempt to get around his failure to exhaust his administrative remedies.

In this regard, Title V of the ADA provides:  "Retaliation.  No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this Act or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this Act."  42 U.S.C.§ 12203(a).  It continues:  "Remedies and procedures.  The remedies and procedures available under sections 107, 203, and 308 of this Act shall be available to aggrieved persons for violations of subsections (a) and (b), *with respect to title I, title II and title III*, respectively.  42 U.S.C. § 12203(c) (emphasis added).  As one court explained, "[t]hrough its clear language, the retaliation provision states that, in order for the remedies provided to be available, the claim must arise as a result of a violation of one of the three previous chapters, Title I, II or III."  *Collazo-Rosado v. Univ. of Puerto Rico*, 775 F.Supp.2d 376, 384 (D.P.R. 2011).  In other words, "[a] retaliation claim must be filed by a person who has opposed an act or practice prohibited by the ADA because of discrimination in employment, in access to public services, or in public

---

[2]This is not a settled issue.  *See Medina-Rodriguez v. Fernandez Bakery, Inc*., 2017 U.S. Dist. LEXIS 92274, *9-10 (D.P.R. June 14, 2017) ("[d]istrict courts are divided on whether the notice and administrative remedy requirement pursuant to 42 U.S.C. Section 2000a-3(c) is applicable to Title III ADA claims through Section 12188(a)(1)").  The First Circuit has not yet addressed the issue.  As such, the law is not as clear as plaintiff presents it.

-3-

accommodations. A retaliation claim under ADA must, therefore, have an underlying cause contained in one of the previous Titles." *Id*.

As noted, plaintiff argues that he has brought a retaliation claim under Title III. As the statute's language shows, however, a retaliation claim is brought under Title V and must be based upon a violation of another title. To the extent plaintiff argues that his retaliation claim is based upon a Title III claim, this argument fails. The act or practice that plaintiff opposed does not fall under Title III. Rather, his ADA claim, brought in 2012, was based upon Title I, that is, DHMC's position as his employer. *See Isaacs v. Dartmouth-Hitchcock Medical Center*, 2014 U.S. Dist. LEXIS 54183, **15-16 (April 18, 2014). Plaintiff never challenged DHMC's actions as a public accommodation under Title III (whether as an educational institution or a hospital) as he does now. Under Title I he was required to exhaust his administrative remedies, which he did not do. He cannot now retro-fit his Title I claim to Title III in order to circumvent his obligation to exhaust those remedies.

Further, a claim under Title III does not fit here because plaintiff never alleged that he was discriminated against "in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a). Rather, his claim was that DHMC – as his employer – failed to accommodate his disability. Even if DHMC is considered a public accommodation under Title III, plaintiff's complaints have nothing to do with DHMC's status as such.[3]

Moreover, as set forth in DHMC's motion to dismiss, there are many other reasons why plaintiff's ADA retaliation claim should be dismissed. In this regard, as noted, plaintiff alleges that he applied for a "federal [sic] residency at DHMC in 2013, 2014, 2015, and 2016."

---

[3] DHMC also disputes that *it* is an educational institution, as plaintiff contends.

Amended Complaint, ¶ 141.  Plaintiff alleges that the "Dartmouth Defendants refused to interview [him]" and that "Dartmouth actively rejected [his] applications on multiple occasions between 2013 and 2017."  Amended Complaint, ¶ 145.  Given his claimed qualifications and medical knowledge, plaintiff alleges that "the only plausible explanation for Dartmouth's failure to interview [him] is that they were retaliating against him for filing an ADA complaint against them."  *Id.* at ¶ 146.

First, these allegations do not satisfy the *Iqbal* and *Twombly* standard.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Among other defects, the amended complaint improperly lumps DHMC and the Trustees of Dartmouth College into a single "Dartmouth" entity and states only "labels and conclusions" and "a formulaic recitation of the elements of a cause of action" which *Twombly* held insufficient.  550 U.S. at 555.  Simply stated, baseless, conclusory allegations like DHMC "'poisoned the well" with or applied "pressure" to the Board without much more are insufficient.  The amended complaint's defects with respect to the alleged "continued retaliation" are particularly notable given this Court's prior determination that the residency program had plenty of non-retaliatory reasons for not accepting an application from plaintiff, including legitimate concerns about plaintiff's competence, performance, and his conduct in lying on his initial application.

Finally, even assuming that plaintiff *adequately plead* a Title V claim *predicated on* his having asserted rights under Title III (he has not), then such claim would be subject to a three year statute of limitations.  *See Durante v. County of Belknap*, 2004 U.S. Dist. LEXIS 14565, *3 (D.N.H. July 28, 2004); *Trovato v. City of Manchester*, 992 F. Supp. 493, 499 (D.N.H. 1997); *Doukas v. Metropolitan Life Ins. Co.*, 882 F. Supp. 1197, 2000 (D.N.H. 1995).  Here, plaintiff asserts that he was first retaliated against when the "Dartmouth Defendants" notified the New

Hampshire Board of Medicine of his dismissal from the residency program in 2012 and took other actions in connection with the Board's subsequent investigation of him beginning in 2012.[4] This occurred more than three years before plaintiff commenced this action. Second, plaintiff asserts that he was retaliated against in 2013 when "Dartmouth" rejected his re-application to the residency program. However, he did not file this action until February 6, 2017 – more than three years after any application rejection in 2013. Moreover, under the circumstances of the present case, plaintiff cannot resuscitate a retaliation claim by simply reapplying to the residency program again and again and again. *See Brown v. Unified Sch. Dist. 501*, 465 F.3d 1184, 1186 (10th Cir. 2006); *Webb v. Indiana Nat'l Bank*, 931 F.2d 434, 436 (7th Cir. 1991); *Burnam v. Amoco Container Co.*, 755 F.2d 893, 894 (11th Cir. 1985); *Brewer v. Alabama*, 111 F. Supp.2d 1197, 1207 (M.D. Ala. June 8, 2000); *Carlson v. Ameriprise Fin.*, 2009 U.S. Dist. LEXIS 132440 (D. Minn. May 21, 2009).

    For all of these reasons, plaintiff's remaining claim against DHMC (Count VIII) must be dismissed.

Respectfully submitted,

DARTMOUTH HITCHCOCK MEDICAL CENTER
By Its Attorneys,
SULLOWAY & HOLLIS, P.L.L.C.

DATED: August 14, 2017      By: /s/ William D. Pandolph, Esq.
William D. Pandolph, Esq. #5579
9 Capitol Street
Concord, NH 03302
(603) 224-2341
email: wpandolph@sulloway.com

---

[4] Of course, as the Court has already found, the "Board relied upon no exhibits other than Dr. Isaacs' two e-mails, his ERAS application, and the court order and settlement agreement that its investigator had obtained from the public record of Dr. Isaacs' case against USC." Order (ECF Doc. 34) at 6.

-6-

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent and paper copies will be sent to those indicated as non-registered participants on August 14, 2017.

DATED: August 14, 2017          By:  /s/ William D. Pandolph
                                              William D. Pandolph, Esq.

Law Offices of
Sulloway & Hollis, P.L.L.C.
Concord, N.H. 03301

{C1628287.1 }