UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| DR. JEFFREY ISAACS ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | Case No. 1:17-CV-00040-LM |
| DARTMOUTH HITCHCOCK MEDICAL CENTER ) | |
| TRUSTEES OF DARTMOUTH COLLEGE ) | |
| & ) | |
| NH BOARD OF MEDICINE, ) | |
| Defendants. ) | |

**PLAINTIFF'S SUR-REPLY/RESPONSE TO DOCUMENT 41
"DEFENDANT DARTMOUTH HITCHCOCK MEDICAL CENTER'S ASSENTED-TO
MOTION FOR LEAVE TO FILE REPLY/RESPONSE TO "PLAINTIFF'S MEMORANDUM
SHOWING CAUSE AS REQUESTED BY COURT ORDER (DOC. 34)"**

NOW COMES THE PLAINTIFF, by and through counsel, and hereby Responds to Document 41, "Defendant Dartmouth Hitchcock Medical Center's Assented-To Motion For Leave To File Reply/Response To "Plaintiff's Memorandum Showing Cause As Requested By Court Order (Doc. 34)" In support thereof he states as follows:

**The law is reasonably clear and settled that Title III claims do *not* require administrative exhaustion, (despite the unpublished recent decision out of Puerto Rico cited by the Defense).**

1. The Defendants cite to a recent case out of the District Court of Puerto Rico for the proposition that Title III might require exhaustion of administrative remedies. It should first be noted that the Court in the Defendants' own citation concluded that there was "no obligation to provide notice or exhaust administrative remedies prior to bringing a Title III ADA claim in federal district court." Medina-Rodriguez V. Fernandez Bakery, Inc., 2017 US Dist. LEXIS 92274; Civil No. 16-2578 (FAB). (D.PR. June 14, 2017). [1]

---

[1] The Court also stated that: "The weight of recent authority, however, allows the Court to conclude that Title III of the ADA imposes no requirement to provide notice to state or local authority or to exhaust administrative remedies prior to filing suit. See Iverson v. Comsage, Inc., 132 F. Supp. 2d 52, 56 (D. Mass. 2001); Tanner v. Wal-Mart Stores, Inc., No. 99-44-JD, 2000 WL 620425, at *5 (D.N.H. Feb. 8, 2000). The Ninth Circuit Court of Appeals is the only appeals court to address the issue and has affirmed this position, concluding that under a plain language interpretation, section 12188(a)(1) refers explicitly only to section 2000a-3(a), omitting the notice provision of section 2000a-3(c). See Botosan v. Paul McNally Realty, 216 F.3d 827, 832 (9th Cir. 2000)" Medina-Rodriguez V. Fernandez Bakery, Inc., 2017 US Dist. LEXIS 92274; Civil No. 16-2578 (FAB). (D.PR. June 14, 2017).

2. Plaintiff would also refer the Court back to his Objection in Document 37 where the Federal Government Agencies responsible for interpreting and promulgating regulations under the ADA have plainly stated that NO, no exhaustion is required. As this Court is aware, the United States Supreme Court defers to such guidance. <u>Bragdon v. Abbott</u>, 524 US 624, 646-647 (1998) ("As the agency directed by Congress to issue implementing regulations, see 42 U. S. C. § 12186(b), to render technical assistance explaining the responsibilities of covered individuals and institutions, § 12206(c), and to enforce Title III in court, § 12188(b), the Department's views are entitled to deference. See Chevron, 467 U. S., at 844.... We also draw guidance from the views of the agencies authorized to administer other sections of the ADA. See 42 U. S. C. § 12116 (authorizing EEOC to issue regulations implementing Title I...").

**In *this* case, the Plaintiff has consistently maintained that his claims fall under Title II and Title III, the failed claims of the past and misnomers/typos of the Count headings are of no moment in light of the pleading currently under review which states a plausible claim for relief.**

3. Dartmouth is a School. As a school they are covered by Title III of the ADA. 42 USC § 12181(7)(J). As noted in the show-cause memorandum, Dartmouth chooses when it suits them to either couch themselves as an employer or an educational institution and this situation is no different. Much like the Board's consistent efforts to deem the Plaintiffs Federal causes of action an "impermissible appeal" which it is not, Dartmouth cannot re-cast the Plaintiff's claims to suit their arguments for dismissal.

4. Jeffrey Isaacs is an individual who has complained of discrimination in violation of the ADA, and participated in public redress of grievances associated with the School's violation of the ADA, and Dartmouth has retaliated against him for his assertions of his rights under the law.

5. Thus, it is clear, as detailed in the FAC that the retaliation claim is properly brought under Title III of the ADA.

6. Furthermore, as detailed in the Complaint and FAC, the plaintiff has suffered coercion, threats, intimidation, and interference with respect to ADA rights, and this is also a form of illegal retaliation in violation of the law. 42 USC §12203(b).

7. Because DHMC and Dartmouth are both places of public accommodation and a school which has steadfastly interfered with the plaintiffs ADA rights, denied them, interfered with them, and retaliated against him and continues to this day to retaliate, these claims are properly brought under Title III. (Acknowledging that the code provisions outlawing retaliation and interference are found in what is known as "Title V") [Subchapter IV, 42 USC §12203].

8. The statute of limitations issue has been discussed and the Defendants arguments refuted at length in other pleadings which do not need to be rehashed here. The Complaint and FAC speaks for itself and recites myriad detailed averments that comport with Plaintiff's claims under Title II and Title III of the ADA and should be allowed to proceed to adjudication on the merits.

9. Finally, the Plaintiff points out that the Defendants pleading at Document 41 is laced with conclusory and downright taunting arguments. To earn dismissal at this point, the Defendant would be is under an obligation to show that Dartmouth is not an educational facility; it is not enough to just state it in a conclusory manner. Dartmouth's intended mistreatment of Isaacs is further shown by this abusive pleading. The statement that Isaacs is applying to the residency program "again and again and again" is particularly incendiary and representative of the continued cruelty of Dartmouth against Dr. Isaacs, leading to further injury.

WHEREFORE  The Plaintiff respectfully requests this Honorable Court ALLOW Count VIII and all of Plaintiffs remaining Counts to proceed.

Dated: August 29, 2017

Respectfully Submitted,
Jeffery Isaacs,
By and through his counsel

/s/ Keith A. Mathews
Keith A. Mathews, Esq.
NH Bar No. 20997
587 Union Street
Manchester, NH 03104
(603) 622-8100
(888) 912-1497 fax
Keith@aaone.law

**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Dated: August 29, 2017                                                         /s/ Keith A. Mathews