UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

*******************************************
Dr. Jeffrey Isaacs,                                  *
                                                             *
       Plaintiff,                                 *
                                                             *
v.                                                          *    Civil No. 1:17-CV-00040
                                                             *
Trustees of Dartmouth College,              *
NH Board of Medicine, and                   *
Dartmouth Hitchcock Medical Center.   *
                                                             *
       Defendants.                              *
                                                             *
*******************************************

**DEFENDANT NEW HAMPSHIRE BOARD OF MEDICINE'S RESPONSE TO "PLAINTIFF'S SHOW CAUSE MEMORANDUM AS REQUESTED BY DOC. 48"**

Defendant New Hampshire Board of Medicine (the "Board"), by and through its counsel, the Office of the Attorney General, hereby responds to "Plaintiff's Show Cause Memorandum as Requested by Doc. 48" (ECF No. 49), filed on November 14, 2017, and respectfully requests the dismissal with prejudice of Count I of Plaintiff's First Amended Complaint because Plaintiff has failed to show cause as to why Count I should not be dismissed as untimely.

**RELEVANT BACKGROUND**

1. In this Court's October 24, 2017 Order (the "Order") addressing the defendants' motions to dismiss, Count I of Plaintiff's First Amended Complaint ("FAC") was summarized as follows:

> In Count I, plaintiff uses the vehicle of 42 U.S.C. § 1983 to assert a claim that Attorney Cahill, Penny Taylor, and the individual members of the Board violated his rights to substantive and procedural due process under the U.S. Constitution. For that purported constitutional violation, he seeks 'monetary relief to be made whole, or the retraction,

> withdrawal, and elimination from the public domain of the Board's Order.'" FAC ¶ 66.

Order at 32 (ECF No. 48). In Count I, Plaintiff alleges that defendants denied him substantive and procedural due process in conducting Plaintiff's hearing before the Board. FAC ¶ 52.

2. In response to the Board's request for the Court to dismiss Count I, *sua sponte*, the Court stated in the Order:

> [Count I] appears to have accrued no later than March 11, 2014, the date on which the Board issued its Order, which identified Attorney Cahill as the Board's hearing counsel and which was signed by Penny Taylor. Plaintiff first asserted his § 1983 claim against Attorney Cahill, Taylor, and the individual members of the Board in his FAC, which was filed on May 1, 2017, approximately six weeks after the limitations period had run. Consequently, the claim plaintiff asserts in Count I appears to be time-barred.

Order at 35.

3. Accordingly, the Court ordered Plaintiff to show cause as to why Count I should not be dismissed as untimely. Order at 39-40 (ECF No. 48). In response, Plaintiff filed his "Show Cause Memorandum as Requested by Doc. 48" (the "Memorandum"). Construing the Memorandum in a light most favorable to Plaintiff, Plaintiff appears to make two separate arguments as to why Count I should not be dismissed as untimely. First, Plaintiff argues that the three-year statute of limitations should be tolled because he purportedly "did not receive notice of the Board's [March 11, 2014] ruling until after his time to appeal the ruling had lapsed," which Plaintiff claims was "well after March 11, 2014."[1] Memorandum ¶¶ 5, 7. Second, Plaintiff argues that the statute of limitations should be tolled based on his allegations that he

---

[1] While Plaintiff frames this argument as a tolling issue, it appears that he is actually arguing that his section 1983 claim did not accrue until he received actual notice of the Board's order on some unspecified date after March 11, 2014. *See, e.g.*, *Gorelik v. Costin*, 605 F.3d 118, 121-22 (1st Cir. 2010); *Kiernan v. Town of Hudson*, Case No. 13-cv-480-SM, 2014 U.S. Dist. LEXIS 107178, at *9 (D.N.H. June 27, 2014).

- 2 -

filed a "Motion to Withdraw Publication of License Revocation" with the Board in October 2014, which was voted on by the Board at its November 6, 2014 meeting; and he appealed this ruling to the United States Supreme Court, which denied certiorari on May 21, 2015. Memorandum ¶¶ 2-3, 5. For the reasons discussed below, Plaintiff's attempts to avoid the three-year statute of limitations are unavailing.

## ARGUMENT

A.  **Plaintiff's Notice Argument is Meritless**

4. As indicated above, Plaintiff first contends that he did not receive notice of the Board's Order until "well after March 11, 2014." Memorandum ¶ 7. While Plaintiff does not provide the date on which he purports to have actually received notice of the Board's order, his argument appears to be that the statute of limitations on Count I should not have begun to run until he had actual notice of the Board's March 11, 2014 order.

5. As an initial matter, Plaintiff's argument is inconsistent with First Circuit case law concerning the accrual date for section 1983 claims, which establishes that Plaintiff's claim accrued on March 11, 2014, the date the Board issued its order. *See Gorelik*, 605 F.3d at 122 ("'Section 1983 claims generally accrue when the plaintiff knows, or has reason to know of the injury on which the action is based, and a plaintiff is deemed to know or have reason to know at the time of the act itself and not at the point that the harmful consequences are felt.'"); *Kiernan*, 2014 U.S. Dist. LEXIS 107178, at *9-*10 (same); *see also* FAC ¶ 59 (Board issued its order on March 11, 2014).

6. In any event, and contrary to Plaintiff's contention that he did not learn of the Board's order until "well after March 11, 2014," Memorandum ¶ 7, Plaintiff's submissions to both the Board and (in a prior litigation) to the United States District Court for the Eastern

District of Pennsylvania conclusively establish that Plaintiff had actual notice of the Board's order by *no later than March 26, 2014*.

      a.     First, approximately two weeks after the Board issued its order, on March 26, 2014, Plaintiff submitted e-mail correspondence to the Board with the subject line, "Notice of Appeal," stating that he intended to appeal the Board's decision.[2] In the same e-mail, Plaintiff indicated that he intended to amend a complaint that he had previously filed against the Board in the U.S. District Court for the Eastern District of Pennsylvania (the "E.D. Pa. Action") to assert additional claims against individual Board members based on their publication of the March 11, 2014 order, which, according to Plaintiff, contained purportedly "false information . . . concerning [Plaintiff's dismissal from medical school at] USC."[3] Thus, Plaintiff's own correspondence confirms that he had notice of the Board's March 11, 2014 order by no later than March 26, 2014.

      b.     Second, on April 18, 2014, Plaintiff objected to a motion to dismiss that the Board had filed in the E.D. Pa. Action.[4] Attached to Plaintiff's objection was a copy of the

---

[2] Attached hereto as **Exhibit A** is a copy of Plaintiff's e-mail correspondence, dated March 26, 2014. The court may take judicial notice of this correspondence with the Board for purposes of resolving the statute of limitations issue. *See, e.g.*, *Rodi v. S. New Eng. Sch. of Law*, 389 F.3d 5, 19 (1st Cir. 2004) ("It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand."); *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986) ("[A] court may take judicial notice of 'records and reports of administrative bodies.'"); *City of Omaha Police & Fire Ret. Sys. v. Timberland Co.*, Case No. 11-cv-277-SM, 2013 DNH 44, at *2 (D.N.H. 2013) (court may consider publicly filed documents in determining sufficiency of complaint under Rule 12(b)(6)).

[3] In the E.D. Pa. Action, which Plaintiff commenced on or about September 30, 2013, Plaintiff originally asserted a single claim against the Board for injunctive relief arising out of the Board's "request in February 2014 for Isaacs to attend a hearing over whether it was an improper action on Isaacs' part not to disclose his California history in his residency application and Isaacs' resultant fear of an adverse ruling." *Isaacs v. Trs. of Dartmouth Coll.*, Case No. 13-cv-5708, 2014 U.S. Dist. LEXIS 118046, at *38-*39 (E.D. Pa. Aug. 25, 2014).

[4] Attached hereto as **Exhibit B** is a copy of the "Objection to MTD New Hampshire Board of Medicine," filed by Plaintiff in the E.D. Pa. Action on April 18, 2014. As explained above, this Court may take judicial notice of this document. *See* cases cited *supra* note 2.

Board's March 11, 2014 order. In the objection, Plaintiff stated that the Board had "proceeded in absentia with the [February 5, 2014] hearing and permanently revoked Plaintiff's medical license." Ex. B at 3. Plaintiff also asserted that "the Board's decision by five individuals in New Hampshire now effectively precludes Plaintiff from participating in any medical training program in the United States." Ex. B at 3. Thus, Plaintiff's April 18, 2014 filing in the E.D. Pa. Action is additional, conclusive evidence that Plaintiff had actual notice of the Board's order.

7. Based on the above, even assuming *arguendo* that Count I of the FAC did not accrue until the date on which Plaintiff had actual notice of the Board's March 11, 2014 order, the facts set forth above, which are taken from publicly-filed documents and cannot be disputed, establish that Count I is untimely because Plaintiff had actual notice of the Board's order ***at least*** two weeks before May 1, 2014. *See Gorelik*, 605 F.3d at 122. Because Plaintiff did not assert his section 1983 claim against Attorney Cahill, Taylor, and the individual members of the Board until May 1, 2017, Count I of the FAC is barred by the three-year statute of limitations.

**B.  Plaintiff is Not Entitled to Tolling Based on the October 2014 Motion He Filed With the Board**

8. Plaintiff next contends that the statute of limitations should be tolled based on allegations that he filed a "Motion to Withdraw Publication of License Revocation" with the Board in October 2014, which was voted on by the Board at its November 6, 2014 meeting; and that he appealed this ruling to the United States Supreme Court, which denied certiorari on May 21, 2015. Memorandum ¶¶ 2-3, 5. For the reasons explained below, Plaintiff's October 2014 motion and any subsequent appeal from the denial of that motion did not operate to toll the statute of limitations.

9. The New Hampshire Supreme Court has recognized that a *pending* administrative proceeding may operate to toll the limitations period if the administrative proceeding is a

prerequisite to pursuit of the civil action. *Dobe v. Comm'r*, 147 N.H. 458, 461-62 (2002). Here, however, Plaintiff admits that his time to appeal the Board's March 2014 order had lapsed, Memorandum ¶ 5, and, although he alleges that he filed a "Motion to Withdraw Publication of License Revocation" approximately seven months after the Board issued its March 2014 order, he does not allege the existence of any *pending* administrative proceeding that could have operated to toll the statute of limitations. For this reason alone, Plaintiff is not entitled to any tolling of the limitations period based on the rule set forth in *Dobe*.

10. Moreover, the Board disciplinary proceedings were not a prerequisite to Plaintiff's pursuit of this civil lawsuit. As explained above, Plaintiff's section 1983 claim accrued on March 11, 2014 and, even if the Board proceedings had remained pending after March 11, 2014, Plaintiff was "not required to await final agency action" in the Board disciplinary proceedings before filing his claim under section 1983 seeking damages for purported deprivations of his constitutional rights. *Dobe*, 147 N.H. at 462. For this additional reason, Plaintiff is not entitled to tolling under *Dobe*.

**C.     Plaintiff is Not Entitled to Equitable Tolling**

11. As a final matter, while Plaintiff previously argued that he should be entitled to the benefit of equitable tolling, *see* Order at 35 (citing Pl.'s Reply (doc. no. 24) 6), there is nothing in Plaintiff's Memorandum to suggest that he was prevented from exercising his rights in any extraordinary way, or that any defendant or potential defendant misled him about the cause of action. *See* Order at 36 (citing *Kierstead v. State Farm Fire & Cas. Co.*, 160 N.H. 681, 688 (2010)); *Kiernan*, 2014 U.S. Dist. LEXIS 107178, at *10-*11. Thus, Plaintiff is not entitled to equitable tolling.

## CONCLUSION

12. Based on the foregoing, the Board respectfully requests that this Court dismiss Count I of the FAC with prejudice.

          Respectfully submitted,

          NEW HAMPSHIRE BOARD OF MEDICINE

          By its attorney,

          GORDON J. MACDONALD
          Attorney General

Date: November 28, 2017      /s/ Seth M. Zoracki
          Seth M. Zoracki, Bar No. 267887
          Assistant Attorney General
          New Hampshire Office of the Attorney General
          Civil Bureau
          33 Capitol Street
          Concord, New Hampshire 03301-6397
          (603) 271-3650
          seth.zoracki@doj.nh.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served this 28th day of November 2017 via the Court's ECF system.

          /s/ Seth M. Zoracki