**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

*******************************************

Dr. Jeffrey Isaacs,                          *
                                             *
              Plaintiff,                     *
                                             *
      v.                                     *      Civil No. 1:17-CV-00040
                                             *
Trustees of Dartmouth College,               *
NH Board of Medicine, and                    *
Dartmouth Hitchcock Medical Center.          *
                                             *
              Defendants.                    *
                                             *

*******************************************

**DEFENDANT NEW HAMPSHIRE BOARD OF MEDICINE'S OBJECTION
TO PLAINTIFF'S MOTION REQUESTING LEAVE TO AMEND COMPLAINT**

Defendant New Hampshire Board of Medicine (the "Board"), by and through its counsel,

the Office of the Attorney General, hereby objects to Plaintiff's Motion Requesting Leave to

Amend Complaint (ECF No. 51), stating as follows:

**BACKGROUND**

1.      On November 14, 2017, Plaintiff filed a motion seeking leave to amend his

complaint in this case for a second time.  In the motion, Plaintiff asserts that he is requesting

"leave to amend his complaint for the purposes of clarifying count one and adding a count

alleging violations of Title IX by Dartmouth Defendants."  Pl.'s Mot. at 2.  While his motion

makes no mention of any new claims against the Board, the proposed Second Amended

Complaint ("SAC"), which Plaintiff attached to his motion, purports to assert two new claims

against the Board: one for fraud and another for civil conspiracy.  *See* SAC ¶¶ 91-103.  These

claims against the Board are predicated on the same facts as the claims that Plaintiff previously

asserted against the Board in his First Amended Complaint and that were dismissed with

prejudice on October 24, 2017.  Order at 39-40 (ECF No. 48).  For the reasons stated below,

Plaintiff's motion to amend should be denied in its entirety.

**ARGUMENT**

2.      When "a motion to amend is entered before formal entry of judgment, the district

court should evaluate the motion under the liberal standard of Fed. R. Civ. P. 15(a)."  *Torres-*

*Alamo v. Puerto Rico*, 502 F.3d 20, 25 (1st Cir. 2007).  "Under this standard, [a]mendments may

be permitted pre-judgment, even after a dismissal for failure to state a claim, and leave to amend

is freely given when justice so requires."  *Id.* (citations and quotation marks omitted).  This

standard, however, does not mean "that a district court lacks authority to deny a request to

amend."  *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006).  Indeed, justice does not

require that leave to amend be granted when the motion is characterized by "undue delay, bad

faith, futility and the absence of due diligence on the movant's part."  *Torres-Alamo*, 502 F.3d at

25 (citation omitted).

3.      Notably, leave to amend is not appropriate in circumstances where a plaintiff

delays for months before asserting new claims despite being "aware of the factual predicate on

which [his] new theory rested before [he] brought suit," resulting in a waste of the Court's and

the defendants' resources.  *Palmer*, 465 F.3d at 31; *see Fortner v. Pelton*, Case No. 06-cv-02148,

2008 U.S. Dist. LEXIS 118719, at *6 (D. Colo. Sept. 25, 2008) (leave to amend denied because

plaintiffs had "ample opportunity to submit a complete and competent complaint" and "repeated

attempts to amend their complaint [were] unjustified"); *Gurvey v. Cowan, Liebowitz & Latman,*

*P.C.*, Case No. 06-cv-1202, 2013 U.S. Dist. LEXIS 99268, at *34 (S.D.N.Y. July 15, 2013)

(motion to amend denied where "defendants have wasted time and money to responding to

plaintiff's repeated attempts to amend her pleadings only for plaintiff, with no forewarning, to attempt to further amend those pleadings").

4.      Here, Plaintiff filed his original complaint in February 2017.  He then filed a First Amended Complaint in May 2017 in an attempt to cure various deficiencies with his original complaint, as well as a motion for a preliminary injunction against the Board in June 2017.  Over the course of the approximately one year that this case has been pending, the Board has devoted significant time and resources to responding to Plaintiff's claims in this case.  Plaintiff's motion for a preliminary injunction was denied in September 2017, and all of his claims against the Board in the First Amended Complaint were dismissed with prejudice in October 2017.  The new claims that Plaintiff now purports to assert against the Board in a *pro se* capacity are predicated on the same exact facts—namely, various alleged evidentiary errors and alleged misapplication of facts by the Board in conducting the hearing—as his claims that have already been dismissed with prejudice.  Plaintiff has had ample opportunity to assert a complete and competent complaint in this case and he should not be permitted to repeatedly try new legal theories after the legal theories advanced in his first two complaints have failed.  Under these circumstances, justice does not require that Plaintiff be granted leave to amend his complaint for a second time and assert new claims against the Board, and the instant motion should be denied for these reasons alone.

5.      In addition, Plaintiff's motion to amend should be denied as futile for two independent reasons.  First, Plaintiff's proposed claims for fraud and civil conspiracy against the Board are barred by the Eleventh Amendment. *Banks v. Hall*, Case No. 11-cv-322-JL, 2011 U.S. Dist. LEXIS 123195, at *1-*2 (D.N.H. Oct. 24, 2011).  Second, Plaintiff alleges subject matter jurisdiction based on federal question jurisdiction, *see* SAC ¶ 5, but Plaintiff's claims against the

Board are fraud and civil conspiracy claims that arise under state law; therefore, this Court lacks subject matter jurisdiction over the proposed claims against the Board.[1]

6.      As a final matter, Count I of the SAC continues to allege a section 1983 claim against Attorney Jeff Cahill and the Board members individually.  SAC ¶¶ 46-68.  For the reasons stated in the Board's response to Plaintiff's Show Cause Memorandum as Requested by Doc. 48, which is being filed contemporaneously with this objection, Count I of the SAC is barred by the statute of limitations.

## CONCLUSION

7.      Based on the foregoing, the Board respectfully requests that this Court deny Plaintiff's motion to amend.

Respectfully submitted,

NEW HAMPSHIRE BOARD OF MEDICINE

By its attorney,

GORDON J. MACDONALD
Attorney General

Date:   November 28, 2017            /s/ Seth M. Zoracki
                                     Seth M. Zoracki, Bar No. 267887
                                     Assistant Attorney General
                                     New Hampshire Office of the Attorney General
                                     Civil Bureau
                                     33 Capitol Street
                                     Concord, New Hampshire 03301-6397
                                     (603) 271-3650
                                     seth.zoracki@doj.nh.gov

---

[1]  As Plaintiff seeks to bring his proposed claims against the Board, which is a state agency, subject matter jurisdiction also cannot be premised upon diversity of citizenship. *See Hoffman v. Connecticut*, 671 F. Supp. 2d 166, 169-70 (D. Me. 2009) (citing cases).

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served this 28th day of November 2017 via the Court's ECF system.

/s/ Seth M. Zoracki