UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Dr. Jeffrey Isaacs, § | |
|     *Plaintiff,* § | |
| § | |
| v. § | |
| § | Case No. 1:17-CV-00040-LM |
| Dartmouth Hitchcock Medical Center, § | |
| Trustees of Dartmouth College & § | |
| NH Board of Medicine § | |
|     *Defendants.* § | |

**DEFENDANT DARTMOUTH-HITCHCOCK MEDICAL CENTER'S
OBJECTION TO PLAINTIFF'S MOTION
REQUESTING LEAVE TO AMEND COMPLAINT
(WITH INCORPORATED MEMORANDUM OF LAW)**

Defendant Dartmouth-Hitchcock Medical Center ("DHMC"), by and through its counsel, Sulloway & Hollis, P.L.L.C., hereby objects to Plaintiff's Motion Requesting Leave to Amend Complaint. In support of its objection, DHMC states as follows:

1. Plaintiff's attempt to file his second amended complaint should be summarily denied because it was filed in contravention of the Court's prior order allowing him to amend his first amended complaint solely to "assert a properly exhausted ADA retaliation claim based upon the rejection of his 2016 application to DHMC for a residency." October 24, 2017 Order (ECF 48) at 8. Once again, plaintiff did not (and cannot) do so. Instead, he improperly continues to try and re-argue that his ADA retaliation claim "does not require administrative exhaustion." Plaintiff's Proposed Second Amended Complaint ("SAC") at ¶ 30.

2. In addition to trying to relitigate this already decided issue and revive his otherwise already dismissed ADA claims (the "law of the case"), plaintiff improperly seeks to revive his previously abandoned Title IX claim because "he was compelled by his counsel to set

that claim aside."[1]  Plaintiff's Motion, ¶ 3.  Plaintiff cites no case law suggesting that this a valid reason for leave to file a second amended complaint.

3. Moreover, for the reasons set forth in co-defendant's objection to plaintiff's Motion (ECF Docs. 54 and 54-1), and DHMC's prior pleadings (*e.g.*, ECF Doc. 22-1), plaintiff's Motion should also be denied on the grounds of futility.

4. Without repeating everything set forth in co-defendant's objection (incorporated herein), plaintiff's claims are barred by claim and issue preclusion because the factual and legal issues in this case, which plaintiff had a full and fair opportunity to litigate, were previously decided by this Court's 2014 summary judgment order.  Therein, this Court ruled as a matter of law that plaintiff was dismissed from the residency program due to his poor performance in the program as well as his omissions in his application, not because of any disability or other unlawful reason.  This is true even though plaintiff may also be challenging actions taken after that order as part of the Board of Medicine proceedings springing from his residency and termination or from the act of not granting his application to re-join the program.  *See Ramallo Bros. Printing Inc. v. El Dia, Inc*., 490 F.3d 86, 91-92 (1st Cir. 2007) ("[A] plaintiff cannot avoid the bar of collateral estoppel simply by suing a defendant for continuing the same conduct that was found to be lawful in a previous suit brought by the same plaintiff").

---

[1] In February 2017, plaintiff commenced this action.  As to DHMC, plaintiff's complaint asserted the following substantive claims:  (a) "Fifth Amendment Due Process Violations" (Count II); (b) "Violations of 42 U.S.C. § 1983" (Count III); (c) "Violations of 42 U.S.C. § 1985(3) (Count IV); (d) "Violations of Title IX of the Education Amendments of 1972" (Count V); and (e) "ADA and Title IX Retaliation" (Count VII).  *See* Plaintiff's Complaint (ECF Doc. 1).  Thereafter, plaintiff filed an amended complaint ("FAC"), asserting three substantive claims against DHMC:  (a) "Violations of 42 U.S.C. § 1983" (Count VI); (b) "Violations of 42 U.S.C. § 1985(3)" (Count VII); and (c) "Americans with Disabilities Act – Title IV Retaliation."  Among other claims dropped were plaintiff's claims under Title IX.  *See* Plaintiff's First Amended Complaint (ECF Doc. 14-1).

5.  In addition to other defects, any Title IX claim related to events occurring during plaintiff's medical residency that ended in March 2012 would be untimely.  In this regard, New Hampshire's three-year statute of limitations for personal injury actions (RSA 508:4) would apply to plaintiff's Title IX claim.  *See Doe v. Town of Bourne*, 2004 U.S. Dist. LEXIS 10021, *37 (D. Mass. May 28, 2004).  The fact that plaintiff may have sent Dartmouth College an email on April 20, 2014 concerning his allegations (SAC ¶ 86) does not change this result.

6.  Additionally, the allegations set forth in plaintiff's "Civil Conspiracy" claim (SAC Count IV) do not satisfy the *Iqbal* and *Twombly* standard.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "For a civil conspiracy to exist, there must be an underlying tort which the alleged conspirators agreed to commit." *University Sys. of New Hampshire v. U.S. Gypsum Co.*, 756 F. Supp. 640, 652 (D.N.H. 1991). Among other issues, as previously noted by the Court, plaintiff does not "allege what documents DHMC employed, or how DHMC employed them, deprived him of his livelihood, or publically embarrassed him."  July 12, 2017 Order at 12.  Like the FAC, the SAC also fails "to adequately allege joint action" (July 12, 2017 Order at 16) between the defendants with respect to the "sealed settlement agreement" or the alleged failure to investigate his "complaint regarding sexual abuse at the hands of a superior at Dartmouth" (which is also time-barred).

7.  Likewise, the allegations set forth in plaintiff's "Rehabilitation Act" claims (SAC Counts IV, VI and VII) do not satisfy the *Iqbal* and *Twombly* standard.  Moreover, plaintiff's claim that he was retaliated or discriminated against beginning in 2013 when his re-application to the residency program was denied is time-barred because New Hampshire's three-year statute of limitations for personal injury actions (RSA 508:4) would apply to his Rehabilitation Act claims. *See Vargas Alicea v. Consortium of Mayaguez*, 360 F.Supp.2d 367 (D.P.R. 2006) (applying

statute of limitations for personal injury claims to Rehabilitation Act claims).  Plaintiff did not file this action until February 6, 2017 – more than three years after any application rejection in 2013.   Moreover, under the circumstances of the present case, plaintiff cannot resuscitate a retaliation claim by simply reapplying to the residency program.  *See Brown v. Unified Sch. Dist. 501*, 465 F.3d 1184, 1186 (10th Cir. 2006); *Webb v. Indiana Nat'l Bank*, 931 F.2d 434, 436 (7th Cir. 1991); *Burnam v. Amoco Container Co*., 755 F.2d 893, 894 (11th Cir. 1985); *Brewer v. Alabama*, 111 F. Supp.2d 1197, 1207 (M.D. Ala. June 8, 2000); *Carlson v. Ameriprise Fin*., 2009 U.S. Dist. LEXIS 132440 (D. Minn. May 21, 2009).

    WHEREFORE, defendant respectfully requests that the Court:

A.     Deny Plaintiff's Motion Requesting Leave to Amend Complaint; and

B.     Grant such other and further relief as may be just.

    Respectfully submitted,

    DARTMOUTH-HITCHCOCK MEDICAL CENTER

    By Its Attorneys,
    SULLOWAY & HOLLIS, P.L.L.C.

DATED:  November 30, 2017     By: /s/ William D. Pandolph, Esq.
    William D. Pandolph, Esq. #5579
    9 Capitol Street
    Concord, NH 03301
    (603)224-2341
    email:  wpandolph@sulloway.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 30, 2017.

DATED: November 30, 2017      By:    /s/ William D. Pandolph, Esq.
                                                            William D. Pandolph, Esq.