DECLARATION OF DR JEFFREY D. ISAACS

I, Jeffrey Isaacs, hereby state as follows:

1) My correspondence with the New Hampshire Board, regarding omission of the sealed USC matter, began on June 13, 2012.
2) The correspondence started with a certified letter, sent to one Anthony Salvo's residence in Pennsylvania.
3) All further correspondence from the New Hampshire Board, approximately three letters, was sent via USPS Certified Mail.
4) From the first letter, as quoted in the email thread "Exhibit A," I believed and Mr. Salvo believed this persecution was "corruption" and "despicable."
5) Yesterday, Penny Taylor declared that she sent me a final decision letter on March 11, 2014.
6) I never received, nor did Mr. Salvo receive, any such letter from Taylor.
7) Strangely, Ms Taylor claims that she decided to send the letter regular First Class mail, unlike other letters, which she had always sent certified.
8) I believe the Declaration of Penny Taylor was filed yesterday , with intent to mislead this Court and obstruct justice. It appears to be knowingly false, as it is hard to believe the letter was a) sent non-certified, b) lost by the USPS, and c) that the Board never asserted until yesterday the purported mailing.
9) In fact, by the time First Class mail would have arrived, I never knew about the hearing decision. I found it online, and surprised, emailed the Salvo residence of the news. (Exhibit B)
10) I awaited a formal letter, complying with NH RSA, for some time, but it never arrived, to this date.
11) I believed the letter may have contained instructions for appeal, or other information or facts not available on the public web. Hence, I was confused and delayed, and filed a tardy appeal to the NH Supreme Court, as a result of never receiving formal notification.
12) I actually motioned the Board in October 2014 to send me formal notification, which they actively refused to do.
13) I believe there is a pattern of fraud by the Board, in concert with Dartmouth, to continue to harm me.
14) This pattern began with persecution over a sealed disciplinary matter, which they unsealed, and falsely told the public the matter had never been sealed.
15) The pattern continued with failure to investigate a sexual assault ordered by Dr Simon Khagi.
16) The Board continued to disregard NH RSA, including, failure to notify me, failure to reasonably accommodate a snow storm's impact on travel, and failure to accommodate medical conditions warranting an appearance by videoconference.
17) The Board and Dartmouth appear to have a pattern of obstructing justice to harm me, including their evidence destruction, failure to investigate, baseless punitive decisions, and recent pleadings this month offering false and fraudulent assertions meant to evade justice.

18) Because Dartmouth won an unopposed summary judgment in 2014, after deleting email evidence, they seem to continue now with similar behavior, apparently believing they are immune from prosecution. They have made outrageous recent claims to the Court, such as denying a sexual assault took place, when they in fact never even investigated it; or denying they have any control over their own residency programs. Today, they apparently waived their opportunity to defend either of those allegations of false filings and/or perjury.
19) It is well known I filed complaints in several venues alleging IIED and bullying by Dartmouth and New Hampshire authorities, with the motive to "teach me a lesson" not to engage in civil lawsuits and to prevent me from ever practicing medicine, all in retaliation for my 2005 lawsuit against USC. Dartmouth, to this day, never declared how they learned about my sealed USC records, and as I have always alleged, there was some nexus between them.
20) The pattern I have observed has been stubborn refusal to acknowledge any of my claims, or the related processes that should have invoked. For example, when I asked Jim Yong Kim for email evidence to be preserved per FRCP, several days later, it was deleted.
21) Likewise, when I asked Dartmouth and the NH Board to investigate the assault by Khagi, no complaint was ever acknowledged.
22) Similarly, when I emailed Jeff Cahill the USC record sealing proof, he withheld it from the NH Board members.
23) It is a clear pattern of what I consider bullying, against an individual who was well qualified to practice medicine, and in fact, had higher Board scores than any of the individuals who took action against me. In short, it was despicable bullying that continues to this day.
24) I have instructed my attorneys to refer all the aforementioned allegations to the US Attorney for investigation.
25) The recent actions, in particular fraudulent statements meant to further obstruct my decade long legal nightmare to practice medicine, have caused me further harm, and I reserve the right to initiate new complaints and charges, accordingly.
26) I believe the case should be moved to another venue, as it is becoming clear that Dartmouth and the NH Government, together, will make it all but impossible to obtain a fair trial here.

I declare under penalty of perjury that the foregoing is true and correct to the vest of my knowledge and belief. Executed on December 15, 2017 in St Martin, France.


/s/ Dr Jeffrey D. Isaacs
Dr Jeffrey D. Isaacs