UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Dr. Jeffrey Isaacs

                                                                               Civil No. 17-cv-040-LM

v.

Trustees of Dartmouth College,
NH Board of Medicine, and Dartmouth-
Hitchcock Medical Center


**MOTION REQUESTING RELIEF FROM JUDGMENT ORDER ON MOTION TO AMEND. DOCUMENT NO. 70**

NOW COMES, Dr. Jeffrey Isaacs, who hereby requests this Honorable Court revise its decision to include verifiable federal government documents issued by Department of Education, on his motion to amend Doc. 70 entered February 5, 2018. In support thereof he states as follows:

1. Rule 60 of the Federal Rules of Civil Procedure allows for Relief from Judgment in a select number of circumstances including "mistake, inadvertence, surprise or excusable neglect." This situation is a rare one where relief from judgment is merited and in the interest of Justice.

2. This motion requests relief from the judgment that would disallow the Plaintiff from raising a Rehabilitation Act retaliation claim (Count VI of his second amended complaint).

3. The Plaintiff appreciates this court's diligence in reviewing the record for evidence of a previously brought Rehabilitation Act Claim, and presents the attached evidence that such a claim indeed was filed; therefore the Count as pleaded does entitle the Plaintiff to relief. (See Exhibit A).

4. As the Court highlights in this order the standard at this stage in litigation is that the pleadings should be read "viewing all the factual allegations in the complaint as true . . .

[and] drawing all reasonable inferences in the plaintiff's] favor. " Vargas-Colon v. Fundacion Damas Inc. 864 F.3d 14, 23 (1st Cir. 2017) (Citations omitted)

5. Additionally, the attached document, shall the Court permit its incorporation to the record, shows unequivocally that Dr. Isaacs has met his burden under the third element as well. Given that the original claim was brought against them, there is no plausible way that the Defendants were unaware of it.

6. As already asserted, Dartmouth has mislead the Court by arguing 1) they are not an educational institution with regards to Graduate Medical Education, 2) had no control over Plaintiff's residency, and 3) specifically, that Rehabilitation Act claims were never asserted by the Plaintiff. The Court took this into consideration and performed due diligence; however, the aforementioned document was not apparently reasonably accessible to the Court[1]. Given its verifiable existence, Plaintiff's Rehabilitation Act retaliation claims must proceed. Furthermore, the

7. The Rehabilitation Act is one of the primary means in which the Department of Education exercised jurisdiction over federally funded educational institutes such as Dartmouth. It is seemingly implausible to believe that Dartmouth was unaware of Plaintiff's complaint filed with the Department, and moreover, their means of jurisdiction.

8. The Defendant's arguments against Plaintiff's pleading is proven disingenuous because, based upon information and belief, they are and have been fully aware of the previously filed Rehabilitation Act claim brought by Dr. Isaacs.

---

[1] The Court seemingly relied upon its early 2012 knowledge of a HIPAA based complaint filed with OCR in Boston. That complaint concerning a relatively narrow medical records issue ; subsequent OCR complaints filed between 2014-2018 address Plaintiff's injuries from the discrimination and retaliation executed by Defendants.

9. By denying the Plaintiff's motion to amend, the Court is effectively dismissing the Plaintiff's Rehabilitation Act Claim. Dismissal of that claim is inappropriate as the record clearly shows that the elements of this claim have been properly met by the Plaintiff.

10. In the alternative, Dr. Isaacs requests leave to remedy the issues with his complaint to add the facts that appear on the face of the attached to the document. That he made a Rehabilitation Act claim and that the Defendants were made aware of that claim when it was served upon them.

11. Relief from judgment is a rare remedy, but in this case it is an appropriate one where the facts show that the Plaintiff has met his burden under this statute.

12. While Plaintiff never filed a Motion pursuant to Rule 11 against Dartmouth, he maintains Dartmouth has filed false and/or fraudulent pleadings with this Court, including denying their status as an educational institute (with regards to medical residency) and denying the existence of known Rehabilitation Act claims.

13. Indeed, had Dartmouth and its attorneys been honest and forthcoming about their knowledge of prior Rehabilitation Act claims, and the jurisdiction of Educational law with regards to federally funded Graduate Medical Education("residency"), this motion, and at least two others, would have been partially or wholly unnecessary.

WHEREFORE, The Plaintiff requests that this Honorable Court enter relief from Judgment and allow him to move forward with a Count for Rehabilitation Act Retaliation.

| | |
|---|---|
| Dated: March 7, 2018 | Respectfully Submitted,<br>Jeffery Isaacs,<br>By and through his counsel |
| | /s/ Keith A. Mathews<br>Keith A. Mathews, Esq.<br>NH Bar No. 20997<br>587 Union Street<br>Manchester, NH 03104<br>(603) 622-8100<br>(888) 912-1497 fax<br>Keith@aaone.law |

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Dated: March 7, 2018                                              /s/ Keith A. Mathews